IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.) <br> 9200 Northpark Drive <br> Suite 300 <br> Johnston, Iowa 50131, <br><br> ALLIANCE INSURANCE COMPANIES <br> 1122 North Main <br> McPherson, Kansas 67460, <br><br> AMERICAN AGRICULTURAL INSURANCE COMPANY <br> 1501 E. Woodfield Road <br> Suite 300W <br> Schaumburg, Illinois 60173, <br><br> AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION <br> c/o Director <br> Nebraska Department of Insurance <br> 941 O Street, Suite 400 <br> Lincoln, Nebraska 68508, <br><br> COUNTRY MUTUAL INSURANCE COMPANY <br> 1701 Towanda Avenue <br> Bloomington, Illinois 61702, <br><br> FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA <br> 5400 University Avenue <br> West Des Moines, Iowa 50266, <br><br> FARMERS ALLIANCE MUTUAL INSURANCE COMPANY | Civil Action No. <br> 1:06CV01430 (RMU) |

1

| | |
|---|---|
| 1122 North Main | ) |
| McPherson, Kansas 67460, | ) |
| | |
| **FARMERS MUTUAL HAIL INSURANCE** | ) |
| **COMPANY OF IOWA** | ) |
| 6785 Westown Parkway | ) |
| West Des Moines, Iowa 50266 | ) |
| | ) |
| **GREAT AMERICAN INSURANCE COMPANY** | ) |
| 49 East 4th Street | ) |
| Cincinnati, Ohio 45201, | ) |
| | ) |
| **HARTFORD FIRE INSURANCE COMPANY,** | ) |
| 690 Asylum Avenue | ) |
| Hartford, Connecticut 06115, | ) |
| | ) |
| **NAU COUNTRY INSURANCE COMPANY** | ) |
| 7333 Sunwood Drive | ) |
| Ramsey, Minnesota 55303, | ) |
| | ) |
| **PRODUCERS LLOYDS INSURANCE COMPANY** | ) |
| 2025 S. Hughes Street | ) |
| Amarillo, Texas 79105, | ) |
| | ) |
| **RURAL COMMUNITY INSURANCE COMPANY** | ) |
| 3501 Thurston Avenue | ) |
| Anoka, Minnesota 55303, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | )  Civil Action No. |
| | )  1:06CV01430 (RMU) |
| **FEDERAL CROP INSURANCE CORPORATION,** | ) |
| **A CORPORATION WITHIN THE UNITED** | ) |
| **STATES DEPARTMENT OF AGRICULTURE,** | ) |
| c/o U.S. Department of Agriculture | ) |
| Office of the General Counsel | ) |
| South Building, Room 2449 | ) |
| 14th & Independence Avenue, S.W. | ) |
| Washington, D.C. 20250, | ) |
| | ) |
| Respondent. | ) |
| | ) |

RESPONDENT'S MOTION FOR AN ENLARGEMENT
OF TIME WITHIN WHICH TO FILE DISPOSITIVE MOTIONS

Introduction

Respondent respectfully requests that this Court grant it an enlargement of time of thirty-six days, to and including January 25, 2007, within which to file its dispositive motions, and to extend the briefing schedule for opposition and reply briefs, accordingly.  By minute order dated October 19, 2006, this Court entered its scheduling order, based upon the parties' earlier consented proposed schedule, with the following briefing schedule: December 20, 2006, dispositive motions due;  January 31, 2007, oppositions to dispositive motions due; February 28, 2007, reply briefs due.  This is respondent's first request for an enlargement of time for this purpose.  Counsel for petitioner insurance companies, and respondent Federal Crop Insurance Corporation (FCIC), have consulted pursuant to LcvR 7(m) about the proposed schedule.  Counsel for petitioners do not consent to this revised briefing schedule.

