## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)** 9200 Northpark Drive Suite 300 Johnston, Iowa 50131, **ALLIANCE INSURANCE COMPANIES** 1122 North Main McPherson, Kansas 67460, **AMERICAN AGRICULTURAL INSURANCE COMPANY** 1501 E. Woodfield Road Suite 300W Schaumburg, Illinois 60173, **AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION** c/o Director Nebraska Department of Insurance 941 O Street, Suite 400 Lincoln, Nebraska 68508, **COUNTRY MUTUAL INSURANCE COMPANY** 1701 Towanda Avenue Bloomington, Illinois 61702, **FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA** 5400 University Avenue West Des Moines, Iowa 50266, **FARMERS ALLIANCE MUTUAL INSURANCE COMPANY** | Civil Action No. 1:06CV01430 (RMU) |

1

1122 North Main )
McPherson, Kansas 67460, )

FARMERS MUTUAL HAIL INSURANCE )
COMPANY OF IOWA )
6785 Westown Parkway )
West Des Moines, Iowa 50266 )
)
GREAT AMERICAN INSURANCE COMPANY )
49 East 4th Street )
Cincinnati, Ohio 45201, )
)
HARTFORD FIRE INSURANCE COMPANY, )
690 Asylum Avenue )
Hartford, Connecticut 06115, )
)
NAU COUNTRY INSURANCE COMPANY )
7333 Sunwood Drive )
Ramsey, Minnesota 55303, )
)
PRODUCERS LLOYDS INSURANCE COMPANY )
2025 S. Hughes Street )
Amarillo, Texas 79105, )
)
RURAL COMMUNITY INSURANCE COMPANY )
3501 Thurston Avenue )
Anoka, Minnesota 55303, )
)
                    Petitioners, )
)
         v. )      Civil Action No.
)      1:06CV01430 (RMU)
FEDERAL CROP INSURANCE CORPORATION, )
A CORPORATION WITHIN THE UNITED )
STATES DEPARTMENT OF AGRICULTURE, )
c/o U.S. Department of Agriculture )
Office of the General Counsel )
South Building, Room 2449 )
14th & Independence Avenue, S.W. )
Washington, D.C. 20250, )
)
                    Respondents. )
_____ )

2

RESPONDENTS' MOTION FOR LEAVE TO EXCEED THE
45-PAGE LIMIT FOR RESPONDENT'S OMNIBUS DISPOSITIVE MOTIONS

Respondent respectfully requests that this Court permit it to file one omnibus brief of approximately seventy pages, or approximately 25 pages in excess of the 45-page limit for a dispositive motion.

This case is an appeal from decisions of the AgBCA.[1]  The AgBCA issued its initial, split, decision on December 21, 2005.  AR2-39.  Ace Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F (December 21, 2005) (www.usda/gov/bca).  The board issued its second split decision, denying the companies' motion for reconsideration, on June 28, 2006.  Ace Property et al, 2006 WL 1776561 (June 6, 2006).   The insurance companies alleged that FCIC breached the SRAs by "implementing" two statutes, AREERA and ARPA,[2] and sought more than $60,000,000 for the alleged breaches of contract.

This case raises numerous complex issues, some of which are of first impression for this Court and in this Circuit.  Plaintiffs are numerous insurance companies that signed Standard Reinsurance Agreements (SRAs) over the course of at least four years, pursuant to which the Federal Crop Insurance Corporation (FCIC), supervised by the Risk Management Agency

---

[1]   We will file the administrative record (AR), and an index to its contents.

[2]    AREERA is Agricultural Research, Extension, and Education Reform Act of 1998, Pub. Law 105-185, 7 U.S.C. §1508 (sections 508(b)(5) and (c)(10)).  AREERA increased the administrative fees and required that the companies remit all the fees to FCIC, instead of permitting them to retain some of the fees.  AREERA also reduced the loss adjustment expenses that FCIC would pay.

ARPA is Agricultural Risk Protection Act of 2000 (ARPA) (section 103(d)).   In ARPA, Congress further reduced the loss adjustment expenses that FCIC would pay.

(RMA), reinsured them. Plaintiffs assert eleven counts in their complaint.

The legal issues are very important to the Federal Crop Insurance Corporation (FCIC), as we are sure they are to the insurance companies. The issues involve significant, interrelated, ones relating to the appropriate disputes resolution procedures - both administrative and judicial - for insurance companies that FCIC reinsures, under the Federal Crop Insurance Act (FCIA), 7 U.S,C. §§1501 et seq., and the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, Pub. L. 103-354 1994, Pub. L. 103-354, 7 U.S.C. §§6901-7014 (2000)(1994 Reorganization Act)).

