## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)<br>9200 Northpark Drive<br>Suite 300<br>Johnston, Iowa 50131,<br><br>ALLIANCE INSURANCE COMPANIES<br>1122 North Main<br>McPherson, Kansas 67460,<br><br>AMERICAN AGRICULTURAL INSURANCE COMPANY<br>1501 E. Woodfield Road<br>Suite 300W<br>Schaumburg, Illinois 60173,<br><br>AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION<br>c/o Director<br>Nebraska Department of Insurance<br>941 O Street, Suite 400<br>Lincoln, Nebraska 68508,<br><br>COUNTRY MUTUAL INSURANCE COMPANY<br>1701 Towanda Avenue<br>Bloomington, Illinois 61702,<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA<br>5400 University Avenue<br>West Des Moines, Iowa 50266,<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY<br>1122 North Main<br>McPherson, Kansas 67460,<br><br>FARMERS MUTUAL HAIL INSURANCE | Civil Action No.<br>1:06CV01430 (RMU) |

| | |
|---|---|
| **COMPANY OF IOWA** ) | |
| 6785 Westown Parkway ) | |
| West Des Moines, Iowa 50266 ) | |
| ) | |
| **GREAT AMERICAN INSURANCE COMPANY** ) | |
| 49 East 4th Street ) | |
| Cincinnati, Ohio 45201, ) | |
| ) | |
| **HARTFORD FIRE INSURANCE COMPANY,** ) | |
| 690 Asylum Avenue ) | |
| Hartford, Connecticut 06115, ) | |
| ) | |
| **NAU COUNTRY INSURANCE COMPANY** ) | |
| 7333 Sunwood Drive ) | |
| Ramsey, Minnesota 55303, ) | |
| ) | |
| **PRODUCERS LLOYDS INSURANCE COMPANY** ) | |
| 2025 S. Hughes Street ) | |
| Amarillo, Texas 79105, ) | |
| ) | |
| **RURAL COMMUNITY INSURANCE COMPANY** ) | |
| 3501 Thurston Avenue ) | |
| Anoka, Minnesota 55303, ) | |
| ) | |
|             **Petitioners,** ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | **1:06CV01430 (RMU)** |
| **FEDERAL CROP INSURANCE CORPORATION,** ) | |
| **A CORPORATION WITHIN THE UNITED** ) | |
| **STATES DEPARTMENT OF AGRICULTURE,** ) | |
| c/o U.S. Department of Agriculture ) | |
| Office of the General Counsel ) | |
| South Building, Room 2449 ) | |
| 14th & Independence Avenue, S.W. ) | |
| Washington, D.C. 20250, ) | |
| ) | |
|             **Respondent.** ) | |
| ) | |

RESPONDENT'S MOTION FOR AN ENLARGEMENT
OF TIME WITHIN WHICH TO FILE BRIEF IN OPPOSITION
TO PETITIONERS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Introduction

Respondent respectfully requests that this Court grant it an enlargement of time of forty-six days, to and including April 23, 2007, within which to file its opposition briefs (and any associated pleadings ("opposition briefs")), and to extend the briefing schedule for reply briefs to May 15, 2007, accordingly. By order dated December 13, 2007, this Court granted respondent's motion for an enlargement of time to January 25, 2007, for the parties to file their opening dispositive motions, with the following briefing schedule: January 25, 2007, dispositive motions due; March 8, 2007, oppositions to dispositive motions due; April 5, 2007, reply briefs due. This is respondent's first request for an enlargement of time for this purpose. Counsel for petitioner insurance companies, and respondent Federal Crop Insurance Corporation (FCIC), have consulted pursuant to LcvR 7(m) about the proposed schedule. Counsel for petitioners do not consent to this revised briefing schedule.

Respondent proposes the following briefing schedule:

        April 23, 2007        oppositions to dispositive motions due

        May 15, 2007        reply briefs due

Nature of the Case And Issues Presented

Petitioners challenge decisions of the United States Department of Agriculture Board of Contract Appeals (AgBCA, or, board).  Docket Nos. 2004-173-F through 2004-184-F.  <u>Ace Property et al</u>, 2006 WL 1776561 (June 28, 2006)(decision on motion for reconsideration); <u>Ace Property & Casualty Insurance Company et al</u>, AgBCA Nos. 2004-173-F through 2004-184-F (December 21, 2005) (see www.usda/gov/bca).  There have been four earlier related cases, involving the same petitioner insurance companies,[1] and the same respondents.  <u>Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,</u> 60 Fed. Cl. 175 (2004), <u>aff'd</u>, 138 Fed. Appx. 308 (Fed. Cir. 2005).  <u>Ace Property & Casualty Insurance Co. v. Federal Crop Ins. Corp.</u>, 357 F.Supp.2d 1140 (S.D. Iowa 2005), <u>aff'd</u> <u>Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,</u>, 440 F.3d 992, <u>aff'd on other grounds</u> (8th Cir. 2006).  Petitioners' complaint in this Court contains eleven counts, and raises complex issues, including issues involving jurisdiction, and other issues of procedure, as well as merits issues on claims of contract breach.

