# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)<br>9200 Northpark Drive<br>Suite 300<br>Johnston, Iowa 50131, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| ALLIANCE INSURANCE COMPANIES<br>1122 North Main<br>McPherson, Kansas 67460, | )<br>)<br>) |
| AMERICAN AGRICULTURAL INSURANCE COMPANY<br>1501 E. Woodfield Road<br>Suite 300W<br>Schaumburg, Illinois 60173, | )<br>)<br>)<br>)<br>) |
| AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION<br>c/o Director<br>Nebraska Department of Insurance<br>941 O Street, Suite 400<br>Lincoln, Nebraska 68508, | )<br>)<br>)<br>)<br>)<br>) |
| COUNTRY MUTUAL INSURANCE COMPANY<br>1701 Towanda Avenue<br>Bloomington, Illinois 61702, | )<br>)<br>) |
| FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA<br>5400 University Avenue<br>West Des Moines, Iowa 50266, | )<br>)<br>)<br>) |
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY<br>1122 North Main<br>McPherson, Kansas 67460, | )<br>)<br>)<br>) |
| FARMERS MUTUAL HAIL INSURANCE | ) |

Civil Action No.
1:06CV01430 (RMU)

| | |
|---|---|
| **COMPANY OF IOWA** )<br>6785 Westown Parkway )<br>West Des Moines, Iowa 50266 )<br> )<br>**GREAT AMERICAN INSURANCE COMPANY** )<br>49 East 4th Street )<br>Cincinnati, Ohio 45201, )<br> )<br>**HARTFORD FIRE INSURANCE COMPANY,** )<br>690 Asylum Avenue )<br>Hartford, Connecticut 06115, )<br> )<br>**NAU COUNTRY INSURANCE COMPANY** )<br>7333 Sunwood Drive )<br>Ramsey, Minnesota 55303, )<br> )<br>**PRODUCERS LLOYDS INSURANCE COMPANY** )<br>2025 S. Hughes Street )<br>Amarillo, Texas 79105, )<br> )<br>**RURAL COMMUNITY INSURANCE COMPANY** )<br>3501 Thurston Avenue )<br>Anoka, Minnesota 55303, )<br> )<br>              **Petitioners,** )<br> )<br>      v.    )<br> )<br>**FEDERAL CROP INSURANCE CORPORATION,** )<br>**A CORPORATION WITHIN THE UNITED** )<br>**STATES DEPARTMENT OF AGRICULTURE,** )<br>c/o U.S. Department of Agriculture )<br>Office of the General Counsel )<br>South Building, Room 2449 )<br>14th & Independence Avenue, S.W. )<br>Washington, D.C. 20250, )<br> )<br>              **Respondent.** )<br> )  | **Civil Action No.**<br>**1:06CV01430 (RMU)** |

RESPONDENT'S REPLY TO PETITIONERS' OPPOSITION
TO RESPONDENT'S MOTION FOR AN ENLARGEMENT
OF TIME WITHIN WHICH TO FILE BRIEF IN OPPOSITION
TO PETITIONERS' MOTION FOR PARTIAL SUMMARY JUDGMENT

We established in our motion that counsel at the United States Department of Justice (DOJ) and at the United States Department of Agriculture, Office of the General Counsel, require additional time, to April 23, 2007, within which to file respondent's brief in opposition to petitioners' motion for partial summary judgment. None of the points raised in petitioners' opposition have merit. Rather, respondent and counsel have presented good cause – unusually heavy caseloads - for all of the additional time requested.

1.     Petitioners suggest that, in September or October 2006, it was respondent's counsel that suggested simultaneous briefing, to commence in December 2006. However, counsel at DOJ recalls that it was petitioners' counsel who suggested the simultaneous briefing, and counsel agreed. Contrary to their suggestion, there was nothing to preclude petitioners from filing their opening dispositive motion whenever they were ready. Respondent would have been required to respond either within the time permitted by the rules, or request additional time.

