## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ACE PROPERTY & CASUALTY INSURANCE** ) | |
| **COMPANY (f/k/a CIGNA PROPERTY &** ) | |
| **CASUALTY INSURANCE CO.)** ) | |
| **9200 Northpark Drive** ) | |
| **Suite 300** ) | |
| **Johnston, Iowa 50131,** ) | |
| ) | |
| **ALLIANCE INSURANCE COMPANIES** ) | |
| **1122 North Main** ) | |
| **McPherson, Kansas 67460,** ) | |
| ) | |
| **AMERICAN AGRICULTURAL INSURANCE** ) | |
| **COMPANY** ) | **Civil Action No.** |
| **1501 E. Woodfield Road** ) | **1:06CV01430 (RMU)** |
| **Suite 300W** ) | |
| **Schaumburg, Illinois 60173,** ) | |
| ) | |
| **AMERICAN GROWERS INSURANCE** ) | |
| **COMPANY IN LIQUIDATION** ) | |
| **c/o Director** ) | |
| **Nebraska Department of Insurance** ) | |
| **941 O Street, Suite 400** ) | |
| **Lincoln, Nebraska 68508,** ) | |
| ) | |
| **COUNTRY MUTUAL INSURANCE COMPANY** ) | |
| **1701 Towanda Avenue** ) | |
| **Bloomington, Illinois 61702,** ) | |
| ) | |
| **FARM BUREAU MUTUAL INSURANCE** ) | |
| **COMPANY OF IOWA** ) | |
| **5400 University Avenue** ) | |
| **West Des Moines, Iowa 50266,** ) | |
| ) | |
| **FARMERS ALLIANCE MUTUAL INSURANCE** ) | |
| **COMPANY** ) | |
| **1122 North Main** ) | |
| **McPherson, Kansas 67460,** ) | |
| ) | |
| **FARMERS MUTUAL HAIL INSURANCE** ) | |

**COMPANY OF IOWA**                              )
**6785 Westown Parkway**                         )
**West Des Moines, Iowa 50266**                  )
                                                 )
**GREAT AMERICAN INSURANCE COMPANY**             )
**49 East 4th Street**                )
**Cincinnati, Ohio 45201,**                      )
                                                 )
**HARTFORD FIRE INSURANCE COMPANY,**             )
**690 Asylum Avenue**                            )
**Hartford, Connecticut 06115,**                 )
                                                 )
**NAU COUNTRY INSURANCE COMPANY**                )
**7333 Sunwood Drive**                           )
**Ramsey, Minnesota 55303,**                     )
                                                 )
**PRODUCERS LLOYDS INSURANCE COMPANY**           )
**2025 S. Hughes Street**                        )
**Amarillo, Texas 79105,**                       )
                                                 )
**RURAL COMMUNITY INSURANCE COMPANY**            )
**3501 Thurston Avenue**                         )
**Anoka, Minnesota 55303,**                      )
                                                 )
**Petitioners,**                                 )
                                                 )
**v.**                                           )     **Civil Action No.**
                                                 )     **1:06CV01430 (RMU)**
**FEDERAL CROP INSURANCE CORPORATION,**          )
**A CORPORATION WITHIN THE UNITED**              )
**STATES DEPARTMENT OF AGRICULTURE,**            )
**c/o U.S. Department of Agriculture**           )
**Office of the General Counsel**                )
**South Building, Room 2449**                    )
**14th & Independence Avenue, S.W.**  )
**Washington, D.C. 20250,**                      )
                                                 )
**Respondent.**                                  )
_____ )

RESPONDENT'S MOTION FOR AN ENLARGEMENT
OF TIME WITHIN WHICH TO FILE BRIEF IN OPPOSITION
TO PETITIONERS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Introduction

Respondent respectfully requests that this Court grant it an enlargement of time of 17

days, to and including May 10, 2007, within which to file its opposition briefs (and any

associated pleadings ("opposition briefs")), and to extend the briefing schedule for reply briefs to

June 4, 2007, accordingly.  By order dated March 1, 2007, this Court granted respondent's first

motion for an enlargement of time for this purpose (for forty-six days), which changed the

briefing schedule so that reply briefs would be due on May 15, 2007.  This is respondent's

second request for an enlargement of time for this purpose.  Counsel for petitioner insurance

companies, and respondent Federal Crop Insurance Corporation ("FCIC"), have consulted

pursuant to LcvR 7(m) about the proposed schedule.   Counsel for petitioners do not consent to

this revised briefing schedule, but petitioners will not file a pleading in opposition to our motion.

