IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)<br>9200 Northpark Drive<br>Suite 300<br>Johnston, Iowa 50131,<br><br>ALLIANCE INSURANCE COMPANIES<br>1122 North Main<br>McPherson, Kansas 67460,<br><br>AMERICAN AGRICULTURAL INSURANCE COMPANY<br>1501 E. Woodfield Road<br>Suite 300W<br>Schaumburg, Illinois 60173,<br><br>AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION<br>c/o Director<br>Nebraska Department of Insurance<br>941 O Street, Suite 400<br>Lincoln, Nebraska 68508,<br><br>COUNTRY MUTUAL INSURANCE COMPANY<br>1701 Towanda Avenue<br>Bloomington, Illinois 61702,<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA<br>5400 University Avenue<br>West Des Moines, Iowa 50266,<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY<br>1122 North Main<br>McPherson, Kansas 67460, | Civil Action No.<br>1:06CV01430 (RMU) |

| | |  |
|---|---|---|
| **FARMERS MUTUAL HAIL INSURANCE** | ) | |
| **COMPANY OF IOWA** | ) | |
| **6785 Westown Parkway** | ) | |
| **West Des Moines, Iowa 50266** | ) | |
| | ) | |
| **GREAT AMERICAN INSURANCE COMPANY** | ) | |
| **49 East 4th Street** | ) | |
| **Cincinnati, Ohio 45201,** | ) | |
| | ) | |
| **HARTFORD FIRE INSURANCE COMPANY,** | ) | |
| **690 Asylum Avenue** | ) | |
| **Hartford, Connecticut 06115,** | ) | |
| | ) | |
| **NAU COUNTRY INSURANCE COMPANY** | ) | |
| **7333 Sunwood Drive** | ) | |
| **Ramsey, Minnesota 55303,** | ) | |
| | ) | |
| **PRODUCERS LLOYDS INSURANCE COMPANY** | ) | |
| **2025 S. Hughes Street** | ) | |
| **Amarillo, Texas 79105,** | ) | |
| | ) | |
| **RURAL COMMUNITY INSURANCE COMPANY** | ) | |
| **3501 Thurston Avenue** | ) | |
| **Anoka, Minnesota 55303,** | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **1:06CV01430 (RMU)** |
| **FEDERAL CROP INSURANCE CORPORATION,** | ) | |
| **A CORPORATION WITHIN THE UNITED** | ) | |
| **STATES DEPARTMENT OF AGRICULTURE,** | ) | |
| **c/o U.S. Department of Agriculture** | ) | |
| **Office of the General Counsel** | ) | |
| **South Building, Room 2449** | ) | |
| **14th & Independence Avenue, S.W.** | ) | |
| **Washington, D.C. 20250,** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

RESPONDENTS' MOTION FOR LEAVE TO EXCEED THE
25-PAGE LIMIT FOR RESPONDENT'S OPPOSITION BRIEF

Respondent respectfully requests that this Court permit it to file an opposition brief of approximately sixty pages, or approximately 35 pages in excess of the 25-page limit for a dispositive motion. Petitioners do not oppose this motion.

This case is an appeal from decisions of the Agriculture Board of Contract Appeals ("AgBCA"). The AgBCA issued its initial, split, decision on December 21, 2005. AR2-39. Ace Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F (December 21, 2005) (www.usda/gov/bca). The board issued its second split decision, denying the companies' motion for reconsideration, on June 28, 2006. Ace Property et al, 2006 WL 1776561 (June 6, 2006). The insurance companies alleged that FCIC breached the SRAs by "implementing" two statutes, AREERA and ARPA,[1] and sought more than $60,000,000 for the alleged breaches of contract.

With the Court's permission, In January, 2007, we filed one omnibus motion, containing four separate motions, including:

1.  a motion for summary judgment, on Counts I-VIII of Petitioners' Amended and Substituted Complaint (Complaint, filed October 2, 2006,), which involve issues of the jurisdiction of the AgBCA to entertain petitioners' claims;

---

[1] AREERA is Agricultural Research, Extension, and Education Reform Act of 1998 ("AREERA"), Pub. L. 105-185, 7 U.S.C. § 1508 (sections 508(b)(5) and (c)(10)). AREERA increased the administrative fees and required that the companies remit all the fees to FCIC, instead of permitting them to retain some of the fees. AREERA also reduced the loss adjustment expenses that FCIC would pay.

