IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)<br>9200 Northpark Drive<br>Suite 300<br>Johnston, Iowa 50131,<br><br>ALLIANCE INSURANCE COMPANIES<br>1122 North Main<br>McPherson, Kansas 67460,<br><br>AMERICAN AGRICULTURAL INSURANCE COMPANY<br>1501 E. Woodfield Road<br>Suite 300W<br>Schaumburg, Illinois 60173,<br><br>AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION<br>c/o Director<br>Nebraska Department of Insurance<br>941 O Street, Suite 400<br>Lincoln, Nebraska 68508,<br><br>COUNTRY MUTUAL INSURANCE COMPANY<br>1701 Towanda Avenue<br>Bloomington, Illinois 61702,<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA<br>5400 University Avenue<br>West Des Moines, Iowa 50266,<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY<br>1122 North Main | Civil Action No.<br>1:06CV01430 (RMU) |

| | |
|---|---|
| **McPherson, Kansas 67460,** | ) |
| | ) |
| **FARMERS MUTUAL HAIL INSURANCE** | ) |
| **COMPANY OF IOWA** | ) |
| **6785 Westown Parkway** | ) |
| **West Des Moines, Iowa 50266** | ) |
| | ) |
| **GREAT AMERICAN INSURANCE COMPANY** | ) |
| **49 East 4th Street** | ) |
| **Cincinnati, Ohio 45201,** | ) |
| | ) |
| **HARTFORD FIRE INSURANCE COMPANY,** | ) |
| **690 Asylum Avenue** | ) |
| **Hartford, Connecticut 06115,** | ) |
| | ) |
| **NAU COUNTRY INSURANCE COMPANY** | ) |
| **7333 Sunwood Drive** | ) |
| **Ramsey, Minnesota 55303,** | ) |
| | ) |
| **PRODUCERS LLOYDS INSURANCE COMPANY** | ) |
| **2025 S. Hughes Street** | ) |
| **Amarillo, Texas 79105,** | ) |
| | ) |
| **RURAL COMMUNITY INSURANCE COMPANY** | ) |
| **3501 Thurston Avenue** | ) |
| **Anoka, Minnesota 55303,** | ) |
| | ) |
|       **Petitioners,** | ) |
| | ) |
|   **v.** | )  **Civil Action No.** |
| | )  **1:06CV01430 (RMU)** |
| **FEDERAL CROP INSURANCE CORPORATION,** | ) |
| **A CORPORATION WITHIN THE UNITED** | ) |
| **STATES DEPARTMENT OF AGRICULTURE,** | ) |
| **c/o U.S. Department of Agriculture** | ) |
| **Office of the General Counsel** | ) |
| **South Building, Room 2449** | ) |
| **14th & Independence Avenue, S.W.** | ) |
| **Washington, D.C. 20250,** | ) |
| | ) |
|       **Respondents.** | ) |
| | ) |

RESPONDENT'S RESPONSE TO PETITIONERS' LcvR7.1(h) STATEMENT OF MATERIAL FACTS WITH RESPECT TO WHICH THERE IS NO GENUINE ISSUE

Pending before the Court is respondent's four dispositive motions [fn] and petitioners' motion for partial summary judgment.  Pursuant to LCvR 56.1, Respondent Federal Crop Insurance Corporation ("FCIC") responds to the numbered paragraphs of Petitioners' Statement of Undisputed Facts as follows:

1. Undisputed.

2. This statement is a conclusion of law, not a statement of fact.  The statute speaks for itself

3. This statement is a conclusion of law, not a statement of fact.  The statute speaks for itself

4. This statement is a conclusion of law, not a statement of fact.  The statute speaks for itself

5. Undisputed.

6. Undisputed to the extent that the statement refers to approved insurance providers" as defined by the Federal Crop Insurance Act (FCIA), 7 U.S.C. §§ 1501 et seq., and to the reinsurance years at issue in this lawsuit, 1998 through 2002.  Alliance Insurance Companies, American Growers Insurance Company, Farmers Alliance Mutual Insuurance, and Hartford Fire Insurance Company are not currently approved insurance providers.

7. This statement is a conclusion of law, not a statement of fact.  The regulation speaks for itself.

8. This statement is a conclusion of law, not a statement of fact.  The contract, the Standard Reinsurance Agreement (SRA), speaks for itself.  Further, petitioner's reference to the "1998 SRA" in its "Statement of Undisputed Facts" and in its brief (Motion for Summary

Judgment), is misleading because whether it is the "1998 SRA" that was in effect for all the reinsurance years at issue is one of the fundamental legal issues in this case and was an issue before the Agriculture Board of Contract Appeals (AgBCA), Ace Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F (December 21, 2005) (www.usda/gov/bca); Ace Property et al, 2006 WL 1776561 (June 28, 2006)(motion for reconsideration denied).

