RULES and REGULATIONS

DEPARTMENT OF AGRICULTURE

Federal Crop Insurance Corporation

7 CFR Part 400

[Amdt. No. 1; Doc. No. 5770S]

General Administrative Regulations; Standards for Approval; Standard
Reinsurance Agreement

Monday, August 22, 1988

**\*31825** AGENCY: Federal Crop Insurance Corporation, USDA.

ACTION: Final rule.

SUMMARY: The Federal Crop Insurance Corporation (FCIC) herewith amends the General Administrative
Regulations; Standards for Approval; Standard Reinsurance Agreement (7 CFR Part 400, Subpart L),
effective for the 1988 and succeeding crop years, by providing a time frame in which to file a request for
a reconsideration of any dispute arising under this Subpart and the Standard Reinsurance Agreement
entered into by the Reinsured Company and FCIC prior to a final decision on such dispute, and by
delegating the authority for such decisions to the Deputy Manager, FCIC. The intent of this rule is to: (1)
Provide forty five days in which a Company may file a request for reconsideration of an initial
determination by FCIC which the Company disputes, before a final decision is made in the matter; and
(2) delegating authority for decisions in these matters to the Deputy Manager, FCIC.

EFFECTIVE DATE: August 22, 1988.

FOR FURTHER INFORMATION CONTACT:Peter F. Cole, Secretary, Federal Crop Insurance Corporation,
U.S. Department of Agriculture, Washington, DC 20250, telephone (202) 447-3325.

SUPPLEMENTARY INFORMATION: This action has been reviewed under USDA procedures established by
Departmental Regulation 1512-1. This action does not constitute a review as to the need, currency,
clarity, and effectiveness of these regulations under those procedures. The sunset review date
established for these regulations is established as July 1, 1991.
John Marshall, Manager, FCIC, (1) has determined that this action is not a major rule as defined by
Executive Order 12291 because it will not result in: (a) An annual effect on the economy of $100 million
or more; (b) major increases in costs or prices for consumers, individual industries, federal, State, or
local governments, or a geographical region; or (c) significant adverse effects on competition,
employment, investment, productivity, innovation, or the ability of U.S.-based enterprises to compete
with foreign-based enterprises in domestic or export markets; and (2) certifies that this action will not
increase the federal paperwork burden for individuals, small businesses, and other persons.
This action is exempt from the provisions of the Regulatory Flexibility Act; therefore, no Regulatory
Flexibility Analysis was prepared.
This program is listed in the Catalog of Federal Domestic Assistance under No. 10.450.
This program is not subject to the provisions of Executive Order 12372 which requires intergovernmental
consultation with State and local officials. See the Notice related to 7 CFR Part 3015, Subpart V,
published at 48 FR 29115, June 24, 1983.
This action is not expected to have any significant impact on the quality of the human environment,
health, and safety. Therefore, neither an Environmental Assessment nor an Environmental Impact
Statement is needed.
Under the prior provisions of 7 CFR 400.149, any dispute arising between the company and the
Corporations under the provisions of the Standards for Approval of the Reinsurance Agreement or the
Agreement itself, must be submitted for decision to the Manager, Federal Crop Insurance Corporation,
U.S. Department of Agriculture, Washington, DC 20250. The Manager's decision in matters of dispute is
final unless the Company requests reconsideration in writing within forty five days of the receipt of the
decision.
This provision makes no allowance for the Company to review a determination by FCIC which the
Company disputes prior to the decision by the Manager. Disputes should be resolved in a timely fashion
following review and reconsideration. Under the present provision, excessive delays are being

experienced prior to the decision made by the Manager.

In order for the Company to be able to review any finding by FCIC which has the potential of becoming a dispute, FCIC has determined that this provision should be amended to provide the Company forty five days from the date of notification to the Company of the finding being disputed in which to file a request for reconsideration. Further, when FCIC advises the Company of its final determination, the letter of advice will state that the Company has forty five days in which to file such a request, and to whom the request should be addressed. If the Company fails to file a request for reconsideration within forty five days, FCIC will presume the Company agrees with the determination and does not seek review.

In addition, FCIC has determined that, under the authority of the Manager to redelegate authority, requests for reconsideration will be addressed to the Deputy Manager, FCIC, and that the decision of the Deputy Manager in these matters will be final.

On Thursday, May 24, 1988, FCIC published a notice of proposed rulemaking in the Federal Register at 53 FR 18571, proposing to amend the General Administrative Regulations; Standards for Approval; Standard Reinsurance Agreement (7 CFR Part 400, Subpart L), effective for the 1988 and succeeding crop years, by providing a time frame in which to file a request for a reconsideration of any dispute arising under this Subpart and the Standard Reinsurance Agreement entered into by the Reinsured Company and FCIC prior to a final decision on such dispute, and by delegating the authority for such decisions to the Deputy Manager, FCIC.

The public was given 30 days in which to submit written comments, data, and opinions on the rule, but none were received. Therefore, FCIC hereby adopts the rule published at 53 FR 18571 as a final rule.

List of Subjects in 7 CFR Part 400

Crop Insurance, Reinsurance agreement, Standards for approval.

Final Rule

Accordingly, pursuant to the authority contained in the Federal Crop Insurance *31826 Act, as amended (7 U.S.C. 1501 et seq.), the Federal Crop Insurance Corporation hereby amends the General Administrative Regulations (7 CFR Part 400), effective for the 1988 and succeeding contract years, in the following instances:

PART 400--GENERAL ADMINISTRATIVE REGULATIONS

1. The authority citation for 7 CFR Part 400 continues to read as follows:

Authority: 7 U.S.C. 1501-1520, as amended.

### 7 CFR § 400.149

2. 7 CFR Part 400, Subpart L, is amended by revising § 400.149 to read as follows:

Subpart L--Reinsurance Agreement--Standards for Approval--Regulations for the 1988 and Subsequent Contract Years

* * * * *

### 7 CFR § 400.149

§ 400.149 Disputes.

Initial findings under this Subpart and the Reinsurance Agreement will be made by the Corporation. The Corporation will advise the Company of those findings and request their input within 45 days of the determination. This time may be extended at the request of the Company if the Corporation agrees to the extension. At the expiration of the time period or, after receipt of the Company's input, the Corporation will issue a final determination denominated as "the determination of the Corporation." That determination will advise the Company of its rights under this section. The Company, if it disputes the Corporation's determination, must appeal that determination in writing, within forty-five days of the receipt of the determination, to the Deputy Manager, Federal Crop Insurance Corporation, U.S. Department of Agriculture, Washington, DC 20250. The decision of the Deputy Manager will be final. Any hearing provided by the Corporation will be of an informal nature and the rules of evidence will not apply. Pending final decision of the dispute, the company will proceed diligently with the performance of the Agreement, as required by the Corporation. Failure to appeal the Corporation determination within the time allowed, may result in Corporation offset of any amount found to be due the Corporation from funds which may otherwise be due the Company.

Done in Washington, DC, on August 16, 1988.

John Marshall,

Manager, Federal Crop Insurance Corporation.

[FR Doc. 88-18991 Filed 8-19-88; 8:45 am]

BILLING CODE 3410-08-M

53 FR 31825-01, 1988 WL 265751 (F.R.)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

RULES and REGULATIONS

DEPARTMENT OF AGRICULTURE

Federal Crop Insurance Corporation

7 CFR Part 400

General Administrative Regulations; Reinsurance Agreement--Standards for Approval

Monday, May 1, 1995

**\*21035** AGENCY: Federal Crop Insurance Corporation, USDA.

ACTION: Interim rule.

SUMMARY: The Federal Crop Insurance Corporation ("FCIC") hereby amends its General Administrative Regulations, 7 CFR part 400, by revising the Disputes clause, located at section 400.169. The intended effect of this rule is to provide reinsured companies with an informal reconsideration process through an administrative officer of FCIC and the right to appeal the administrative officer's administrative determination to the Board of Contract Appeals.

DATES: This rule is effective May 1, 1995. Written comments, data, and opinions on this rule will be accepted until close of business June 30, 1995 and will be considered when the rule is to be made final.