Respondent proposes the following briefing schedule:

| | |
|---|---|
| January 25, 2007 | dispositive motions due |
| March 8, 2007 | oppositions to dispositive motions due |
| April 5, 2007 | reply briefs due |

Nature of the Case And Issues Presented

Petitioners challenge decisions of the United States Department of Agriculture Board of Contract Appeals (AgBCA, or, board).  Docket Nos. 2004-173-F through 2004-184-F.  Ace Property et al, 2006 WL 1776561 (June 28, 2006)(decision on motion for reconsideration); Ace Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F

(December 21, 2005) (see www.usda/gov/bca).  There have been four earlier related cases, involving the same petitioner insurance companies,[1] and the same respondents.  Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al, 60 Fed. Cl. 175 (2004), aff'd, 138 Fed. Appx. 308 (Fed. Cir. 2005).  Ace Property & Casualty Insurance Co. v. Federal Crop Ins. Corp., 357 F.Supp.2d 1140 (S.D. Iowa 2005), aff'd Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,, 440 F.3d 992, aff'd on other grounds (8th Cir. 2006).  Petitioners' complaint in this Court contains eleven counts, and raises complex issues, including issues involving jurisdiction, and other issues of procedure, as well as merits issues on claims of contract breach.

Respondent believes that, among other things, this Court's review of this case will be conducted as a review of the administrative record, Local Rule 16.3(b)(1), and agrees with petitioners that the case involves principally legal issues.   We understand that petitioners disagree that the matter should be conducted as a review of the administrative record, believe that some of the counts may be "original" in nature in the district, but that the case involves principally legal issues, the majority of which the Court will likely be able to resolve on dispositive motions.

The case involves numerous complex legal issues, some of which are of first impression of nationwide importance involving significant matters relating to the authority of the FCIC to administer the Federal crop insurance program and develop disputes procedures for disputes relating to this crop insurance program.  The case before the Court involves a review of two

---

[1]  In their recently-filed amended and substitute complaint, petitioners named one additional insurance company.

4

AgBCA decisions. The first decision (December 21, 2005), was lengthy (39 pages, single-spaced), covering many issues, and was issued by two members of the three-member board as the majority decision; the panel majority dismissed most of the claims, but appeared to leave two issues for possible further development (legal and/or factual) before the board. One board judge "dissented," although he would have ruled completely in favor of the Government and dismissed all of the claims. The AgBCA issued a decision on June 6, 2006, denying the insurance companies' motion for reconsideration.

Respondent intends to file one omnibus dispositive motion, with several motions contained within it. Respondent intends to file the following motions (reserving its right to file other motions, if appropriate): (1) motion for summary judgment on most of the Counts; (2) motion for partial dismissal on Counts X and XI (contract claims, breach and unjust enrichment); (3) motion for partial dismissal of petitioners' constitutional claims; and, (4) motion for partial dismissal of the claims of Farmers Mutual Hail Insurance Company of Iowa (Farmers Mutual) for failure to exhaust administrative remedies.

There are numerous issues, including:

1. Whether the decisions of the AgBCA meet the "finality" requirement,[2] such that this Court possesses jurisdiction, pursuant to 7 U.S.C. §1506(d) and §1508(j), to entertain petitioners' appeal of the decisions of the AgBCA.[3]

---

[2] References to petitioners' "Complaint" are to the Amended and Substituted Complaint that petitioners filed in this Court on October 2, 2006. References later to the Complaint that the insurance companies filed with the AgBCA will be referenced as Compl.-AgBCA.

[3] The AgBCA concluded that it possessed jurisdiction to entertain all but one of the counts in the Complaint that the insurance companies filed with the board.

2.     Whether this Court reviews the decisions of the AgBCA under the Administrative Procedure Act (APA) standard of review, and, if so, whether the decisions of the AgBCA were arbitrary, capricious, or contrary to law; alternatively, whether this Court possesses original, <u>de novo,</u> jurisdiction to entertain some or all of petitioners' claims.

3.     Whether the AgBCA possessed jurisdiction to entertain petitioners' contractual claims of breach and unjust enrichment, because: (a) petitioners' claims are contractual and governed by the disputes provisions in the contracts at issue (Standard Reinsurance Agreements (SRA)); and, (b) petitioners' claims are directed at the implementation by the Federal Crop Insurance Corporation (FCIC) of two statutes, which FCIC effected by issuing amendments numbers 1 and 3 to the contracts .