We intend to file four dispositive motions:

1.      We will request, pursuant to F.R.C.P. 56(b), that this Court grant summary judgment in favor of respondent on Counts I-VIII of Petitioners' Amended and Substituted Complaint (Complaint, filed October 2, 2006,), which involve issues of the jurisdiction of the Department of Agriculture Board of Contract Appeals (AgBCA, or board) to entertain petitioners' claims.

2.      We will request, pursuant to F.R.C.P. 12(b)(6), that this Court dismiss petitioners' Count IX, raising constitutional claims, for failure to state a claim upon which relief may be granted.

3.      We will request that this Court dismiss petitioners' contractual claims on the merits in Counts X-XI (breach, and unjust enrichment) for failure to exhaust mandatory administrative remedies; alternatively, we will request that this Court issue summary judgment in the Government's favor on Counts X-XI.

4.      We will request that this Court dismiss the complaint filed by petitioner Farmers Mutual

4

Hail Insurance Company of Iowa (Farmers Mutual) for failure to exhaust mandatory

administrative remedies (having never submitted an administrative claim to the agency,

and having been named in Notice of Appeal to the AgBCA).

We believe that it is much more efficient to file our motions in one omnibus motion.  The

statement of facts and course of proceedings are essentially the same for all four motions.  Many

of the arguments in each of the four motions are interrelated.   Conversely, we believe that it

would not be efficient to file four separate motions, in which we would be required to repeat

some of the factual and/or legal matters in one or more of the other related motions.  Further,

filing four separate motions could easily require well over one hundred pages, which would be

more than the approximately eighty pages that we intend to file as part of the omnibus motion.

We also believe that filing one omnibus motion would assist the Court in understanding

the legal matters involved, and the parties' positions on those matters.

There are at least ten major issues, some with subparts.  The issues include:

1.      Whether the decisions of the AgBCA meet the "finality" requirement for Counts I-VIII of

petitioners' Complaint, such that this Court possesses jurisdiction, pursuant to 7 U.S.C. §1506(d)

and §1508(j), to entertain petitioners' appeal of the decisions of the AgBCA;

2.      Whether this Court reviews the decisions of the AgBCA under the Administrative

Procedure Act (APA) standard of review, 5 U.S.C. §704, and, if so, whether the decisions of the

AgBCA were arbitrary, capricious, or contrary to law;

3.      Whether the AgBCA possessed jurisdiction to entertain petitioners' claims of breach and

unjust enrichment, because: (a) petitioners' claims are contractual and governed by the disputes provisions, Section V. L., in the contracts, the Standard Reinsurance Agreements (SRA); and, (b) petitioners' claims are directed at the implementation by the Federal Crop Insurance Corporation (FCIC) of two statutes, which FCIC effected by issuing amendments numbers 1 and 3 to the contracts which affected the amount of administrative fees that the companies could retain and the amount of loss adjustment reimbursements that FCIC would pay to the companies  (Counts V, VII) ; alternatively, if petitioners' claims are directed at the action of Congress in enacting two statutes that affected the SRAs, whether petitioners' claims lack merit (Count V).

4.      Whether the interpretation by the AgBCA panel majority of the contractual provision governing disputes, Section V. L, that expressly incorporated the terms of the regulation, 7 C.F.R. §400.169, was correct, in whole or in part:

a.      whether the SRA signed in 1998 was an annual contract, renewable each year, with possible amendments to its terms each year, including amendments to the disputes provision, such that the "mandatory" version of 7 C.F.R. §400.169 (2000) applied to petitioners' claims for crop years 2000 and 2001 to bar their claims;

i.      whether the SRA was a "continuous" contract that renewed each year on all of the same terms contained in the initial 1998 SRA, such that the allegedly "permissive" version of 7 C.F.R. §400.169 (1995) applied to all of petitioners' claims for the four crop years at issue, 1998 through 2001 (Count VIII);

b.      whether the dissenting AgBCA judge was correct that petitioners' claims for 1998 and 1999 were time-barred because Section V. L of the contract, that incorporated the terms of the 1995 regulation, 7 C.F.R. §400.169, were mandatory, and provided for a 45-day limit within