Respondent believes that, among other things, this Court's review of this case will be conducted as a review of the administrative record, Local Rule 16.3(b)(1), and agrees with petitioners that the case involves principally legal issues.   We understand that petitioners disagree that the matter should be conducted as a review of the administrative record, believe that some of the counts may be "original" in nature in the district, but that the case involves

---

[1] In their recently-filed amended and substitute complaint, petitioners named one additional insurance company.

principally legal issues, the majority of which the Court will likely be able to resolve on dispositive motions.

The case involves numerous complex legal issues, some of which are of first impression of nationwide importance involving significant matters relating to the authority of the FCIC to administer the Federal crop insurance program and develop disputes procedures for disputes relating to crop insurance programs.  The case before the Court involves a review of two AgBCA decisions.  The first decision (December 21, 2005), was lengthy (39 pages, single-spaced), covering many issues, and was issued by two members of the three-member board as the majority decision; the panel majority dismissed most of the claims, but appeared to leave two issues for possible further development (legal and/or factual) before the board.  One board judge "dissented," although he would have ruled completely in favor of the Government and dismissed all of the claims.  The AgBCA issued a decision on June 6, 2006, denying the insurance companies' motion for reconsideration.

On January 25, 2007, respondent filed one omnibus dispositive motion, with several motions contained within it:

(1)     motion for summary judgment on most of the Counts;

(2)     motion for partial dismissal on Counts X and XI (contract claims, breach and unjust enrichment);

(3)     motion for partial dismissal of petitioners' constitutional claims; and,

(4)     motion for partial dismissal of the claims of Farmers Mutual Hail Insurance Company of Iowa (Farmers Mutual) for failure to exhaust administrative remedies.

We briefed the threshold issues (including jurisdiction and exhaustion of administrative remedies) as well the alternative merits issues.

Counsel at the Department of Justice and agency counsel have reviewed the motion and associated papers filed by petitioners. It appears that we submitted more comprehensive briefs than petitioners, because, among other things, we briefed the alternative merits issues. However, given the complexity and importance of the issues, the Government requires additional time within which to conduct additional legal research, and prepare a complete brief in opposition to plaintiffs' dispositive motions, which raise numerous and complex issues. Allowing the additional time will enable Government counsel to consult fully with agency counsel and to prepare a comprehensive brief, that should ultimately assist the Court in deciding the case. Further, there is no prejudice because there is no other schedule in the case other than the briefing schedule on the dispositive motions.

Other Responsibilities of Counsel

Immediately upon receipt of the papers filed by petitioners, counsel at the Department of Justice and at the agency reviewed the materials. However, counsel of record has had an unusually heavy caseload since December 2006, and will continue to do so for many weeks.

Counsel at the Department of Justice has been responsible for three sets of crop insurance cases, including this one, and all of which require substantial work at this time. In addition, there are some issues in each case which overlap with issues in the other cases.

For much of late December and early to mid-January, counsel was required to prepare a memorandum for the Solicitor General with a recommendation on whether to appeal the adverse judgment (totaling more than $30 million) in In re Peanut Crop Insurance Litigation, MDL-1634,

Master Docket No. 4:05-CV-SH  (E.D. N.C.).  This is a complex case, procedurally and substantively.[2]  On February 16, 2007, the Government filed its notice of appeal to the United States Court of Appeals for the Fourth Circuit, and plaintiffs cross-appealed.   Counsel will be required to begin work on appellate issues in that case.

Counsel also is responsible for handling American Growers Insurance Company v. Federal Crop Insurance Corporation, No. 1:01-CV-10059 (S.D. Iowa).  In late December 2006, the district court issued a judgment for $950,025 against FCIC for one of several reinsurance years at issue.   The court then required briefing on whether the plaintiff was entitled to any pre- or post-judgment interest, and our brief was due in early January 2007.   The court denied the claim for interest and issued its final judgment in mid-January.   Counsel is required to prepare a memorandum for the Solicitor General with a recommendation as to whether the FCIC and Risk Management Agency ("RMA") should appeal the final judgment.  Counsel was not counsel of record during the liability phase, and the work to prepare the memorandum for the Solicitor General requires an in-depth review of the pleadings and briefs filed since November 2001 when the case was filed, a voluminous administrative record, all liability issues, as well as the damages issues that counsel handled.  Counsel is also required to conduct additional legal research, and coordinate with the agency.  The case is complex.  The AgBCA issued a decision in June 2000, in which the three judges each issued his own decision on numerous issues.  American Growers Insurance Company, AgBCA No. 98-200-F (June 15, 2000). The district court also issued

---

[2]  See Texas Peanut Farmers v. United States, 412 F.3d 1323 (2005), cert. denied, 126 S.Ct. 2967 (2006);  In re Peanut Crop Insurance Litigation, 342 F. Supp. 2d 1353 (JPML, 2004). See generally Members of Peanut Quota Holders Association v. United States, 421 F.3d 1323, 1332-36 (2005), cert. denied, 126 S.Ct. 2967 (2006).

numerous decisions in the course of proceedings before that court. At present, counsel is behind schedule in preparing that memorandum, with respect to internal Department of Justice deadlines.