2.     For each of our earlier motions for additional time with respect to other briefs in this forum and in other fora, we have provided details to establish good cause. There is no intent by the Government to cause any delay in the case, as petitioners imply.

3.     Petitioners are correct that they have filed actions in other fora for several years. Again, however, contrary to petitioners' suggestion, there is no Government intent to delay any decision in this case. Rather, petitioners filed first in a forum which lacked jurisdiction. Ace Property &

Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al, 60 Fed. Cl. 175 (2004), aff'd, 138 Fed. Appx. 308 (Fed. Cir. 2005). Then, they filed in the United States District Court for the Southern District of Iowa without having first exhausted administrative remedies, and the United States Court of Appeals affirmed the district court's dismissal for failure to exhaust. Ace Property & Casualty Insurance Co. v. Federal Crop Ins. Corp., 357 F.Supp.2d 1140 (S.D. Iowa 2005), aff'd Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,, 440 F.3d 992, aff'd on other grounds (8th Cir. 2006). Thus, to the extent there has been some delay in this case, much of it was caused by petitioners' action in filing in the wrong court, and also failing to exhaust their administrative remedies in a timely manner.

      Moreover, for any of the motions for additional time that respondent sought in any of these cases, we provided good cause, and the courts granted the motions.

4.     Petitioners are correct that some of the issues have been briefed before. However, in their motion and brief, they raise some new arguments, and also cite to new cases, for which counsel is required to conduct additional research.

5.     Petitioners contend that they are able to file their next brief in this case by the current due date. However, that is not relevant to the fact that counsel for the Government currently have very heavy caseloads, as explained in our motion. Given the complexity of the procedural history of the case and the complexity of the issues, and that DOJ counsel has handled the cases filed by petitioners in the courts, and agency counsel has handled the case before the Department of Agriculture Board of Contract Appeals (AgBCA), Government counsel require additional time to prepare the opposition brief.

Moreover, as DOJ counsel explained in our motion, DOJ counsel has handled, for several years, three sets of crop insurance cases, all of which recently have required significant responsibilities - including preparation of a memorandum to the Solicitor General with a recommendation as to whether to appeal - with relatively short deadlines.  <u>In re Peanut Crop Insurance Litigation</u>, MDL-1634, Master Docket No. 4:05-CV-SH  (E.D. N.C.); <u>American Growers Insurance Company v. Federal Crop Insurance Corporation</u>, No. 1:01-CV-10059 (S.D. Iowa).  At the time that counsel agreed to the initial briefing schedule in this case, Government counsel could not have known that all three sets of cases would require substantial work at the same time.  Moreover, at the time Government counsel agreed to the initial briefing schedule, counsel could not have anticipated the extent of work required in <u>Preminger v. Secretary of Veterans Affairs</u>, No. 2007-7008 (Fed. Cir.)(brief and responses to other requests by counsel for petitioner).

6.   Contrary to petitioners' argument, respondent's request for additional time is reasonable, given the circumstances.

Further, the Government would be prejudiced if counsel are not permitted the time they require to prepare a complete brief to the Court.  A thorough and accurate brief will ultimately assist the Court in deciding important issues of first impression of nationwide importance involving significant matters relating to the authority of the FCIC to administer the Federal crop insurance program and develop disputes procedures for disputes relating to crop insurance programs.

<u>Conclusion</u>

For the foregoing reasons, we respectfully request that this Court grant respondent until April 23, 2007, within which to file its brief in opposition to petitioners' motion for partial summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General


<u>s/s Jeanne E. Davidson</u>
JEANNE E. DAVIDSON
Acting Director
Commercial Litigation Branch

Of Counsel:
JEFFREY A. TAYLOR
D.C. BAR # 498610
United States Attorney
PETER S. SMITH
D.C. BAR #465131
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
  Room E4224
Washington, D.C. 20530
(202) 307-0372

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

February 28, 2006

 <u>s/s Jane W. Vanneman </u>
JANE W. VANNEMAN
D.C. BAR #257121
Senior Trial Counsel
United States Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12010
Washington, D.C. 20005
(202) 616-8283