Respondent proposes the following briefing schedule:

|            |                                  |
|------------|----------------------------------|
| May 10, 2007 | oppositions to dispositive motions due |
| June 4, 2007 | reply briefs due                 |

Nature of the Case And Issues Presented

Petitioners challenge decisions of the United States Department of Agriculture Board of

Contract Appeals ("AgBCA," or, "board").  Docket Nos. 2004-173-F through 2004-184-F.  Ace

Property et al, 2006 WL 1776561 (June 28, 2006)(decision on motion for reconsideration); Ace

Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F

(December 21, 2005) (see www.usda/gov/bca).  There have been four earlier related cases, involving the same petitioner insurance companies,[1] and the same respondents.  Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al, 60 Fed. Cl. 175 (2004), aff'd, 138 Fed. Appx. 308 (Fed. Cir. 2005).  Ace Property & Casualty Insurance Co. v. Federal Crop Ins. Corp., 357 F.Supp.2d 1140 (S.D. Iowa 2005), aff'd Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,, 440 F.3d 992, aff'd on other grounds (8th Cir. 2006).  Petitioners' complaint in this Court contains eleven counts, and raises complex issues, including issues involving jurisdiction, and other issues of procedure, as well as merits issues on claims of contract breach.

Respondent believes that, among other things, this Court's review of this case will be conducted as a review of the administrative record, Local Rule 16.3(b)(1), and agrees with petitioners that the case involves principally legal issues.   Petitioners disagree that the matter should be conducted as a review of the administrative record, believe that some of the counts may be "original" in nature in the district, but agree that the case involves principally legal issues, the majority of which the Court will likely be able to resolve on dispositive motions.

The case involves numerous complex legal issues, some of which are of first impression of nationwide importance involving significant matters relating to the authority of the FCIC to administer the Federal crop insurance program and develop disputes procedures for disputes relating to crop insurance programs.  The case before the Court involves a review of two AgBCA decisions.  The first decision (December 21, 2005), was lengthy (39 pages, single-spaced),

---

[1]  In their amended and substitute complaint, petitioners named one additional insurance company.

covering many issues, and was issued by two members of the three-member board as the majority decision; the panel majority dismissed most of the claims, but appeared to leave two issues for possible further development (legal and/or factual) before the board.  One board judge "dissented," although he would have ruled completely in favor of the Government and dismissed all of the claims.  The AgBCA issued a decision on June 6, 2006, denying the insurance companies' motion for reconsideration.

On January 25, 2007, respondent filed one omnibus dispositive motion, with several motions contained within it:

(1)    motion for summary judgment on most of the Counts;

(2)    motion for partial dismissal on Counts X and XI (contract claims, breach and unjust enrichment);

(3)    motion for partial dismissal of petitioners' constitutional claims; and,

(4)    motion for partial dismissal of the claims of Farmers Mutual Hail Insurance Company of Iowa (Farmers Mutual) for failure to exhaust administrative remedies.

We briefed the threshold issues (including jurisdiction and exhaustion of administrative remedies) as well the alternative merits issues.

Counsel at the Department of Justice and agency counsel have been working diligently on preparing our opposition brief and response to petitioners' proposed findings of fact.  Counsel has prepared a rough draft of most of the opposition brief.  However, given the complexity and importance of the issues, counsel at the Department of Justice requires additional time within which to consult with agency counsel; however, agency counsel is out of the office and will not

return until April 23, 2007.

Allowing the additional time will enable Government counsel to consult fully with agency counsel and to prepare a comprehensive brief, that should ultimately assist the Court in deciding the case. Further, there is no prejudice because there is no other schedule in the case other than the briefing schedule on the dispositive motions.

Other Responsibilities of Counsel

Counsel at the Department of Justice was recently selected to serve on a jury in a relatively complex civil case in Superior Court in the District of Columbia. Jury duty began on Monday, April 9, 2007, and will continue through the week of April 9, and into most of the following week (with the exception of Monday, April 16, 2007, which is a holiday in the District of Columbia). Therefore, while counsel had hoped to complete the rough draft of the brief, so that review within the Department of Justice and at the agency could be secured beginning during the week of April 9, 2007, the fact that counsel was selected for the jury means that counsel was out of the office all day at Superior Court last week. While counsel was able to return to the office in the late afternoon for the first three days of jury service, to attempt to work at the office on this and other cases, counsel does not have sufficient time within which to complete the brief by April 23, 2007. Further, jury duty will continue beginning on Tuesday, April 17, 2007, and counsel anticipates that her service will be required for the remainder of the week, so that all the witnesses can be called, any rebuttal witnesses can be called, the court and jury will hear closing arguments, and the jury will deliberate.

Further, counsel of record has an unusually heavy caseload at this time. Counsel is responsible for handling American Growers Insurance Company v. Federal Crop Insurance

Corporation, No. 1:01-CV-10059 (S.D. Iowa). Counsel was required to prepare a memorandum for the Solicitor General with a recommendation as to whether the FCIC and Risk Management Agency ("RMA") should appeal the final judgment. The Government filed its notice of appeal, and the plaintiff crop insurance company filed a notice of cross appeal. Counsel have been consulting as to the contents of the appendix to the briefs, which required a substantial review of the entire record. Given that counsel was not counsel of record during the liability phase, and the voluminous record (with initial complaint filed in November 2001 and final judgment issued in January 2007), counsel was required to expend significant resources on these matters in recent weeks. While the parties have agreed to the deferred appendix procedure (Fed.R.App.P 30(c)), the parties filed a motion with the United States Court of Appeals for the Eighth Circuit requesting permission to follow that procedure, rather than designate the contents to the appendix at this time.