ARPA is Agricultural Risk Protection Act of 2000 ("ARPA") (section 103(d)). In ARPA, Congress further reduced the loss adjustment expenses that FCIC would pay.

2.     a motion to dismiss, requesting that this dismiss petitioners' Count IX, raising constitutional claims, for failure to state a claim upon which relief may be granted;

3.     a motion to dismiss petitioners' contractual claims on the merits in Counts X-XI (breach, and unjust enrichment) for failure to exhaust mandatory administrative remedies; alternatively, a motion for summary judgment on Counts X-XI; and

4.     a motion to dismiss the complaint filed by petitioner Farmers Mutual Hail Insurance Company of Iowa for failure to exhaust mandatory administrative remedies (having never submitted an administrative claim to the agency, and having been named in Notice of Appeal to the AgBCA).

This case raises numerous complex issues, some of which are of first impression for this Court and in this Circuit. Plaintiffs are numerous insurance companies that signed Standard Reinsurance Agreements (SRAs) over the course of at least four years, pursuant to which the Federal Crop Insurance Corporation ("FCIC"), supervised by the Risk Management Agency ("RMA"), reinsured them. Plaintiffs have raised numerous issues and cited numerous cases, and we are required to respond to their arguments and address at least some of the cases upon which they rely.

The legal issues are very important to the FCIC, as we are sure they are to the insurance companies. The issues involve significant, interrelated, ones relating to the appropriate disputes resolution procedures - both administrative and judicial - for insurance companies that FCIC reinsures, under the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. §§ 1501 et seq., and the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, Pub. L. No. 103-354 1994, Pub. L. No. 103-354, 7 U.S.C. §§ 6901-7014 (2000)(1994 Reorganization

Act)).

There are at least ten significant issues, some with subparts. The issues include:

1.  Whether the decisions of the AgBCA meet the "finality" requirement for Counts I-VIII of petitioners' Complaint, such that this Court possesses jurisdiction, pursuant to 7 U.S.C. §1506(d) and §1508(j), to entertain petitioners' appeal of the decisions of the AgBCA;

2.  Whether this Court reviews the decisions of the AgBCA under the Administrative Procedure Act ("APA") standard of review, 5 U.S.C. § 704, and, if so, whether the decisions of the AgBCA were arbitrary, capricious, or contrary to law;

3.  Whether the AgBCA possessed jurisdiction to entertain petitioners' claims of breach and unjust enrichment, because: (a) petitioners' claims are contractual and governed by the disputes provisions, Section V. L., in the contracts, the SRA; and, (b) petitioners' claims are directed at the implementation by the FCIC of two statutes, which FCIC effected by issuing amendments numbers 1 and 3 to the contracts which affected the amount of administrative fees that the companies could retain and the amount of loss adjustment reimbursements that FCIC would pay to the companies (Counts V, VII) ; alternatively, if petitioners' claims are directed at the action of Congress in enacting two statutes that affected the SRAs, whether petitioners' claims lack merit (Count V).

4.  Whether the interpretation by the AgBCA panel majority of the contractual provision governing disputes, Section V. L, that expressly incorporated the terms of the regulation, 7 C.F.R. § 400.169, was correct, in whole or in part:

    a.  whether the SRA signed in 1998 was an annual contract, renewable each year, with possible amendments to its terms each year, including amendments to the disputes

provision, such that the "mandatory" version of 7 C.F.R. §400.169 (2000) applied to petitioners' claims for crop years 2000 and 2001 to bar their claims;

    i.  whether the SRA was a "continuous" contract that renewed each year on all of the same terms contained in the initial 1998 SRA, such that the allegedly "permissive" version of 7 C.F.R. § 400.169 (1995) applied to all of petitioners' claims for the four crop years at issue, 1998 through 2001 (Count VIII);

  b.  whether the dissenting AgBCA judge was correct that petitioners' claims for 1998 and 1999 were time-barred because Section V. L of the contract, that incorporated the terms of the 1995 regulation, 7 C.F.R. § 400.169, were mandatory, and provided for a 45-day limit within which the insurance companies were required, if they chose to submit a claim, to submit a claim in writing to the Deputy Administrator of the RMA, otherwise their claims would be time-barred;