9.  This statement is a conclusion of law, not a statement of fact. The SRA speaks for itself. In addition, the reference to the "1998 SRA" is misleading because each reinsurance year was governed by a separate SRA, in effect for subsequent years. Therefore, the "1998 SRA" was only in effect for the 1998 reinsurance year, not subsequent reinsurance years. Moreover, the statement that the "1998 SRA was subject to cancellation once per year . . ." is misleading because each successive SRA was a separate and independent SRA for the particular reinsurance year (e.g., 1998, 1999, 2000, 2001, 2002) and there is no issue in this litigation relating to any possible "cancellation." Rather, each annual SRA was subject to changes in its terms.

10. This statement is a conclusion of law, not a statement of fact. In addition, the reference to the "1998 SRA" is misleading because each reinsurance year was governed by a separate SRA, in effect for subsequent years. Therefore, the "1998 SRA" was only in effect for the 1998 reinsurance year, not subsequent reinsurance years. Moreover, the statement that FCIC "did not give written notice . . ." that "it was terminating the 1998 SRA" is misleading because each successive SRA was a separate and independent SRA for the particular reinsurance year (e.g., 1998, 1999, 2000, 2001, 2002) and there is no issue in

   this litigation relating to any possible "termination" of any SRA. Rather, each annual SRA was subject to changes in its terms..

11. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself.

12. This statement is a conclusion of law, not a statement of fact. The SRA speaks for itself. Moreover, we do not dispute the statement as it applies only for the SRA applicable for the 1998 reinsurance year, not SRAs in effect in reinsurance years after 1998.

13. This statement is a conclusion of law, not a statement of fact. The SRA speaks for itself. Moreover, we do not dispute the statement as it applies only for the SRA applicable for the 1998 reinsurance year, not SRAs in effect in reinsurance years after 1998.

14. This statement is a conclusion of law, not a statement of fact. The SRA speaks for itself. We do not dispute that the Section V.L. quoted in this paragraph is the Section V.L. in effect for the 1998 reinsurance year. However, it is not necessarily the same Section V.L. in effect for subsequent reinsurance years pursuant to different SRAs.

15. This statement is a conclusion of law, not a statement of fact. The SRA speaks for itself. Moreover, we do not dispute that the portion of Section V.H. quoted in this paragraph is the Section V.H. in effect for the 1998 reinsurance year. However, it is not necessarily the same section V.H. in effect for subsequent reinsurance years pursuant to different SRAs. In addition, there are other sections of the SRA and regulations incorporated into the SRA by reference that address time limits for insurance companies to submit claims to the agency, with a subsequent right to appeal to the AgBCA, and then to a Federal district court.

16. This statement is a conclusion of law, not a statement of fact. The SRA speaks for itself. However, the reference to "first 'Annual Settlement' under the 1998 SRA" is misleading. The Annual Settlement for the 1998 SRA would occur first in February 1999 and monthly thereafter as changes were made to resolve issues in effect for the 1998 reinsurance year. The Annual Settlement for the 1999 SRA would occur first in February 2000 and monthly thereafter as changes were made to resolve issues in effect for the 1999 reinsurance year, and so on.

17. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself.

18. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself. In addition, this statement is argument, not a fact, particularly with respect to petitioner's characterization of the section of the legislation that allegedly "deprived" the insurance provides of "compensation." The statement is argument because it relates to legal issues in the case. Moreover, this statement is argument, because petitioners' contend, in part, that it was Congress that allegedly amended their SRA, whereas it is, in reality, FCIC's implementation of AREERA (Agricultural Research, Extension, Education, and Reform Act of 1998, Publ. L. No. 105-185), by issuing contract modifications to petitioners' SRAs, that is at issue in this case.

19. This statement is argument, not a fact. Moreover, we dispute the statement because it assumes that the insurance providers possessed a contractual right to retain the CAT administrative fees. However, the major issue in this case is whether FCIC's implementation of the statute, AREERA, affected any possible contractual interest of the

   insurance companies to retain administrative fees for any SRAs in effect after enactment of AREERA in 1998. Further, petitioner's statement concedes, in effect, that issues in this case involve alleged a "contractual right," which, in turn, lead to the logical conclusion that the AgBCA would have possessed jurisdiction to entertain the contractual dispute, had petitioners submitted administrative claims in a timely manner to the Risk Management Agency (RMA), which administers the programs of FCIC.

20. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself.