ADDRESSES: Written comments, data, and opinion on this interim rule should be sent to Diana Moslak, Regulatory and Procedural Development Staff, Federal Crop Insurance Corporation, USDA, Washington, D.C. 20250. Hand or messenger delivery should be made to Suite 500, 2101 L Street, N.W., Washington, D.C. Written comments will be available for public inspection and copying in the Office of the Manager, 2101 L Street, N.W., 5th Floor, Washington, D.C., during regular business hours, Monday through Friday.

FOR FURTHER INFORMATION CONTACT: Federal Crop Insurance Corporation, U.S. Department of Agriculture, Washington, D.C. 20250. Telephone (202) 254-8314.

SUPPLEMENTARY INFORMATION: As a result of the Departmental reorganization mandated by the Department of Agriculture Reorganization Act of 1994, FCIC must amend its dispute provisions to provide reinsured companies with a mechanism to request reconsideration or appeal of adverse decisions determined by FCIC.

This action has been reviewed under United States Department of Agriculture ("USDA") procedures established by Executive Order 12866 and Departmental Regulation 1512-1. This action constitutes a review as to the need, currency, clarity, and effectiveness of these regulations under those procedures. The sunset review date established for these regulations is March 31, 1999.

This rule has been determined to be "not significant" for the purposes of Executive Order 12866, and therefore, has not been reviewed by the Office of Management and Budget ("OMB").

This rule does not contain information collection requirements that require approval by OMB under the Paperwork Reduction Act of 1980 (44 U.S.C. 3501 et seq.).

It has been determined under section 6(a) of Executive Order 12612, Federalism, that this rule does not have sufficient federalism implications to warrant the preparation of a Federalism Assessment. The policies and procedures contained in this rule will not have a substantial direct effect on states or their political subdivisions, or on the distribution of power and responsibilities among the various levels of government.

Under the Regulatory Flexibility Act (5 U.S.C. 605), this regulation will not have a significant impact on a substantial number of small entities. This action does not increase the paperwork burden on the reinsured company because this action only changes the mechanism in which to submit disputed reinsurance issues. Therefore, this action is determined to be exempt from the provisions of the Regulatory Flexibility Act and no Regulatory Flexibility Analysis was prepared.

This program is listed in the Catalog of Federal Domestic Assistance under No. 10.450.

This program is not subject to the provisions of Executive Order 12372 which require intergovernmental consultation with state and local officials. See the Notice related to 7 CFR part 3015, subpart V, published at 48 FR 29115, June 24, 1983.

The Office of the General Counsel has determined that these regulations meet the applicable standards provided in subsections (2)(a) and 2(b)(2) of Executive Order 12778. The provisions of this rule will

preempt state and local laws to the extent such state and local laws are inconsistent herewith. The administrative appeal provisions located at 7 CFR part 400, subpart J and the appeal provisions promulgated by the Board of Contract Appeals, 7 CFR part 24, subtitle A, must be exhausted before judicial action may be brought.

This action is not expected to have any significant impact on the quality of the human environment, health, and safety. Therefore, neither an Environmental Assessment nor an Environmental Impact Statement is needed.

This interim rule provides a new avenue of appeal for reinsured companies now that FCIC no longer has hearing officers to conduct these appeals. At present, there is no body authorized to hear these appeals. Therefore, it is impractical and contrary to the public interest to publish this rule for notice and comment prior to making the rule effective. However, comments are solicited for 60 days after the date of publication in the Federal Register and will be considered by FCIC before this rule is made final.

Background

Prior to enactment of the Department of Agriculture Reorganization Act of 1994, reinsured companies were afforded the opportunity for an informal hearing to appeal final determinations made by FCIC. The authority to hear these appeals was delegated to FCIC hearing officers. If the reinsured company was dissatisfied with the determination of the hearing officer, its only recourse was to the courts. Since the Standard Reinsurance Agreement is not a program agreement but instead an agreement for delivery of the program, it is an action to be handled by the *21036 Agency Board of Contract Appeals rather than a program matter within the jurisdiction of the National Appeals Division. If the reinsured company is now dissatisfied with a determination under a reinsurance agreement with FCIC it may now request the Director of Insurance Services to render a final administrative determination on the dispute. If the reinsured company is dissatisfied with a determination as a result of a compliance review finding, it may request the Director of Compliance to render a final administrative determination on the dispute. Such final administrative determination by the Director of Insurance Services or Director of Compliance will be appealable to the United States Department of Agriculture Board of Contract Appeals.

List of Subjects in 7 CFR Part 400

Crop insurance.

Final Rule

Pursuant to the authority contained in the Federal Crop Insurance Act, as amended (7 U.S.C. 1501 et seq.), the Federal Crop Insurance Corporation hereby amends 7 CFR part 400, subpart L to read as follows:

PART 400--[AMENDED]

1. The authority citation for 7 CFR part 400, subpart L, is revised to read as follows:

Authority: 7 U.S.C. 1506(l).

7 CFR § 400.169

2. Section 400.169 is revised to read as follows:

7 CFR § 400.169

§400.169 Disputes.

(a) If the company believes that the Corporation has taken an action that is not in accordance with the provisions of the Standard Reinsurance Agreement or any reinsurance agreement with FCIC, except compliance issues, it may within 45 days after receipt of such determination, request, in writing, the Director of Insurance Services to make a final administrative determination addressing the disputed issue. The Director of Insurance Services will render the final administrative determination of the Corporation with respect to the applicable issues.

(b) If the company believes that the Corporation's compliance review findings are not in accordance with the applicable laws, regulations, custom or practice of the insurance industry, or FCIC approved policy and procedure, it may within 45 days after receipt of such determination, request, in writing, the Director of Compliance to make a final administrative determination addressing the disputed issue. The Director of Compliance will render the final administrative determination of the Corporation with respect to these issues.

(c) A company may also request reconsideration by the Director of Insurance Services of a decision of the Corporation rendered under any Corporation bulletin or directive which bulletin or directive does not affect, interpret, explain, or restrict the terms of the reinsurance agreement. The company, if it disputes the Corporation's determination, must request a reconsideraiton of that determination in writing, within 45 days of the receipt of the determination. The determinations of the Director will be final and binding on the company. Such determinations will not be appealable to the Board of Contract Appeals.

(d) Appealable final administrative determinations of the Corporation under § 400.169 (a) or (b) may be appealed to the Board of Contract Appeals in accordance with the provisions of part 24 of title 7, subtitle A, of the Code of Federal Regulations, 7 CFR part 24.

Done in Washington, D.C., on April 20, 1995.

Kenneth D. Ackerman,

Manager, Federal Crop Insurance Corporation.

[FR Doc. 95-10466 Filed 4-28-95; 8:45 am]

BILLING CODE 3410-08-P

60 FR 21035-01, 1995 WL 248207 (F.R.)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

RULES and REGULATIONS

DEPARTMENT OF AGRICULTURE

Office of the Secretary

7 CFR Part 24

Revision of Rules of Procedure, Agriculture Board of Contract Appeals

Tuesday, November 7, 1995

**\*56206** AGENCY: Office of the Secretary, USDA.

ACTION: Final rule.

SUMMARY: The Agriculture Board of Contract Appeals ("AGBCA") hereby revises its Rules of Procedure, 7 CFR Part 24, by making minor modifications to implement the requirements of the Federal Acquisition Streamlining Act of 1994 regarding amounts in controversy for use of expedited and accelerated procedures; to describe the Board's jurisdiction in conformance with current Departmental regulations; to eliminate the Rules of Procedure for "nonstatutory" appeals contained in 7 CFR 24.21 Appendix B (used primarily for pre-Contract Disputes Act ("CDA") appeals); and to make minor technical corrections to the rules of procedure to streamline conduct of appeals and conform to current AGBCA practice. The intended effect of these changes is to provide one streamlined set of rules of procedure applicable to all appeals within the AGBCA's jurisdiction.

DATES: This rule is effective November 7, 1995.

FOR FURTHER INFORMATION CONTACT:

M.C. Shager, Chief Counsel, Board of Contract Appeals, U.S. Department of Agriculture, 2912 South Building, Washington, D.C. 20250. Telephone (202) 720- 7023.