4.     Whether the interpretation by the AgBCA panel majority of the SRA-contractual provision governing disputes, Section V. L, that incorporated the terms of the regulation, 7 C.F.R. §400.169, was correct, in whole or in part:

    a.     whether the 1998 SRA was an annual contract, renewable each year, with possible amendments to its terms each year, including amendments to the disputes provision, such that the "mandatory" version of 7 C.F.R. §400.169 (2000) applied to bar petitioners' claims for crop years 2000 and 2001;

        i     whether the dissenting board judge was correct that petitioners' claims for the 1998 and 1999 crop years were also time-barred because of Section V. L of the contract, that incorporated the terms of the regulation, 7 C.F.R. §400.169;

    b.     whether the terms of the 1995 regulation (applicable to the 1998 and 1999 claims) were mandatory, and provided for a 45-day limit within which the insurance companies were

required, if they chose to submit a claim, to submit a claim in writing to the Deputy Administrator of the Risk Management Agency (RMA), otherwise their claims would be time-barred;

      c.      whether the 2000 regulation, that revised 7 C.F.R. §400.169, provided for a mandatory 45-day time limit, so that the insurance companies, if they chose to submit a claim, must submit their claims in writing to the Deputy Administrator within 45 days of the disputed action;

      i.      whether the 45-day limit in 7 C.F.R. §400.169 was triggered by the companies' receipt of Amendments 1 and 3 to the SRAs, respectively, and/or by the date that the FCIC promulgated the revised regulation (January 25, 2000);

      ii.      whether the 45-day limit in 7 C.F.R. §400.169 controls, and is not overridden by the six-year statute of limitations in section V.H of the SRA or by the six-year limitations period in 28 U.S.C. §2401.

5.      Whether FCIC possessed the authority to promulgate the 1995 regulation and 2000 revision to the regulation, 7 CFR §400.169.

6.      Whether the Secretary of the United States Department of Agriculture (USDA) possessed the authority to expand the jurisdiction of the AgBCA to entertain contractual disputes relating to the SRA, 7 C.F.R. Part 24, and 7 C.F.R. §400.169.

7.      Whether the AgBCA possessed jurisdiction to entertain petitioners' contractual claims of breach and unjust enrichment because the AgBCA possesses the authority to award money damages if the AgBCA concludes that FCIC breached the contracts.

8.      Whether this Court lacks jurisdiction to entertain petitioners' contract claims of breach

and unjust enrichment because petitioners failed to exhaust their administrative remedies with respect to the merits of these claims, because they did not brief these issues to the board, and the board did not issue a final decision on these issues.[4]

9.    Whether the Court should dismiss as moot petitioners' due process and Article III constitutional claims - that FCIC and the AgBCA deprived petitioners of their right to pursue some of their claims in Federal court - given that petitioners' claims may be decided upon a contractual, non-constitutional basis, and thus, this Court need not reach the constitutional issues.

10.    Whether this Court should dismiss the complaint filed by petitioner Farmers Mutual (petitioner named in Petitioners' Amended and Substituted Complaint, October 2, 2006), because this petitioner was not named in the companies' appeal to the AgBCA.

Given the number and complexity of the issues, allowing this additional time for complete briefing should assist the Court in adjudicating the case.

Counsel for the Government, and counsel for FCIC, have been working diligently on this case. Counsel of record has a very rough partial draft of the brief completed. However, given the number of issues, the nature and extent of the AgBCA's decisions (including panel and dissenting opinions), and the complexity of the legal issues, Government attorneys require additional time to complete their legal research and the brief, secure review within their

---

[4] After consultation with an Assistant United States Attorney in this district, counsel believes that the Court would prefer the parties to address all issues in their initial dispositive motions, even if they are alternative ones that the Court might not be required to reach (if the Court agrees with us on the jurisdictional and/or exhaustion issues). However, when counsel asked counsel for petitioners for their position, they were non-committal about whether they would brief the alternative merits issues, indicating only that at some future, unspecified time, they would inform the Government if they intended to brief the merits issues. Thus, to avoid multiple rounds of briefing, counsel for the Government intends to brief all issues, even alternative ones.

respective agencies, and make any necessary changes.