6

which the insurance companies were required, if they chose to submit a claim, to submit a claim in writing to the Deputy Administrator of the Risk Management Agency (RMA), otherwise their claims would be time-barred;

      c.     whether the 1995 regulation was "permissive," and provided for a 45-day limit within which the insurance companies, if they so chose, could elect to submit their claims in writing to the Risk Management Agency (RMA) Deputy Administrator, or, whether they could bypass the administrative process and sue directly in a Federal district court that would exercise original de novo jurisdiction;

      i.     whether the trigger for the 45-day limit in 7 C.F.R. §400.169 was the companies' receipt of FCIC Amendment 1 (June 30, 1998) and Amendment 3 (June 30, 2000) to the SRAs, respectively, which are the disputed actions, and/or by the date that FCIC promulgated the revised regulation (January 25, 2000) (Count III);

      ii.     whether the 45-day limit in 7 C.F.R. §400.169 controls, and is not overridden by the six-year statute of limitations in section V.H. of the SRAs or by the six-year limitations period in 28 U.S.C. §2401 (Count II);

5.     Whether FCIC possessed the authority to promulgate the 1995 regulation and revision in 2000, 7 CFR §400.169 (Count I);

6.     Whether the Secretary of the United States Department of Agriculture (USDA) possessed the authority pursuant to the Federal Crop Insurance Act (FCIA), 7 U.S.C. §§1501 et seq., and the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, Pub. L. 103-354 1994, Pub. L. 103-354, 7 U.S.C. §§6901-7014 (2000)(1994 Reorganization Act)), to expand the jurisdiction of the AgBCA so that it could entertain contractual disputes

relating to the SRAs, 7 C.F.R. Part 24, and 7 C.F.R. §400.169 (Count VI);

7.    Whether the AgBCA possessed jurisdiction to entertain petitioners' contractual claims of breach and unjust enrichment because the AgBCA possesses the authority to award money damages if the AgBCA concludes that FCIC breached the contracts (Count IV);

8.    Whether this Court lacks jurisdiction to entertain petitioners' contract claims (breach and unjust enrichment) because petitioners failed to exhaust their administrative remedies with respect to the merits of these claims, because they did not brief these issues to the board, and the board did not issue a final decision on these claims  (Counts X, XI);

        a.    Alternatively, on the merits, whether FCIC issuance of Amendments 1 and 3 to the SRAs constituted a breach of contract (Count X);

        b.    Alternatively, on the merits, whether petitioners are entitled to restitution pursuant to their claim that the FCIC was unjustly enriched by issuing Amendments 1 and 3 to the SRAs (Count XI);

9.    Whether the Court should dismiss as moot petitioners' due process and Article III constitutional claims - that FCIC and the AgBCA deprived petitioners of their right to pursue some of their claims in Federal court - given that petitioners' claims may be decided upon a contractual, non-constitutional basis; alternatively, if petitioners' constitutional claims are not moot, whether these claims lack merit  (Count IX);

10.    Whether this Court should dismiss the complaint filed by petitioner Farmers Mutual (petitioner named in Petitioners' Amended and Substituted Complaint, October 2, 2006), because this petitioner was not named in the companies' appeal to the AgBCA or in the original complaint filed in this Court (dated August 11, 2006); and, Farmers Mutual has failed to exhaust

mandatory administrative remedies.

Because this is a complex case raising issues of first impression, we respectfully request that this Curt permit us to file one omnibus brief of approximately seventy pages, or approximately 25 pages in excess of the 45-page limit for a single dispositive motion.

<u>CONCLUSION</u>

For the foregoing reasons, we respectfully request that the court permit us to file a global brief of approximately seventy pages, in excess of the 45-page limit.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General


s/s David M. Cohen
DAVID M. COHEN
Director, Commercial Litigation Branch

Of Counsel:                          s/s Jane W. Vanneman
JEFFREY A. TAYLOR                    JANE W. VANNEMAN
D.C. Bar #498610                     D.C. BAR # 257121
PETER S. SMITH                       Senior Trial
D.C. BAR #465131                     United States Department of Justice
Assistant U.S. Attorney              Civil Division
Judiciary Center Building            Commercial Litigation Branch
555 Fourth St., N.W.                 1100 L Street, N.W.
  Room E4224                         Room 12010
Washington, D.C. 20530               Washington, D.C. 20005
(202) 307-0372                       (202) 616-8283
                                     jane.vanneman@usdoj.gov
KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

January  25, 2007

9