Also, in American Growers, in late January 2007, plaintiff filed a motion for attorney fees and costs, and supporting papers. Immediately upon receipt of the papers, counsel reviewed the materials, and secured some assistance within the office to review the invoices that plaintiff's counsel submitted. However, counsel will require additional time to review the file and a variety of issues and conduct legal research. Among other things, the Court's review of plaintiff's motion will require an analysis of whether the position of the United States was substantially justified or whether "special circumstances make an award unjust." See 28 U.S.C. 2412(d)(1)(A), the Equal Access to Justice Act (EAJA); Rule 35 of the Agriculture Board of Contract Appeals (AgBCA); and, 7 C.F.R. § 1.180 (procedures of AgBCA on review of motion for attorney fees).[3] Moreover, counsel is required to review the voluminous record before the Court, including numerous briefs associated with dispositive motions, in the various phases of this litigation. Our opposition brief currently due on March 26, 2007, with no further extensions anticipated.

In addition to crop insurance cases, counsel has also been responsible in recent weeks for other types of cases. Counsel is handling the petition for review (38 U.S.C. § 502) in Preminger v. Secretary of Veterans Affairs, No. 2007-7008 (Fed. Cir.). This petition involves a facial challenge to a regulation promulgated by the Department of Veterans Affairs ("VA"), that

---

[3] The final business day of the AgBCA was January 5, 2007, at which time the AgBCA merged into the newly-created Civilian Board of Contract Appeals (CBCA). www.cbca.gsa.gov.

prohibits partisan activities on property under the charge and control of the VA. 38 C.F.R. § 1.218(a)(14). Counsel filed the brief on behalf of respondent on February 8, 2007. Preparing the brief required a substantial commitment of time and resources, as well as coordination with counsel at the VA and also with the Assistant United States Attorney in California handling petitioner's as-applied challenge to the regulation in Preminger v. Principi, No. CV-04-2012-JF (N.D. Cal.)(dispositive motions now pending in district court), 2004 WL 2196547, aff'd, Preminger v. Principi, 422 F.3d 815 (9th Cir. 2005)(court of appeals affirmed district court's denial of petitioner's motion for preliminary injunction).

Further, on February 8, 2007, counsel was required to present oral argument in Carabetta Enterprises v. United States, No. 06-5037, -5043, in the United States Court of Appeals for the Federal Circuit. This is a complex case involving two major liability issues, and two damages issues, on cross-appeals from a summary judgment decision on liability and after a trial on damages. Carabetta Enterprises v. United States, 58 Fed. Cl. 563 (2003)(liability); Carabetta Enterprises v. United States, 68 Fed. Cl. 410 (2005)(liability and damages). Counsel was required to spend time before the argument to prepare for it and conduct additional legal research.

Therefore, counsel has not had, and will not have, time to begin to prepare the Government's opposition brief on the attorney fee motion until March 1, 2007, at the earliest.

In addition, the agency counsel with whom counsel coordinates is responsible at the agency for this case as well as for all matters in American Growers. As explained above, there is a substantial amount of work to be done in both sets of cases, for which agency assistance is required. Moreover, agency counsel has numerous other responsibilities on other cases. Agency

counsel also regularly attends meetings of the FCIC Board of Directors, one of which is in late February 2007, and the other sets of meetings are during the week of March 19-23, 2007. Agency counsel is also reviewing major litigation that was filed recently, and also matters relating to various regulations. Agency counsel is essentially unavailable from February 20 through early March 2007, to assist in matters relating to our opposition briefs in this case.

<u>CONCLUSION</u>

For the foregoing reasons, respondent respectfully requests that this Court grant it an enlargement of time to April 23, 2007, within which to file its opposition brief, with reply briefs due on May 15, 2007.

A proposed order is attached.

                                                Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                <u>s/s Jeanne E. Davidson</u>
                                                JEANNE E. DAVIDSON
                                                Acting Director
                                                Commercial Litigation Branch

| | |
|---|---|
| Of Counsel: |  s/s Jane W. Vanneman |
| JEFFREY A. TAYLOR | JANE W. VANNEMAN |
| D.C. BAR # 498610 | D.C. BAR #257121 |
| United States Attorney | Senior Trial Counsel |
| PETER S. SMITH | United States Department of Justice |
| D.C. BAR #465131 | Civil Division |
| Assistant U.S. Attorney | Commercial Litigation Branch |
| Judiciary Center Building | 1100 L Street, N.W. |
| 555 Fourth St., N.W. | Room 12010 |
|   Room E4224 | Washington, D.C. 20005 |
| Washington, D.C. 20530 | (202) 616-8283 |
| (202) 307-0372 | |

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

February 27, 2006