Counsel is handling the petition for review (38 U.S.C. § 502) in Preminger v. Secretary of Veterans Affairs, No. 2007-7008 (Fed. Cir.). This petition involves a facial challenge to a regulation promulgated by the Department of Veterans Affairs ("VA"), that prohibits partisan activities on property under the charge and control of the VA. 38 C.F.R. § 1.218(a)(14). The United States Court of Appeals for the Federal Circuit recently scheduled oral argument in this appeal for May 9, 2007. In late February, 2007, counsel for petitioner filed his reply brief, citing numerous cases not cited before. Counsel is required to read and analyze those cases, prepare for a moot court within the office, and prepare for oral argument. Counsel also is coordinating with counsel at the VA and also with the Assistant United States Attorney in California handling petitioner's "as-applied" challenge to the regulation in Preminger v. Principi, No. CV-04-2012-

7

JF (N.D. Cal.), in which a trial was recently conducted (by order dated March 7, 2007, the court denied dispositive motions). See 2004 WL 2196547, aff'd, Preminger v. Principi, 422 F.3d 815 (9th Cir. 2005)(court of appeals affirmed district court's denial of petitioner's motion for preliminary injunction). The district court requires post-trial briefing, and further consultations with the agency counsel and the Assistant United States Attorney handling the case will be necessary.

In addition, counsel is required to assist the Appellate Division at the Department of Justice in matters relating to the Government's appeal in In re Peanut Crop Insurance Litigation, MDL-1634, Master Docket No. 4:05-CV-SH (E.D. N.C.). This is a complex case, procedurally and substantively,[2] in which the district court entered judgment against the Government for more than $30 million. The Government's brief is due at the end of April 2007.

Further, the Federal Circuit recently issued its decision in Carabetta Enterprises v. United States, 2007 WL 983837 (Fed. Cir. April 4, 2007). Counsel is responsible for consulting with the agency about the court's decision and any further proceedings before the United States Court of Federal Claims in this case. Counsel also is required to prepare a memorandum for the Solicitor General with a recommendation on whether the Government should file a petition for rehearing or rehearing en banc. Given the 45-day deadline for any such filing, counsel is required to prepare that memorandum within the immediate future.

Therefore, counsel has not had, and will not have, time to complete the Government's

---

[2] See Texas Peanut Farmers v. United States, 412 F.3d 1323 (2005), cert. denied, 126 S.Ct. 2967 (2006); In re Peanut Crop Insurance Litigation, 342 F. Supp. 2d 1353 (JPML, 2004). See generally Members of Peanut Quota Holders Association v. United States, 421 F.3d 1323, 1332-36 (2005), cert. denied, 126 S.Ct. 2967 (2006).

opposition brief mid May 2007.

In addition, the agency counsel with whom counsel coordinates is responsible at the agency for this case as well as for all matters in <u>American Growers</u>. Agency counsel is out of the office until April 23, 2007 on other work. Upon her return, agency counsel is required to attend a three-day FCIC board meeting from April 23-26, 2007. Counsel has numerous questions for agency counsel relating to matters to be addressed in our opposition brief, and counsel will require time upon her return to consult fully. Moreover, agency counsel has other responsibilities during this time. Agency counsel is reviewing major litigation that was filed recently, and also matters relating to various regulations.

<u>CONCLUSION</u>

For the foregoing reasons, respondent respectfully requests that this Court grant it an enlargement of time to May 10, 2007, within which to file its opposition brief, with reply briefs due on June 4, 2007.

A proposed order is attached.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General


<u>s/s Jeanne E. Davidson</u>
JEANNE E. DAVIDSON
Acting Director
Commercial Litigation Branch

Of Counsel:

JEFFREY A. TAYLOR

D.C. BAR # 498610

United States Attorney

PETER S. SMITH

D.C. BAR #465131

Assistant U.S. Attorney

Judiciary Center Building

555 Fourth St., N.W.

   Room E4224

Washington, D.C. 20530

(202) 307-0372

KIMBERLEY ARRIGO

Senior Counsel

United States Department of Agriculture

Office of the General Counsel

Washington, D.C.

April 16, 2006

s/s Jane W. Vanneman

JANE W. VANNEMAN

D.C. BAR #257121

Senior Trial Counsel

United States Department of Justice

Civil Division

Commercial Litigation Branch

1100 L Street, N.W.

Room 12010

Washington, D.C. 20005

(202) 616-8283