  c.  whether the 1995 regulation was "permissive," and provided for a 45-day limit within which the insurance companies, if they so chose, could elect to submit their claims in writing to the RMA Deputy Administrator, or, whether they could bypass the administrative process and sue directly in a Federal district court that would exercise original de novo jurisdiction;

    i.  whether the trigger for the 45-day limit in 7 C.F.R. § 400.169 was the companies' receipt of FCIC Amendment 1 (June 30, 1998) and Amendment 3 (June 30, 2000) to the SRAs, respectively, which are the disputed actions, and/or by the date that FCIC promulgated the revised regulation (January 25, 2000) (Count III);

    ii.  whether the 45-day limit in 7 C.F.R. § 400.169 controls, and is not overridden by the six-year statute of limitations in section V.H. of the SRAs or by the six-year

limitations period in 28 U.S.C. § 2401 (Count II);

5.   Whether FCIC possessed the authority to promulgate the 1995 regulation and revision in 2000, 7 CFR §400.169 (Count I);

6.   Whether the Secretary of the United States Department of Agriculture ("USDA") possessed the authority pursuant to the FCIA, 7 U.S.C. §§ 1501 et seq., and the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, Pub. L. 103-354 1994, Pub. L. No. 103-354, 7 U.S.C. §§ 6901-7014 (2000) to expand the jurisdiction of the AgBCA so that it could entertain contractual disputes relating to the SRAs, 7 C.F.R. Part 24, and 7 C.F.R. § 400.169 (Count VI);

7.   Whether the AgBCA possessed jurisdiction to entertain petitioners' contractual claims of breach because the AgBCA possesses the authority to award money damages if the AgBCA concludes that FCIC breached the contracts (Count IV);

8.   Whether this Court lacks jurisdiction to entertain petitioners' contract claims (breach) because petitioners failed to exhaust their administrative remedies with respect to the merits of these claims, because they did not brief these issues to the board, and the board did not issue a final decision on these claims (Counts X, XI);

   a.   Alternatively, on the merits, whether FCIC issuance of Amendments 1 and 3 to the SRAs constituted a breach of contract (Count X);

   b.   Alternatively, whether petitioners are entitled to restitution pursuant to their claim that the FCIC was unjustly enriched by issuing Amendments 1 and 3 to the SRAs (Count XI);

9.   Whether the Court should dismiss as moot petitioners' due process and Article III constitutional claims - that FCIC and the AgBCA deprived petitioners of their right to pursue

some of their claims in Federal court - given that petitioners' claims may be decided upon a contractual, non-constitutional basis; alternatively, if petitioners' constitutional claims are not moot, whether these claims lack merit (Count IX);

10.   Whether this Court should dismiss the complaint filed by petitioner Farmers Mutual because this petitioner was not named in the companies' appeal to the AgBCA or in the original complaint filed in this Court (dated August 11, 2006); and, Farmers Mutual has failed to exhaust mandatory administrative remedies.

Because this is a complex case raising issues of first impression, involving numerous dispositive motions, we respectfully request that this Court permit us to file an opposition brief of approximately sixty pages, or approximately 35 pages in excess of the 25-page limit for a single dispositive motion.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court permit us to file an opposition brief of approximately sixty pages.

                Respectfully submitted,

                PETER D. KEISLER
                Assistant Attorney General


                s/ Jeanne E. Davidson
                JEANNE E. DAVIDSON
                Director, Commercial Litigation Branch

| | |
|---|---|
| Of Counsel: | s/ Jane W. Vanneman |
| JEFFREY A. TAYLOR | JANE W. VANNEMAN |
| D.C. Bar #498610 | D.C. BAR # 257121 |
| PETER S. SMITH | Senior Trial |
| D.C. BAR #465131 | United States Department of Justice |
| Assistant U.S. Attorney | Civil Division |
| Judiciary Center Building | Commercial Litigation Branch |
| 555 Fourth St., N.W. | 1100 L Street, N.W. |
| Room E4224 | Room 12010 |
| Washington, D.C. 20530 | Washington, D.C. 20005 |
| (202) 307-0372 | (202) 616-8283 |
| | jane.vanneman@usdoj.gov |

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

May 10, 2007