21. This statement is a conclusion of law, not a statement of fact. Moreover, this statement is argument, because petitioners contend, in part, that it was Congress that allegedly amended their SRA, whereas it is, in reality, FCIC's implementation of AREERA, by issuing contract modifications to petitioners' SRAs, that is at issue in this case.

22. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself.

23. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself. Moreover, this statement is argument, because petitioners' contend, in part, that it was Congress that allegedly amended their SRA, whereas it is, in reality, FCIC's implementation of AREERA, by issuing contract modifications to petitioners' SRAs, that is at issue in this case.

24. This statement is a characterization of petitioners' claims, not a statement of fact. Further, Amendment 1 and Amendment 3 to the SRAs speak for themselves. The "reservation of rights" letters speak for themselves. Moreover, to the extent that

petitioners contend that they executed "reservation of rights" to seek compensation for FCIC's amendments to the SRAs, their statement is incomplete, because they fail to state that they never pursued their reservation of rights until years later, when they first submitted their administrative claim to the Deputy Administrator of RMA in May 2004. Petitioners also fail to mention that they submitted annual Plans of Operations to FCIC, which were subsequently approved by RMA for each reinsurance year after 1998 at issue (1999, 2000, 2001, 2002), and none of these Plans of Operations contained any reservation of rights.

25. Disputed. This statement presumes that the insurance providers are entitled to the amounts sought in this litigation. However, such liability is the issue for this Court to adjudicate. Moreover, to the extent that petitioners contend that they were "entitled" to the amounts that they claim in this litigation, allegedly pursuant to any SRA, this leads to the logical conclusion that the AgBCA would have possessed jurisdiction to entertain the dispute over whether the amounts were owed under the SRA, had petitioners submitted administrative claims in a timely manner to RMA.

26. This statement is a conclusion of law, not a fact, particularly to the extent that petitioners claim that the letter sought a "determination." The letter speaks for itself. The second sentence contained in this statement is a characterization of the response by the RMA Deputy Administrator, which speaks for itself. In any event, petitioners' statement is, in effect, an admission that the dispute is a contractual one, which leads to the logical conclusion that the AgBCA would have possessed jurisdiction to entertain the dispute over whether the amounts were owed under the SRA had petitioners submitted

administrative claims in a timely manner to RMA.

27. This statement is argument, not a fact. This statement also is a characterization of the law, particularly to the extent that petitioners refer to a "determination," and is an issue for this Court to adjudicate.

28. Undisputed, and respondent states that petitioners' appeal to the AgBCA was dated June 23, 2004.

29. This statement is a conclusion of law, not a statement of fact. The decisions of the AgBCA (December 21005 and June 2006), including separate written decisions by the three board judges, speaks for themselves.

30. This statement is argument, not a fact. We do not dispute that the AgBCA issued its decision before FCIC filed an answer to petitioners' Notice of Appeal, and that the AgBCA issued its decisions without oral argument or any evidentiary, trial-type hearing (which was not necessary, given the summary judgment nature of the proceedings). Contrary to petitioners' suggestion, there was an administrative record before the AgBCA sufficient for the AgBCA to issue its decisions. In sum, there was no need for any trial-type evidentiary hearing on the legal issues, and, contrary, to petitioners' position, we oppose any remand to the AgBCA for further factual development of the administrative record.

31. This statement is a conclusion of law, not a statement of facts. The regulation speaks for itself.

32. This statement is a conclusion of law, not a statement of fact. The comments and FCIC's statement speak for themselves.

33. This statement is a conclusion of law, not a statement of fact. The amendment to the regulation speaks for itself.

34. This statement is a conclusion of law, not a statement of fact. The amendment to the regulation speaks for itself.

35. This statement is a conclusion of law, not a statement of fact. The comments to the proposed 1995 version of the regulation speak for themselves. In any event, there is no issue, as petitioners suggest, as to any subjective "intent" by FCIC in adopting the 1995 version of the regulation, because whether the intent was for an informal or formal appeals process is not material because it was established by law and 7 U.S.C. §6912(e), enacted on October 13, 1994, that persons were required to exhaust all administrative appeals procedures established by the Secretary or required by law before the person could bring suit in a Federal district court.

36. This statement is a conclusion of law, not a statement of fact. The comments to the 1995 version of the regulation speak for themselves.

37. This statement is a conclusion of law, not a statement of fact. The decision of the AgBCA in <u>American Growers</u>, AgBCA No. 99-134-F, 1999 WL 9843394 (October 28, 1999), speaks for itself.

38. This statement is a conclusion of law, not a statement of fact. The regulation speaks for itself. Moreover, this statement is also argument, not a fact, to the extent that petitioners state that the January 2000 regulation is the "one currently in effect."