SUPPLEMENTARY INFORMATION: These changes have been reviewed under United States Department of Agriculture ("USDA") procedures established by Executive Order 12866 and Departmental Regulation 1512-1. These changes constitute a review as to the need, currency, clarity, and effectiveness of these regulations under those procedures.
These changes have been determined to be "not significant" for the purposes of Executive Order 12866, Regulatory Planning and Review, and therefore have not been reviewed by the Office of Management and Budget ("OMB").
These changes do not contain information collection requirements that require approval by OMB under the Paperwork Reduction Act of 1980 (44 U.S.C. 501 et seq.).
It has been determined under section 6(a) of Executive Order 12612, Federalism, that these changes do not have sufficient federalism implications to warrant the preparation of a Federalism Assessment. The policies and procedures contained in these changes will not have a substantial direct effect on states or their political subdivisions, or on the distribution of power and responsibilities among the various levels of government.
Under the Regulatory Flexibility Act (5 U.S.C. 605), these changes will not have a significant impact on a substantial number of small entities. These changes do not increase the paperwork burden on contractors filing appeals with the AGBCA because these changes only conform the Board's jurisdiction to existing USDA regulations and change the thresholds for accelerated and expedited appeals consistent with the Federal Acquisition Streamlining Act of 1994 (Pub. L. No. 103-355) ("FASA"). Therefore, these changes are determined to be exempt from the provisions of the Regulatory Flexibility Act and no Regulatory Flexibility Analysis was prepared.
The Office of the General Counsel has determined that these changes meet the applicable standards provided in subsections (2)(a) and 2(b)(2) of Executive Order 12778, Civil Justice Reform.
These changes are not expected to have any significant impact on the quality of the human environment, health, and safety. Therefore, neither an Environmental Assessment nor an Environmental Impact Statement is needed.
These changes contain modifications to implement the requirements of the FASA regarding amounts in controversy for use of expedited and accelerated procedures; to describe the Board's jurisdiction in conformance with current Departmental regulations; to eliminate the Rules of Procedure for "nonstatutory" appeals contained in 7 CFR 24.21 Appendix B; and to make minor technical corrections to

the rules of procedure to streamline the conduct of appeals and conform to current AGBCA practice. The intended effect of these changes is to provide one streamlined set of rules of procedure applicable to all appeals within the AGBCA's jurisdiction.

These changes relate to internal agency management and rules of procedure and practice in formal adjudicatory proceedings. The provisions of the Administrative Procedure Act concerning notice and opportunity for comment on agency rulemaking (5 U.S.C. 553) do not apply to the promulgation of agency rules of practice. For this reason these changes are made effective upon publication in the Federal Register.

For ease of reading, the AGBCA's entire Rules of Procedure are included, including republished or revised sections. The major revisions are summarized here:

§24.2 Composition of the Board. The rule allows the AGBCA's Vice Chair to act for the Chair upon request or absence of the Chair.

§24.4 Jurisdiction. In accordance with other USDA regulations, jurisdiction over appeals from certain Federal Crop Insurance Corporation final administrative decisions regarding reinsurance agreements has been added, and the AGBCA's jurisdiction over appeals of debarments and suspensions has been clarified to conform to AGBCA decisions and Departmental practice that the AGBCA's decisions are final within the Department. The title of the Contract Work Hours and Safety Standards Act has been corrected and the AGBCA's jurisdiction has been clarified in accordance with statutory language. The distinction between "statutory" and "nonstatutory" jurisdiction has been eliminated.

§24.5 Time for Filing Notice of Appeal. The time limits have been clarified for each type of AGBCA jurisdiction.

§24.6 Board Location and Address. The AGBCA's telephone and facsimile numbers have been added.

§24.9 Definitions. The unnecessary definition of contracting officer of the Forest Service has been eliminated. The definition of "days" has been added to this section.

§24.21 Rules of Procedure of Agriculture Board of Contract Appeals--AGBCA. The definition of "days" has been removed from this section and added to the definitions section.

Rule 1(b) & (c). In accordance with section 2351(b) of FASA, the threshold for certification, decision, and notification has been raised from $50,000 to $100,000. These rules have been modified to reflect this change.

Rule 3 now indicates that the AGBCA will provide appellants with a copy of the notice on Alternative Dispute Resolution with the notice of docketing.

Rules 4(a) & (b), 6(a) & (b) now require that, except for the Complaint, the parties should serve documents on the opposing party rather than filing all copies with the AGBCA.

Rule 12.1(a). In accordance with section 2351(d) of FASA, the maximum for applicability of the small claims (expedited) procedures has been raised from $10,000 to $50,000.

Rule 12.1(b). In accordance with section 2351(c) of FASA, the maximum for applicability of the accelerated procedures has been raised from *56207* $50,000 to $100,000. Rule 12.3(c) has a similar change.

Rule 16(a) now conforms to the AGBCA's current practice of requiring parties to file the Complaint directly with the Board but to serve copies of other documents directly on the opposing party, and to use certified mail, return receipt requested, for serving papers.

Rule 16(b) now allows use of facsimile transmissions, specifies that receipt occurs upon receipt by facsimile of the entire document, and cautions parties that time limits will not be extended merely because of facsimile equipment failures.

Rule 20 now clarifies that Administrative Judges may issue subpoenas only in CDA appeals.

Rule 21.1. New rule 21.1 provide that the Chair has authority to request the appropriate United States Attorney to apply for subpoenas in non-CDA appeals.

Rule 30 now provides that the AGBCA may specify a time shorter than three years within which parties must act to reinstate appeals dismissed without prejudice.

Rule 34. Former Rule 34 described the application of the AGBCA's Rules of Procedure to various contracts. Because this information is contained in § 24.4, this rule is eliminated. New Rule 34 notifies parties of the availability of methods of Alternative Dispute Resolution.

Rule 35. New rule 35 notifies parties of the USDA's rules regarding applications for attorneys' fees and expenses under the Equal Access to Justice Act, 5 U.S.C. 504.

The Rules of Procedure for "nonstatutory" appeals contained in 7 CFR 24.21 Appendix B are eliminated.

List of Subjects in 7 CFR Part 24

Administrative practice and procedure; Agriculture; Government contracts; Organization and functions (Government agencies).

For the reasons set forth in the Preamble, and under the Secretary's authority, 5 U.S.C. 301, part 24, title 7, Code of Federal Regulations is revised to read as follows:

PART 24--BOARD OF CONTRACT APPEALS, DEPARTMENT OF AGRICULTURE

Sec.
24.1 General.
24.2 Composition of the Board.
24.3 Presiding Administrative Judge.
24.4 Jurisdiction.
24.5 Time for filing notice of appeal.
24.6 Board location and address.
24.7 Public information.
24.8 Rules of procedure.
24.9 Definitions.

Subpart B--Rules of Procedure

24.21 Rules of Procedure of Agriculture Board of Contract Appeals--AGBCA.

Authority: 5 U.S.C. 301; 15 U.S.C. 714b, 714g, and 714h; 16 U.S.C. 551; 40 U.S.C. 486(c); 41 U.S.C. 601-613.

Subpart A--Organization and Functions

### 7 CFR § 24.1

§24.1 General.

The Board of Contract Appeals, United States Department of Agriculture (referred to as the "Board") is an agency of the Department established by the Secretary of Agriculture in accordance with the requirements of the Contract Disputes Act of 1978 (41 U.S.C. 601-613). The provisions of 5 U.S.C. 551-559 (Administrative Procedure Act) are not applicable to proceedings before the Board except for the requirements under 5 U.S.C. 552 respecting public information, agency rules, opinions, orders, and records.

### 7 CFR § 24.2

§24.2 Composition of the Board.

The Board consists of a Chair, Vice Chair, and other members, all of whom are attorneys at law duly licensed by a state, commonwealth, territory, or the District of Columbia. The Board members are designated Administrative Judges. The Chair shall manage the business and operations of the Board, assign cases to members, and establish panels for cases. Except as provided in Rule 12.2, the Small Claims (Expedited) Procedure, and Rule 12.3, the Accelerated procedure, decisions of the Board will be rendered by a panel of three Administrative Judges, and the decision of the majority of the panel will constitute the decision of the Board. The Vice Chair shall perform the functions of the Chair upon request of the Chair or in the event of absence or unavailability of the Chair to act.

### 7 CFR § 24.3

§24.3 Presiding Administrative Judge.