<u>Counsel's Other Responsibilities</u>

Counsel of record has had, and will continue to have, other major case responsibilities with deadlines during this time. On October 16, 2006, counsel filed the Government's reply brief and opposition to cross-appeal in <u>Carabetta Enterprises, Inc. v. United States</u>, No. 06-5037, -5043 (Fed. Cir.). On November 21, 2006, counsel filed the seven volumes of the Joint Appendix in that appeal.

Counsel has also been working during the fall of 2006 on respondent's brief in <u>Preminger v. Secretary of Veterans Affairs</u>, No. 2007-7008 (Fed. Cir.), a petition for review (38 U.S.C. §502) of the decision of the Secretary of the Department of Veterans Affairs (VA) relating to the facial validity of a VA regulation (38 C.F.R. §1.218(a)(14)) prohibiting partisan activities on VA property. See <u>Preminger v. Principi</u>, No. CV-04-2012-JF (N.D. Cal); <u>Preminger v. Principi</u>, 422 F.3d 815 (9th Cir. 2005) (rejecting petitioner's as-applied challenge to the regulation). Respondent's brief presently is due to the Federal Circuit on December 26, 2006, although counsel has filed a motion for more time, to February 8, 2007, within which respondent would file its brief (a motion which will be opposed). Further, counsel anticipates that she will be required to respond, in the near future, to petitioner's motion for a stay of VA enforcement of the regulation, and other interim relief.

Moreover, on December 11, 2006, counsel was assigned to handle <u>Red Lake Band of Chippewa Indians v. United States, Kempthorne</u>, No. 1:06CV01826 (D.C. D.C.), a case filed in this Court pursuant to 25 U.S.C. §450m-1(d) (which appears to make the Contract Disputes Act, 41 U.S.C. §§601 <u>et</u> <u>seq</u>., applicable to tribal self-determination contracts). The Complaint was

filed on October 24, 2006, and counsel is required to consult immediately with the Assistant United States Attorney handling the case, as well as counsel at the Department of the Interior.

In addition, counsel for the FCIC has substantial responsibilities for other cases and for the FCIC during this time. Counsel is required, in the near future, to review two regulations for legal sufficiency. Agency counsel is also working on several final agency determinations with response deadlines in the next several weeks. Moreover, counsel for the agency is working on a major bulletin involving insurance companies regarding rebating, cooperatives, and the role of the states; this matter is controversial and involves other agencies within the United States Department of Agriculture. Counsel has also been asked to render a legal opinion with respect to whether the insurance companies, agents and loss adjusters are required to comply with the same requirements as Risk Management Agency (RMA) with respect to Federal Information Security Management Act of 2002 (44 U.S.C. §3541) ( FISMA), with enormous sums of money at stake. Counsel also has meetings scheduled for the week of December 18, 2006. with staff in Congress about matters relating to agency programs.

## CONCLUSION

For the foregoing reasons, respondent respectfully requests that this Court grant it an enlargement of time to January 25, 2007, within which to file its dispositive motion, with opposition briefs due on March 8, 2007, and reply briefs due on April 5, 2007.

A proposed order is attached.

                                          Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

                                          s/s David M. Cohen
                                          DAVID M. COHEN
                                          Director
                                          Commercial Litigation Branch

| Of Counsel: | s/s Jane W. Vanneman |
|---|---|
| JEFFREY A. TAYLOR | JANE W. VANNEMAN |
| D.C. BAR # 498610 | D.C. BAR #257121 |
| United States Attorney | Senior Trial Counsel |
| PETER S. SMITH | United States Department of Justice |
| D.C. BAR #465131 | Civil Division |
| Assistant U.S. Attorney | Commercial Litigation Branch |
| Judiciary Center Building | 1100 L Street, N.W. |
| 555 Fourth St., N.W. | Room 12010 |
|   Room E4224 | Washington, D.C. 20005 |
| Washington, D.C. 20530 | (202) 616-8283 |
| (202) 307-0372 | |

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

December 12, 2006