39. Undisputed.

40. This statement is a conclusion of law, not a statement of fact. The regulation speaks for

itself. Moreover, this statement is argument, not fact, to the extent that petitioners contend that the Secretary of Agriculture "ostensibly" granted the AgBCA "jurisdiction to hear appeals from agency determinations regarding standard reinsurance agreements." Further, this statement involves a legal issue in the case, which the Court will be required to address.

41. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself. Moreover, this statement is argument, not fact, to the extent that petitioners suggest that the jurisdiction of the AgBCA is limited to CDA disputes (Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601 et seq. - which is a legal issue in the case, that the Court will be required to address.

42. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself. Moreover, we agree that an SRA is not a CDA contract.

43. This statement is a conclusion of law, not a statement of fact. The brief to which petitioners refer speaks for itself. Moreover, we agree that an SRA not a CDA contract. Further, this statement relates to a legal issue that the Court will be required to address with respect to the scope of the AgBCA to decide contractual disputes involving an SRA, and the issue of the extent to which the CDA serves a model of disputes resolution procedures for SRA contractual disputes.

44. This statement is a conclusion of law, not a statement of fact. The statute speaks for itself. Further, this statement relates to a legal issue that the Court will be required to address with respect to the contractual disputes clause contained within the SRAs, that in turn incorporate FCIC regulations that provides for express time limits within which an

11

insurance company, if it wishes to dispute an FCIC action, must submit its claim to the agency and then appeal any adverse decision to the AgBCA, before it may file a lawsuit in a Federal district court. See Section V.L. of the SRA; 7 C.F.R. § 400.169(a) and (d); 7 C.F.R. Part 24.4(b).

45. This statement is a conclusion of law, not a statement of fact. The contract and the regulation speak for themselves. Moreover, the crop insurance policy to which petitioners refer is the policy between a producer and a reinsurance company, not the SRA at issue in this case. Further, to the extent that petitioners suggest that the crop insurance policy (between a producer and the insurance company is a "continuous" policy, as petitioners attempt to characterize the SRA, their statement is misleading, because petitioners cite only to one isolated provision of the crop insurance policy relating to "Life of Policy, Cancellation, and Termination," and even that provision makes reference to "each crop year" in which the policy is in effect. In addition, petitioners neglect to mention several other provisions of the standard crop insurance policy which, read as a whole, provide, either expressly or by implication, that terms within the policy may be changed in any given crop year, including:

    a.    FCIC policies (handbooks, manuals, memoranda, and bulletins) are used in the administration of the policy (page 1[1]);

    b.    all provisions of the policy are subject to the statute (page 2);

    c.    Definitions, including:

        i.    contract change date, the date by which changes the policy, if any, will be

---

[1] References to page numbers are to Westlaw page numbers.

        made available to the policy holder in any crop year (page 3-4);

    ii.    crop year, which is the period within which the insured crop is normally grown in a calendar year (page 4)

    iii.    end of insurance period, the date upon which the coverage ceases for the crop year (page 5);

    iv.    policy, the agreement between the producer and the insurance company and applicable regulations (page 7);

    v.    life of the policy, which means that it will continue in force for each succeeding crop year unless canceled or termination (according to specific provisions) (page 10);

d.    section 3, which provides for insurance guarantees, coverage levels and prices that can change for each crop year (page 12);

e.    section 3, which governs price elections, coverage levels, and amount of insurance, which can change each year (page 12);

f.    section 4, "Contract Changes," which provides in (a) that FCIC "may change the terms of your coverage under this policy from year to year," which includes possible changes to policy provisions, amounts of insurance, premium rates, program dates, and price elections (page 15), and that after the contract change date, all changes permitted by section 4(b) will be available from the producer's crop insurance agent, and that "Acceptance of the changes will be conclusively presumed in the absence of notice from you to change or cancel your insurance coverage." (page 15);

    g.    section 7, which provides for annual premium and administrative fees (page 17); and,

    h.    section 11, "Insurance Period," which provides that coverage begins on each unit or part of a unit at the certain, alternative dates with a calendar year (page 20).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director, Commercial Litigation Branch

Of Counsel:
JEFFREY A. TAYLOR
D.C. Bar #498610
PETER S. SMITH
D.C. BAR #465131
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
  Room E4224
Washington, D.C. 20530
(202) 307-0372

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

s/ Jane W. Vanneman
JANE W. VANNEMAN
D.C. BAR # 257121

Senior Trial Counsel
United States Department of Justice,
Civil Division,
Commercial Litigation Branch
1100 L Street, N.W.
Room 12010
Washington, D.C. 20005
(202) 616-8283

May 10, 2007