The Chair acts as presiding Administrative Judge, or designates a member of the Board or an examiner to so act, in each proceeding. The Presiding Administrative Judge or the examiner has power to:
(a) Rule upon motions and request;
(b) Adjourn the hearing from time to time and change the time and place of hearing;
(c) Administer oaths and affirmations and take affidavits;
(d) Receive evidence;
(e) Order the taking of depositions;
(f) Admit or exclude evidence;
(g) Hear oral argument on facts or law;
(h) Consolidate appeals filed by two or more appellants; and
(i) Do all acts and take all measures necessary for the maintenance of order at the hearing and the efficient conduct of the proceeding.
In cases considered by the Board under §24.4(b), (c), and (d) the Chair is hereby delegated authority to request subpoenas pursuant to 5 U.S.C. 304.

7 CFR § 24.4

§24.4 Jurisdiction.

(a) Contract Disputes Act. Pursuant to the Contract Disputes Act of 1978 (41 U.S.C. 601-613), the Board shall consider and determine appeals from decisions of contracting officers relating to contracts entered into on or after March 1, 1979, and, at the contractor's election, contracts entered into prior to March 1, 1979, with respect to claims pending before the contracting officer on March 1, 1979, or initiated thereafter. For purposes of this paragraph (a) the term "contracts" shall mean express or implied contracts made by the Department of Agriculture, agencies of the Department, or by any other executive agency when such agency or the Administrator for Federal Procurement Policy has designated the Board to decide the appeal, for:
(1) The procurement of property, other than real property in being;
(2) The procurement of services;
(3) The procurement of construction, alternation, repair, or maintenance of real property; or
(4) The disposal of personal property.
(b) Federal Crop Insurance Corporation. The Board shall have jurisdiction of appeals of final administrative determinations of the Corporation pertaining to standard reinsurance agreements under 7 CFR 400.169(d). Decisions of the Board shall be final within the Corporation and the Department.
(c) Suspension and debarment. (1) The Board shall have jurisdiction to hear and determine the issue of suspension or debarment, and the period thereof, on an appeal by a person suspended or debarred by:
(i) An authorized official of the Department of Agriculture under 48 CFR 409.470; or
(ii) An authorized official of the Commodity Credit Corporation under 7 CFR part 1407.
(2) In addition, the Board shall have jurisdiction to hear and determine the issue of debarment, and the period thereof, on an appeal by a timber purchaser debarred by an authorized official of the Forest Service under 36 CFR 223.138.
(3) Decisions of the Board shall be final within the Department.
*56208 (d) Contract Work Hours and Safety Standards Act. The Board shall have jurisdiction to act for the head of the agency in appeals of the administrative determinations of liquidated damages under the Contract Work Hours and Safety Standards Act (40 U.S.C. 327-333), 40 U.S.C. 330.

7 CFR § 24.5

§24.5 Time for filing notice of appeal.

7 CFR § 24.4

A notice of appeal under §24.4(a), (c)(1)(i), or (c)(1)(ii) shall be filed within 90 days from the date of receipt of a contracting officer's or suspending or debarring official's decision. A notice of appeal under §24.4(b) shall be filed within 90 days from the date of receipt of the Corporation's final determination. A notice of appeal under §24.4(c)(2) shall be filed within 30 days from the date of receipt of the debarring official's decision. A notice of appeal under §24.4(d) shall be filed within 60 days from the date of withholding of liquidated damages. The time for filing a notice of appeal shall not be extended by the Board.

7 CFR § 24.6

§24.6 Board location and address.

The Board of Contract Appeals is located in Washington, DC. All correspondence and all documents to be filed with the Board should be addressed to the Board of Contract Appeals, United States Department of Agriculture, Washington, DC 20250-0600. The Board's telephone number is 202-720-7023; the Board's facsimile number is 202-720-3059.

7 CFR § 24.7

§24.7 Public information.

(a) The records of the Board are open to the public for inspection and copying at the Office of the Board. Decisions and rulings of the Board shall be published from time to time and copies made available to the public upon request at cost of duplication except that the Board shall, in its discretion, have authority to make copies of decisions and rulings available at no charge in accordance with Department policy, appendix A to 7 CFR part 1, subpart A. Hearings before the Board shall be open to the public.
(b) Information that is to be made available for public inspection and copying under provisions of 5 U.S.C. 552(a)(2) and 7 CFR 1.5 may be obtained at the office of the Board. The address of the Board is

— 3 0 —

(c) Facilities for copying are available at the office of the Board.

(d) Facilities for inspection and copying are available during established office hours for the Board, usually 8:30 a.m. to 5:00 p.m. Monday through Friday. The Department of Agriculture has established a schedule of fees for copies of information. The Board charges for copies of records in accordance with the Department fee schedule, appendix A to 7 CFR part 1, subpart A.

(e) The Vice Chair is authorized to receive requests for records submitted in accordance with 7 CFR 1.6 (a), and to make determinations regarding whether to grant or deny requests for records exempt from mandatory disclosure under the provisions of 5 U.S.C. 552(b). This official is authorized to

(1) Extend the ten-day administrative deadline for reply pursuant to 7 CFR 1.14,

(2) Make discretionary releases pursuant to 7 CFR 1.17(b) of records except from mandatory disclosure, and

(3) Make determinations regarding the charging of fees.

(f) Appeals from denials of request submitted under paragraph (e) of this section shall be submitted in accordance with 7 CFR 1.6(e) to the Chair, Board of Contract Appeals, United States Department of Agriculture, Washington, DC 20250-0600. The Chair shall determine whether to grant or deny the appeal and shall also make all necessary determinations relating to an extension of the twenty-day administrative deadline for reply pursuant to 7 CFR 1.14, discretionary release pursuant to 7 CFR 1.17(b) of records exempt from mandatory disclosure under 5 U.S.C. 552(b), and the charging of appropriate fees.

### 7 CFR § 24.8

§24.8 Rules of procedure.

The Chair of the Board shall prescribe its Rules of Procedure and publish such Rules in subpart B of this part 24 and may prescribe and so publish amendments from time to time. The Rules of Procedure and any amendments thereto shall be consistent with this subpart.

### 7 CFR § 24.9

§24.9 Definitions.

Board means the Board of Contract Appeals established under this subpart.

Contract means any agreement entered into by the Department or its agencies or authorized officials with any person having the legal effect of a contract between the Department and such person.

Contracting officer means any person who, by appointment in accordance with applicable regulations, has the authority to enter into and administer contracts and make determinations and findings with respect thereto and includes the authorized representative of the contracting officer, acting within the limits of his/her authority.

Days means calendar days. Except as otherwise provided by law, in computing any period of time prescribed by the rules in this part or any order of the Board, the day of the event from which the designated period of time begins to run shall not be included, but the last day of the period shall be included unless it is a Saturday, Sunday, or a legal holiday, in which even the period shall run to the end of the next business day. If mailing is required, the date of the postmark shall be treated as the date action was taken.

Department means the United States Department of Agriculture.

Government attorney means the attorney of the Department designated to handle a particular appeal on behalf of the contracting officer.

Person means any individual, partnership, public or private corporation, association, agency or other legal entity.

Subpart B--Rules of Procedure

### 7 CFR § 24.21

§24.21 Rules of Procedure of Agriculture Board of Contract Appeals--AGBCA.

(a) Preface to Rules. Time, computation and extensions. All time limitations specified for various procedural actions are computed as maximums and are not to be fully exhausted if the action described can be accomplished in a lesser period. Where appropriate and justified, however, extensions of time will be granted. All requests for extensions of time by either party shall be in writing and state good cause for the requested extension. The Board may grant such extensions on good cause shown except that the Board shall not extend the time prescribed under §24.5 for taking an appeal.

(b) Ex parte communications. No member of the Board or of the Board's staff shall entertain, nor shall any person directly or indirectly involved in an appeal submit to the Board or the Board's staff, off the record, any evidence, explanation, analysis, or advice, whether written or oral, regarding any matter at issue in an appeal. This provision does not apply to consultation among Board members or to ex parte communication concerning the Board's administrative functions or procedures.

Appendix to Subpart B--Rules of Procedure

Index

*Preliminary Procedures*

Rule 1. Appeals, How and When Taken.
Rule 2. Notice of Appeal, Contents of.
Rule 3. Docketing of Appeals.
**\*56209** Rule 4. Preparation, Content, Organization, Forwarding, and Status of Appeal File.
Rule 5. Dismissal for Lack of Jurisdiction.
Rule 6. Pleadings.
Rule 7. Amendments of Pleadings or Record.
Rule 8. Hearing Election.
Rule 9. Prehearing Briefs.
Rule 10. Prehearing or Presubmission Conference.
Rule 11. Submission Without a Hearing.
Rule 12. Optional SMALL CLAIMS (EXPEDITED) and ACCELERATED Procedures.
Rule 12.1. Elections to Utilize SMALL CLAIMS (EXPEDITED) and ACCELERATED Procedures.
Rule 12.2. The SMALL CLAIMS (EXPEDITED) Procedure.
Rule 12.3. The ACCELERATED Procedure.
Rule 12.4. Motions for Reconsideration in Rule 12 cases.
Rule 13. Settling the Record.
Rule 14. Discovery--Depositions.
Rule 15. Interrogatories to Parties, Admission of Facts, and Production and Inspection of Documents.
Rule 16. Service of Papers other than Subpoenas.

*Hearings*

Rule 17. Where and When Held.
Rule 18. Notice of Hearings.
Rule 19. Unexcused Absence of a Party.
Rule 20. Hearings: Nature; Examination of Witnesses.
Rule 21. Subpoenas for CDA Appeals.
Rule 21.1. Subpoenas for Non-CDA Appeals.
Rule 22. Copies of Papers.
Rule 23. Posthearing Briefs.
Rule 24. Transcript of Proceedings.
Rule 25. Withdrawal of Exhibits.

*Representation*

Rule 26. The Appellant.
Rule 27. The Government.

*Miscellaneous*

Rule 28. Decisions.
Rule 29. Motion for Reconsideration.
Rule 30. Dismissal Without Prejudice.
Rule 31. Dismissal for Failure to Prosecute or Defend.
Rule 32. Remand from Court.
Rule 33. Sanctions.
Rule 34. Alternative Dispute Resolution.
Rule 35. Application for Attorneys' Fees and Expenses Under the Equal Access to Justice Act.

Rules--Preliminary Procedures

*Rule 1. Appeals, How and When Taken*

(a) Notice of Appeal--90 days. Notice of an appeal shall be in writing and mailed or otherwise furnished to the Board within 90 days from the date of receipt of a contracting officer's decision. A copy of the notice of appeal shall be furnished to the contracting officer from whose decision the appeal is taken.

(b) Failure to Issue CO Decision--60 days--$100,000 or less. Where the contractor has submitted a claim of $100,000 or less to the contracting officer and has requested a written decision within 60 days from receipt of the request, and the contracting officer has not done so, the contractor may file a notice of appeal as provided in paragraph (a) of this Rule 1, citing the failure of the contracting officer to issue a decision.

(c) Failure to Issue CO Decision--Reasonable Time--More than $100,000. Where the contractor has submitted a certified claim in excess of $100,000 to the contracting officer and the contracting officer has failed to issue a decision within a reasonable time, the contractor may file a notice of appeal as provided in paragraph (a) of this Rule 1, citing the failure to issue a decision.

(d) Stay Pending Final CO Decision. Upon docketing of appeals filed pursuant to paragraphs (b) or (c) of this Rule 1, the Board may, at its option, stay further proceedings pending issuance of a final decision by the contracting officer within such period of time as is determined by the Board.

### Rule 2. Notice of Appeal. Contents of

A notice of appeal should indicate that an appeal is being taken and should identify the contract (by number), the department and agency or bureau involved in the dispute, the decision from which the appeal is taken, and the amount in dispute, if known. The notice of appeal should be signed by the appellant (the contractor making the appeal), or by the appellant's duly authorized representative or attorney. The Complaint referred to in Rule 6 may be filed with the notice of appeal, or the appellant may designate the notice of appeal as a Complaint.

### Rule 3. Docketing of Appeals

When a notice of appeal in any form has been received by the Board, it shall be docketed promptly. Notice in writing shall be given to the appellant, with a copy of these rules and information on Alternative Dispute Resolution. Notice in writing shall be given also to the contracting officer and to the Office of the General Counsel.

### Rule 4. Preparation, Content, Organization, Forwarding, and Status of Appeal File

(a) Duties of Contracting Officer. Within 30 days of receipt of a letter from the Board transmitting the Complaint, the contracting officer shall assemble and transmit to the Board through agency channels and appeal file, and shall transmit copies thereof to the appellant and the Government attorney. The appeal file shall consist of all documents pertinent to the appeal, including:

(1) The decision from which the appeal is taken;
(2) The contract, including specifications and pertinent amendments, plans, and drawings;
(3) All correspondence between the parties relevant to the appeal, including the letter or letters of claim in response to which the decision was issued;
(4) Transcripts of any testimony taken during the course of proceedings, and affidavits or statements of any witnesses on the matter in dispute made prior to the filing of the notice of appeal with the Board; and
(5) Any additional information considered relevant to the appeal.

(b) Duties of the Appellant. Within 30 days after receipt of a copy of the appeal file assembled by the contracting officer, the appellant shall transmit to the Board any documents not contained therein which the appellant considers relevant to the appeal, and shall transmit copies of such documents to the Government attorney and the contracting officer.

(c) Organization of Appeal File. Documents in the appeal file may be originals or legible facsimiles or authenticated copies, and shall be arranged in chronological order where practicable, numbered sequentially, tabbed, and indexed to identify the contents of the file.

(d) Lengthy Documents. Upon request by either party, the Board may waive the requirement to furnish to the other party copies of bulky, lengthy, or out-of-size documents in the appeal file when inclusion would be burdensome. At the time a party files with the Board a document as to which such a waiver has been granted such party shall notify the other party that the document or a copy is available for inspection at the offices of the Board or of the party filing same.

(e) Status of Documents in Appeal File. Documents contained in the appeal file are considered, without further action by the parties, as part of the record upon which the Board will render its decision. However, a party may object, for reasons stated, to consideration of a particular document or documents reasonably in advance of hearing, or if there is no hearing, of settling the record. If such objection is made the Board shall remove the document or documents from the appeal file and permit the party offering the document to move its admission as evidence either prior to hearing or prior to closing the

(f) Dispensing with Appeal File Requirements. Notwithstanding the foregoing, the filing of the Rule 4 (a) and (b) documents may be dispensed with by the Board either upon request of the appellant in the notice of appeal or thereafter upon stipulation of the parties.

## Rule 5. Dismissal for Lack of Jurisdiction

Any motion addressed to the jurisdiction of the Board shall be promptly filed. Hearing on the motion shall be afforded on application of either party. However, the Board may defer its decision on the motion pending hearing on both the merits and the motion. The Board shall have the right to any time and on its own initiative to raise the issue of its jurisdiction to proceed with a particular case, and shall do so by an appropriate order, affording the parties an opportunity to be heard thereon.

## Rule 6. Pleadings

(a) Appellant--Complaint. Except as provided in Rule 12.2(b) and Rule 12.3(b), within 30 days after receipt of notice of docketing of the appeal, the appellant shall file with the Board an original and two copies of a Complaint setting forth simple, concise and direct statements of each of its claims. Appellant shall also set forth the basis, with appropriate reference to contract provisions, of each claim and the dollar amount claimed, to the extent known. This pleading shall fulfill the generally recognized requirements of a Complaint, although no *56210 particular form is required. Upon receipt of the Complaint, the Board shall serve a copy of it upon the Government and the contracting officer. Should the Complaint not be filed within 30 days, appellant's claim and appeal may, if in the opinion of the Board the issues before the Board are sufficiently defined, be deemed to set forth its Complaint and the Government shall be so notified.

(b) Government--Answer. Within 30 days from receipt of the Complaint, or the aforesaid notice from the Board, the Government shall prepare and file with the Board an original and one copy of an Answer thereto. The Answer shall set forth simple, concise, and direct statements of Government's defenses to each claim asserted by appellant, including any affirmative defenses available, and shall be served on the appellant and the contracting officer. Should the Answer not be filed within 30 days, the Board may, in its discretion, enter a general denial on behalf of the Government, and the appellant shall be so notified.

## Rule 7. Amendments of Pleadings or Record

The Board upon its own initiative or upon application by a party may order a party to make a more definite statement of the Complaint or Answer, or to reply to an Answer. The Board may, in its discretion, and within the proper scope of the appeal, permit either party to amend its pleading upon conditions fair to both parties. When issues within the proper scope of the appeal, but not raised by the pleadings, are tried by express or implied consent of the parties, or by permission of the Board, they shall be treated in all respects as if they had been raised therein. In such instances, motions to amend the pleadings to conform to the proof may be entered, but are not required. If evidence is objected to at a hearing on the ground that it is not within the issues raised by the pleadings, it may be admitted within the proper scope of the appeal, provided, however, that the objecting party may be granted a continuance if necessary to enable it to meet such evidence.

## Rule 8. Hearing Election

After filing of the Government's Answer or notice from the Board that it has entered a general denial on behalf of the Government, each party shall advise whether it desires a hearing as prescribed in Rules 17 through 25, or whether it elects to submit its case on the record without a hearing, as prescribed in Rule 11.

## Rule 9. Prehearing Briefs

Based on an examination of the pleadings, and its determination of whether the arguments and authorities addressed to the issues are adequately set forth therein, the Board may, in its discretion, require the parties to submit prehearing briefs in any case in which a hearing has been elected pursuant to Rule 8. If the Board does not require prehearing briefs either party may, in its discretion and upon appropriate and sufficient notice to the other party, furnish a prehearing brief to the Board. In any case where a prehearing brief is submitted, it shall be furnished so as to be received by the Board at least 15 days prior to the date set for hearing, and a copy shall simultaneously be furnished to the other party as previously arranged.

## Rule 10. Prehearing or Presubmission Conference

(a) Conference. Whether the case is to be submitted pursuant to Rule 11, or heard pursuant to Rules 17 through 25, the Board may upon its own initiative, or upon the application of either party, arrange a telephone conference or call upon the parties to appear before an Administrative Judge or examiner of the Board of a conference to consider:

(1) Simplification, clarification, or severing of the issues;

(2) The possibility of obtaining stipulations, admissions, agreements and rulings on admissibility of documents, understandings on matters already of record, or similar agreements that will avoid unnecessary proof;

(3) Agreements and rulings to facilitate discovery;

(4) Limitation of the number of expert witnesses, or avoidance of similar cumulative evidence;

(5) The possibility of agreement disposing of any or all of the issues in dispute; and

(6) Such other matters as may aid in the disposition of the appeal.

(b) Written Results of Conference. The Administrative Judge or examiner of the Board shall make such rulings and orders as may be appropriate to achieve settlement by agreement of the parties or to aid in the disposition of the appeal. The results of pretrial conferences, including any rulings and orders, shall be reduced to writing by the Administrative Judge or examiner and this writing shall thereafter constitute a part of the record.

## Rule 11. Submission Without a Hearing

Either party may elect to waive a hearing and to submit its case upon the record before the Board, as settled pursuant to Rule 13. Submission of a case without hearing does not receive the parties from the necessity of proving the facts supporting their allegations or defenses. Affidavits, depositions, admissions, answer to interrogatories, and stipulations may be employed to supplement other documentary evidence in the Board record. The Board may permit such submission to be supplemented by oral argument (transcribed if requested), and by briefs arranged in accordance with Rule 23.

## Rule 12. Optional SMALL CLAIMS (EXPEDITED) and ACCELERATED Procedures

Notwithstanding any other provisions of these Rules of Procedure, the SMALL CLAIMS (EXPEDITED) and ACCELERATED procedures shall be available solely at the election of the appellant.

## Rule 12.1. Elections to Utilize SMALL CLAIMS (EXPEDITED) and ACCELERATED Procedures

(a) SMALL CLAIMS (EXPEDITED)--$50,000 or less. In appeals where the amount in dispute is $50,000 or less, the appellant may elect to have the appeal processed under a SMALL CLAIMS (EXPEDITED) procedure requiring decision of the appeal, whenever possible, within 120 days after the Board receives written notice of the appellant's election. The details of this procedure appear in Rule 12.2.

(b) ACCELERATED--$100,000 or less. In appeals where the amount in dispute is $100,000 or less, the appellant may elect to have the appeal processed under an ACCELERATED procedure requiring decision of the appeal, whenever possible, within 180 days after the Board receives written notice of the appellant's election. The details of this procedure appear in Rule 12.3.

(c) Time for Election. The appellant's election of either the SMALL CLAIMS (EXPEDITED) procedure or the ACCELERATED procedure may be made by written notice within 60 days after receipt of notice of docketing the appeal unless such period is extended by the Board for good cause. The election may not be withdrawn except with permission of the Board and for good cause.

(d) Board Determines Amount in Dispute. In deciding whether the SMALL CLAIMS (EXPEDITED) procedure or the ACCELERATED procedure is applicable to a given appeal, the Board shall determine the amount in dispute.

## Rule 12.2. The SMALL CLAIMS (EXPEDITED) Procedure

(a) Time Periods for Proceedings. In cases proceeding under the SMALL CLAIMS (EXPEDITED) procedure, the following time periods shall apply: (1) Within ten days from the Government's first receipt from either the appellant or the Board of a copy of the appellant's notice of election of the SMALL CLAIMS (EXPEDITED) procedure, the Government shall send the Board a copy of the contract, the contracting officer's final decision, and the appellant's claim letter or letters, if any; remaining documents required under Rule 4 shall be submitted in accordance with times specified in that rule unless the Board otherwise directs;

(2) Within 15 days after the Board has acknowledged receipt of appellant's notice of election, the assigned Administrative Judge shall take the following actions, if feasible, in an informal meeting or a telephone conference with both parties: (i) Identify and simplify the issues; (ii) establish a simplified procedure appropriate to the particular appeal involved; (iii) determine whether the appellant wants a hearing, and if so, fix a time and place therefore; (iv) require the Government to furnish all the additional documents relevant to the appeal, and (v) establish an expedited schedule for resolution of the appeal.

(b) Decisions--120 Days. Pleadings, discovery and other prehearing activity will be allowed only as consistent with the requirement to conduct the hearing on the date scheduled, or if no hearing is scheduled, to close the record on a date that will allow decisions within the 120-day limit. The Board, in its discretion, may impose shortened time periods for any actions prescribed or allowed under these rules, as necessary to enable the Board to decide the appeal within the 120-day limit, allowing whatever time, up to 30 days, that the Board considers necessary for the preparation of the *56211* decision after closing the record and the filing of briefs, if any.

(c) Form of Decisions. Written decision by the Board in cases processed under the SMALL CLAIMS (EXPEDITED) procedure will be short and contain only summary findings of fact and conclusions. Decisions will be rendered for the Board by a single Administrative Judge. If there has been a hearing, the Administrative Judge presiding at the hearing may, in the Judge's discretion, at the conclusion of the hearing and after entertaining such oral arguments as deemed appropriate, render on the record oral summary findings of fact, conclusions, and a decision of the appeal. Whenever such an oral decision is rendered, the Board will subsequently furnish the parties a typed copy of such oral decision for record and payment purposes and to establish the starting date for the period for filing a motion for reconsideration under Rule 29.

(d) No Precedent--Not Appealable. A decision against the Government or the contractor shall have no value as precedent, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside.

## Rule 12.3. The ACCELERATED Procedure

(a) Time Periods for Proceedings. In cases proceeding under the ACCELERATED procedure, the parties are encouraged, to the extent possible consistent with adequate presentation of their factual and legal positions, to waive pleadings, discovery, and briefs. The Board, in its discretion, may shorten time periods prescribed elsewhere in these Rules, including Rule 4, as necessary to enable the Board to decide the appeal within 180 days after the Board has received the appellant's notice of election of the ACCELERATED procedure, any may reserve 30 days for preparation of the decision.

(b) Decisions--180 Days. Pleadings, discovery and other prehearing activity will be allowed only as consistent with the requirement to conduct the hearing on the dates scheduled, or if no hearing is scheduled, to close the record on a date that will allow decision within the 180-day limit. The Board, in its discretion, may impose shortened time periods for any actions prescribed or allowed under these rules, as necessary to enable the Board to decide the appeal within the 180-day limit, allowing whatever time, up to 30 days, that the Board considers necessary for the preparation of the decision after closing the record and the filing of briefs, if any.

(c) Form of Decisions. Written decisions by the Board in cases processed under the ACCELERATED procedure will normally be short and contain only summary findings of fact and conclusions. Decisions will be rendered for the Board by a single Administrative Judge with the concurrence of the Chair or a Vice Chair or other designated Administrative Judge, or by a majority among these two and an additional designated member in case of disagreement. Alternatively, in cases where the amount in dispute is $50,000 or less as to which the ACCELERATED procedure has been elected and in which there has been a hearing, the single Administrative Judge presiding at the hearing may, with the concurrence of both parties, at the conclusion of the hearing and after entertaining such oral arguments as deemed appropriate, render on the record oral summary findings of fact, conclusions, and a decision of the appeal. Whenever such an oral decision is rendered, the Board will subsequently furnish the parties a typed copy of such oral decision for record and payment purposes and to establish the starting date for the period for filing a motion for reconsideration under Rule 29.

## Rule 12.4. Motions for Reconsideration in Rule 12 Cases

Motions for Reconsideration of cases decided under either the SMALL CLAIMS (EXPEDITED) procedure or the ACCELERATED procedure need not be decided within the original 120-day or 180-day limit, but all such motions shall be processed and decided rapidly so as to fulfill the intent of this Rule.

## Rule 13. Settling the Record

(a) Components of the Record. The record upon which the Board's decision will be rendered consists of the documents furnished under Rules 4 and 12, to the extent admitted in evidence, and the following items, if any: pleadings, prehearing conference memoranda or orders, prehearing briefs, depositions or interrogatories received in evidence, admissions, stipulations, transcripts of conferences and hearings, hearings exhibits, posthearing briefs, and documents which the Board has specifically designated be made a part of the record. The record will, at all reasonable times, be available for inspection by the parties at the office of the Board.

(b) Closing Dates for Inclusion of Material. Except as the Board may otherwise order in its discretion, no proof shall be received in evidence after completion of an oral hearing or, in cases submitted on the

record, after notification by the Board that the case is ready for decision.

Case 1:06-cv-01405-RMU    Document 28-2    Filed 03/12/2007    Page 17 of 21

(c) Weight Given to Evidence. The weight to be attached to any evidence of record will rest within the sound discretion of the Board. The Board may in any case require either party, with appropriate notice to the other party, to submit additional evidence on any matter relevant to the appeal.

## Rule 14. Discovery--Depositions

(a) General Policy and Protective Orders. The parties are encouraged to engage in voluntary discovery procedures. In connection with any deposition or other discovery procedure, the Board may make any order required to protect a party or person from annoyance, embarrassment, or undue burden or expense. Those orders may include limitations on the scope, method, time and place for discovery, and provisions for protecting the secrecy of confidential information or documents.
(b) When Depositions Permitted. After an appeal has been docketed and Complaint filed, the parties may mutually agree, or the Board may, upon application of either party, order the taking of testimony of any person by deposition upon oral examination or written interrogatories before any officer authorized to administer oaths at the place of examination, for use as evidence or for purpose of discovery. The application for order shall specify whether the purpose of the deposition is discovery or for use as evidence.
(c) Orders on Depositions. The time, place, and manner of taking depositions shall be as mutually agreed by the parties, or failing such agreement, governed by order of the Board.
(d) Use as Evidence. No testimony taken by depositions shall be considered as part of the evidence in the hearing of an appeal until such testimony is offered and received in evidence at such hearing. It will not ordinarily be received in evidence if the deponent is present and can testify at the hearing. In such instances, however, the deposition may be used to contradict or impeach the testimony of the deponent given at the hearing. In cases submitted on the record, the Board may, in its discretion, receive depositions to supplement the record.
(e) Expenses. Each party shall bear its own expenses associated with the taking of any deposition.
(f) Subpoenas. Where appropriate, a party may request the issuance of a subpoena under the provisions of Rule 21.

## Rule 15. Interrogatories to Parties, Admission of Facts, and Production and Inspection of Documents

After an appeal has been docketed and Complaint filed with the Board, a party may serve on the other party: (a) Written interrogatories to be answered separately in writing, signed under oath and answered or objected to within 30 days; (b) a request for the admission of specified facts and the authenticity of any documents, to be answered or objected to within 30 days after service (the factual statements and the authenticity of the documents to be deemed admitted upon failure of a party to respond to the request); and (c) a request for the production, inspection and copying of any documents or objects not privileged, which reasonably may lead to the discovery of admissible evidence. Any discovery engaged in under this Rule shall be subject to the provisions of Rule 14(a) with respect to general policy and protective orders and of Rule 33 with respect to sanctions.

## Rule 16. Service of Papers Other Than Subpoenas

(a) Service of Papers. Papers shall be served personally or by certified mail, return receipt requested, addressed to the Board or to the party upon whom service is to be made. Parties shall furnish three copies of Complaints directly to the Board. Parties shall furnish two copies of Answers and briefs directly with the Board, with one copy being served on the opposing party and the Board's copies containing a notation to that effect. The party filing any other paper with the Board shall send a copy thereof to the opposing party, noting on the paper filed with the Board that a copy has been so furnished. Subpoenas shall be served as provided in Rule 21.
(b) Facsimile Transmissions. Facsimile transmissions to the Board and the parties are permitted. Parties are expected to submit their facsimile machine numbers with their **56212** filings. The Board's facsimile number is (202) 720-3059. The filing of a document by facsimile transmission occurs upon receipt by the Board of the entire printed submission. Parties are specifically cautioned that deadlines for the filing of appeals will not be extended merely because the Board's facsimile machine is busy or otherwise unavailable at the time the filing is due. A document submitted by facsimile should be followed by a copy of the document sent by U.S. Postal Service or other delivery method.

Hearings

## Rule 17. Where and When Held

Hearings will be held at such places determined by the Board to best serve the interests of the parties and the Board. Hearings will be scheduled at the discretion of the Board with due consideration to the

regular order of appeals, Rule 12 requirements, and other pertinent factors. On request on motion by either party and for good cause, the Board may, in its discretion, adjust the date of a hearing.

Case 1:06-cv-01430-RMU    Document 28-2    Filed 05/10/200    Page 18 of 21

## Rule 18. Notice of Hearings

The parties shall be given at least 15 days notice of the time and place set for hearings. In scheduled hearings, the Board will consider the desires of the parties and the requirement for just and inexpensive determination of appeals without unnecessary delay.

## Rule 19. Unexcused Absence of a Party

The unexcused absence of a party at the time and place set for hearing will not be occasion for delay. In the event of such absence, the hearing will proceed and the case will be regarded as submitted by the absent party as provided in Rule 11.

## Rule 20. Hearings: Nature; Examination of Witnesses

(a) Nature of Hearings. Hearings shall be as informal as may be reasonable and appropriate under the circumstances. Appellant and the Government may offer such evidence as they deem appropriate and as would be admissible under the Federal Rules of Evidence. Stipulations of fact agreed upon by the parties may be regarded and used as evidence at the hearing. The parties may stipulate the testimony that would be given by a witness if the witness were present. The Board may require evidence in addition to that offered by the parties.

(b) Examination of Witnesses. Witnesses before the Board will be examined orally under oath or affirmation, unless the presiding Administrative Judge or examiner shall otherwise order. If the testimony of a witness is not given under oath, the Board may advise the witness that his statements may be subject to the provisions of 18 U.S.C. 287 and 1001, and any other provision of law imposing penalties for knowingly making false representations in connection with claims against the United States or in any matter within the jurisdiction of any department or agency thereof.

## Rule 21. Subpoenas for CDA Appeals

(a) General. For appeals under §24.4(a), upon written request of either party filed with the recorder, or on the initiative of the Administrative Judge to whom a case is assigned, or who is otherwise designated by the Chair, such Administrative Judge may issue a subpoena requiring:

(1) Testimony at a deposition--the deposing of a witness in the city or county where such witness resides or is employed or transacts business in person, or at another location convenient for such witness that is specifically determined by the Board;

(2) Testimony at a hearing--the attendance of a witness for the purpose of taking testimony at a hearing; and

(3) Production of books and papers--in addition to (1) or (2), the production by the witness at the deposition or hearing of books and papers designated in the subpoena.

(b) Voluntary Cooperation. Each party is expected (1) to cooperate and make available witnesses and evidence under its control as requested by the other party, without issuance of a subpoena, and (2) to secure voluntary attendance of desired third-party witnesses and production of desired third-party books, papers, documents, or tangible things whenever possible.

(c) Requests for Subpoenas.

(1) A request for a subpoena shall normally be filed at least:

(i) 15 days before a scheduled deposition where the attendance of a witness at a deposition is sought;

(ii) 30 days before a scheduled hearing where the attendance of a witness at a hearing is sought.

In its discretion the Board may honor requests for subpoenas not made within these time limitations.

(2) A request for a subpoena shall state the reasonable scope and general relevance to the case of the testimony and of any books and papers sought.

(d) Requests to Quash or Modify. Upon written request by the person subpoenaed or by a party, made within 10 days after service but in any event not later than the time specified in the subpoena for compliance, the Board may (1) quash or modify the subpoena if it is unreasonable and oppressive or for other good cause shown, or (2) require the person in whose behalf the subpoena was issued to advance the reasonable cost of producing subpoenaed books and papers. Where circumstances require, the Board may act upon such a request at any time after a copy has been served upon the opposing party.

(e) Form; Issuance.

(1) Every subpoena shall state the name of the Board and the title of the appeal, and shall command each person to whom it is directed to attend and give testimony, and if appropriate, to produce specified books and papers at a time and place therein specified. In issuing a subpoena to a requesting party, the Administrative Judge shall sign the subpoena and may, in the Judge's discretion, enter the name of the witness and otherwise leave it blank. The party to whom the subpoena is issued shall complete the

(2) Where the witness is located in a foreign country, a letter rogatory or subpoena may be issued and served under the circumstances and in the manner provided in 28 U.S.C. 1781-1784.

(f) Service.

(1) The party requesting issuance of a subpoena shall arrange for service.

(2) A subpoena requiring the attendance of a witness at a deposition or hearing may be served at any place. A subpoena may be served by a United States marshal or deputy marshal, or by any other person who is not a party and not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by personally delivering a copy to that person and tendering the fees for one day's attendance and the mileage provided by 28 U.S.C. 1821 or other applicable law; however, where the subpoena is issued on behalf of the Government, money payments need not be tendered in advance of attendance.

(3) The party at whose instance a subpoena is issued shall be responsible for the payment of fees and mileage of the witness and of the officer who serves the subpoena. The failure to make payment of such charges on demand may be deemed by the Board as sufficient ground for striking the testimony of the witness and the evidence the witness has produced.

(g) Contumacy or Refusal to Obey a Subpoena. In case of contumacy or refusal to obey a subpoena by a person who resides, is found, or transacts business within the jurisdiction of a United States District Court, the Board will apply to the Court through the Attorney General of the United States for an order requiring the person to appear before the Board or a member thereof to give testimony or produce evidence or both. Any failure of any such person to obey the order of the Court may be punished by the Court as a contempt thereof.

### Rule 21.1. Subpoenas for Non-CDA Appeals

For appeals under §§24.4(b), (c), and (d), the Chair has authority by delegation from the Secretary to request the appropriate United States Attorney to apply to the appropriate United States District Court for the issuance of subpoenas pursuant to 5 U.S.C. 304.

### Rule 22. Copies of Papers

When books, records, papers, or documents have been received in evidence, a true copy thereof or of such part thereof as may be material or relevant may be substituted therefor, during the hearing or at the conclusion thereof.

### Rule 23. Posthearing Briefs

Posthearing briefs may be submitted upon such terms as may be agreed upon by the parties and the presiding Administrative Judge or examiner at the conclusion of the hearing.

### Rule 24. Transcript of Proceedings

Testimony and argument at hearings shall be reported verbatim, unless the Board otherwise orders. Waiver of transcript may be especially suitable for hearings under Rule 12.2. Transcripts or copies of the proceedings shall be made available by the Board to the Government attorney. Appellant may order transcripts of the proceedings from the contract reporter at the hearing.

### *56213 Rule 25. Withdrawal of Exhibits

After a decision has become final, the Board may, upon request and after notice to the other party, in its discretion permit the withdrawal of original exhibits, or any part thereof, by the party entitled thereto. The substitution of true copies of exhibits or any part thereof may be required by the Board in its discretion as a condition of granting permission for such withdrawal.

Representation

### Rule 26. The Appellant

An individual appellant may appear before the Board in person; a corporation by one of its officers; and a partnership or joint venture by one of its members; or any of these by an attorney at law duly licensed in any state, commonwealth, territory, the District of Columbia, or in a foreign country. An attorney representing an appellant shall file a written notice of appearance with the Board.

### Rule 27. The Government

Government counsel may, in accordance with their authority, represent the interest of the Government before the Board. They shall file notices of appearance with the Board, and notice thereof will be given appellant or appellant's attorney in the form specified by the Board from time to time. Whenever appellant and the Government counsel are in agreement as to disposition of the controversy, the Board may suspend further processing of the appeal. However, if the Board is advised thereafter by either party that the controversy has not been disposed of by agreement, the case shall be restored to the Board's calendar without loss of position.

Miscellaneous

*Rule 28. Decisions*

Decisions of the Board will be made in writing and authenticated copies of the decision will be forwarded simultaneously to both parties. The rules of the Board and all final orders and decisions (except those required for good cause to be held confidential and not cited as precedents) shall be open for public inspection at the offices of the Board in Washington, D.C. Decisions of the Board will be made solely upon the record, as described in Rule 13.

*Rule 29. Motion for Reconsideration*

A motion for reconsideration may be filed by either party. It shall set forth specifically the grounds relied upon to sustain the motion. The motion shall be filed within 30 days from the date of the receipt of a copy of the decision of the Board by the party filing the motion.

*Rule 30. Dismissal Without Prejudice*

In certain cases, appeals docketed before the Board are required to be placed in a suspense status and the Board is unable to proceed with disposition thereof for reasons not within the control of the Board. Where the suspension has continued, or may continue, for an inordinate length of time, the Board may, in its discretion, dismiss such appeals from its docket without prejudice to their restoration when the cause for suspension has been removed. Unless either party or the Board acts within three years, or such shorter time as ordered by the Board, to reinstate any appeal dismissed without prejudice, the dismissal shall be deemed with prejudice.

*Rule 31. Dismissal for Failure to Prosecute or Defend*

Whenever a record discloses the failure of either party to file documents required by these rules, respond to notices of correspondence from the Board, comply with orders of the Board or otherwise indicates an intention not to continue the prosecution of defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed or, in the case of a default by the Government, issue an order to show cause why the Board should not act thereon pursuant to Rule 33. If good cause is not shown, the Board may take appropriate action.

*Rule 32. Remand From Court*

Whenever any court remands a case to the Board for further proceedings, each of the parties shall, within 20 days of such remand, submit a report to the Board recommending procedures to be followed so as to comply with the court's order. The Board shall consider the reports and enter special orders governing the handling of the remanded case. To the extent the court's directive and tie limitations permit, such orders shall conform to these rules.

*Rule 33. Sanctions*

If any party fails or refuses to obey an order issued by the Board, the Board may then make such order as it considers necessary to the just and expeditious conduct of the appeal.

*Rule 34. Alternative Dispute Resolution*

Upon joint motion or with the consent of both parties, the Board may permit the use of methods of Alternative Dispute Resolution (ADR). The Board shall notify parties of the availability of ADR methods by transmitting information with its notice of docketing (Rule 3).

*Rule 35. Application for Attorneys' Fees and Expenses Under the Equal Access to Justice Act*

The Equal Access to Justice Act (EAJA), 5 U.S.C. 504, allows payment of attorneys' fees and expenses to

certain prevailing parties in administrative adjudications with the Government unless the Government's position was substantially justified. Rules governing applications for fees and expenses under EAJA can be found in 7 CFR 1.180 et seq.

Done in Washington, D.C., on October 30, 1995.

Dan Glickman,

Secretary of Agriculture.

[FR Doc. 95-27501 Filed 11-6-95; 8:45 a.m.]

BILLING CODE 3410-25-M

60 FR 56206-01, 1995 WL 648279 (F.R.)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.