RULES and REGULATIONS

DEPARTMENT OF AGRICULTURE

Federal Crop Insurance Corporation

7 CFR Part 400

General Administrative Regulations; Reinsurance Agreement--Standards for Approval

Monday, July 29, 1996

*39268 AGENCY: Federal Crop Insurance Corporation, USDA.

ACTION: Final rule.

SUMMARY: The Federal Crop Insurance Corporation (FCIC) hereby amends its General Administrative Regulations by revising the Disputes clause. The intended effect of this rule is to provide reinsured companies with an informal reconsideration process through an administrative officer of FCIC and the right to appeal the administrative officer's determination to the Board of Contract Appeals.

EFFECTIVE DATE: July 29, 1996.

FOR FURTHER INFORMATION CONTACT: Diana Moslak, (202) 720-2832.

SUPPLEMENTARY INFORMATION:

Executive Order 12866 and Departmental Regulation 1512-1

This action has been reviewed under United States Department of Agriculture (USDA) procedures established by Executive Order 12866 and Departmental Regulation 1512-1. This action constitutes a review as to the need, currency, clarity, and effectiveness of these regulations under those procedures. The sunset review date established for these regulations is March 31, 1999.
This rule has been determined to be not significant for the purposes of Executive Order 12866 and, therefore, has not been reviewed by the Office of Management and Budget (OMB).

Paperwork Reduction Act of 1995

This rule does not contain information collection requirements that require approval by OMB under the Paperwork Reduction Act of 1995 (44 U.S.C. chapter 35).

Unfunded Mandates Reform Act of 1995

Title II of the Unfunded Mandates Reform Act of 1995 (UMRA), Public Law 104-4, establishes requirements for Federal agencies to assess the effects of their regulatory actions on State, local, and tribal governments and the private sector. Under section 202 of the UMRA, FCIC generally must prepare a written statement, including a cost-benefit analysis, for proposed and final rules with "Federal mandates" that may result in expenditures to State, local, or tribal governments, in the aggregate, or to the private sector, of $100 million or more in any one year. When such a statement is needed for a rule, section 205 of the UMRA generally requires FCIC to identify and consider a reasonable number of regulatory alternatives and adopt the least costly, more cost-effective or least burdensome alternative that achieves the objectives of the rule.
This rule contains no Federal mandates (under the regulatory provisions of Title II of the UMRA) for State, local, and tribal governments of the private sector. Thus, this rule is not subject to the requirements of sections 202 and 205 of the UMRA.

Executive Order 12612

It has been determined under section 6(a) of Executive Order 12612, Federalism, that this rule does not have sufficient federalism implications to warrant the preparation of a Federalism Assessment. The policies and procedures contained in this rule will not have a substantial direct effect on States or their political subdivisions, or on the distribution of power and responsibilities among the various levels of

Regulatory Flexibility Act Analysis

This regulation will not have a significant impact on a substantial number of small entities. The amount of work required of the insurance companies should not increase because this action only changes the forum which determines the validity of decisions rendered by the agency. Therefore, this action is determined to be exempt from the provisions of the Regulatory Flexibility Act (5 U.S.C. §605) and no Regulatory Flexibility Analysis was prepared.

Federal Assistance Program

This program is listed in the Catalog of Federal Domestic Assistance under No. 10.450.

Executive Order 12372

This program is not subject to the provisions of Executive Order 12372 which require intergovernmental consultation with State and local officials. See the Notice related to 7 CFR part 3015, subpart V, published at 48 FR 29115, June 24, 1983.

Executive Order 12778

The Office of the General Counsel has determined that these regulations meet the applicable standards provided in sections 2(a) and 2(b)(2) of Executive Order 12778. The provisions of this rule will preempt State and local laws to the extent such State and local laws are inconsistent herewith. The administrative appeal provisions contained in these regulations and the appeal provisions promulgated by the Board of Contract Appeals, 7 CFR part 24, subtitle A, must be exhausted before action for judicial review may be brought.

Environmental Evaluation

This action is not expected to have any significant impact on the quality of the human environment, health, and safety. Therefore, neither an Environmental Assessment nor an Environmental Impact Statement is needed.

National Performance Review

This regulatory action is being taken as part of the National Performance Review program to eliminate unnecessary or duplicative regulations and improve those that remain in force.

Background

As a result of the Departmental reorganization mandated by the Department of Agriculture Reorganization Act of 1994, FCIC must amend its dispute provisions located at 7 CFR 400.169 to provide reinsured companies with a mechanism to request reconsideration of appeal of adverse decisions determined by FCIC.
On May 1, 1995, FCIC published an interim rule in the Federal Register at 60 FR 21035 to amend the General Crop Insurance Regulations, Subpart L, Reinsurance Agreement; Standards for Approval, by revising the disputes clause to provide reinsured companies with an informal appeal process through the FCIC, and a formal appeal process through the United States Department of Agriculture Board of Contract Appeals (BCA), for the purpose of resolving *39269 disputes between the FCIC and reinsured companies on Standard Reinsurance Agreement (SRA) issues. Following publication of that interim rule, the public was afforded 60 days to submit written comments, data, and opinions. On August 7, 1995, FCIC extended the comment period for these regulations to August 18, 1995 (60 FR 40055). Three comments, two from private law firms and one from a trade association were received in response to the requests for comment on the interim rule.
Comment: All three comments questioned the jurisdiction of the United States Department of Agriculture BCA over SRA issues in dispute since the SRA is not a typical Federal procurement contract.
Response: The BCA continues to function as the agency board pursuant to the Contract Disputes Act of 1978 (Act), and as the agency board pursuant to jurisdiction outside the Act as set forth in 7 CFR §24.4. The BCA's jurisdiction is not, and never has been, limited to procurement disputes. Section 24.4 has been expanded to specifically cover appeals of final administrative determinations of FCIC pertaining to the SRAs under 7 CFR § 400.169(d). Since BCA has jurisdiction over these issues, the disputes are not "adverse decisions" subject to appeal before the National Appeals Division according to 7 U.S.C. §6991. They also are specifically excluded from the scope of Farm Service Agency informal appeal regulations

published at 7 CFR part 780. Disputes involving SRAs raise factual and legal questions of a contractual nature which fall within the express expertise of the BCA. The rules of procedure for these appeals are the same as for all others under 7 CFR part 24. There is no longer a distinction between "statutory" and "nonstatutory" appeals.

Comment: All three comments expressed concern with respect to the BCA's jurisdiction to hear appeals of final determinations rendered under §400.169.

Response: The BCA amended its jurisdictional provisions on November 7, 1995 (60 FR 56206) to provide the BCA with jurisdiction over final administrative determinations of the FCIC pertaining to SRAs under 7 CFR §400.169(d). That is separate from its jurisdiction to hear contract disputes under the Contract Disputes Act. Therefore, no change will be made.

Comment: Two commentors questioned the nonappealability of FCIC decisions rendered under bulletins and directives and complained that FCIC was limiting the companies' due process rights by limiting the types of disputes appealable.

Response: The interim rule does not limit the companies' due process rights or their right to appeal any decision of FCIC based on any bulletin or directive that affects, interprets, explains or restricts any term of the SRA. FCIC has the right to limit the appeal of any decision that is solely within its discretion and not required under the SRA. Bulletins or directives that do not affect, interpret, explain or restrict any term of the SRA include, but are not limited to, those that provide changes in crop insurance policies before the contract change date, the addition of new crop insurance policies or programs, granting relief from requirements or sanctions if such requirements or sanctions are not required by the SRA, and requiring companies to take actions to protect the integrity of the program, even if such action may cause the company to incur additional costs, provided such requirement is implemented before the start of the reinsurance year. No change will be made to the rule.

Comment: All three commentors expressed concern with respect to the propriety of permitting the Director of Compliance and the Director of Insurance Services to render final administrative decisions.

Response: Section 400.169 provides an informal mechanism for companies to challenge decisions rendered by FCIC. Reconsideration of these decisions allows the division that rendered the decision the opportunity to correct any error prior to an appeal to the BCA. The Directors of Compliance and Insurance Services are persons with the most knowledge of the programs they administer and are most qualified to render final determinations. Therefore, there is no need to amend the rule to have the Deputy Manager make final determinations.

Comment: One commentor questioned whether a FCIC decision of appealability itself should be reviewable or appealable.

Response: Nothing in this rule prohibits a company from seeking a review of a determination of nonappealability from the BCA. The issue on appeal would be limited to a determination of whether the decision of FCIC was based on a provision of the SRA, a compliance review, or a bulletin or directive which affects, interprets, explains or restricts a term of the SRA.

Comment: Two comments were received with respect to the definition of "contracting officer." The commentors suggested that the term be amended to include the Directors of Insurance Services and Compliance and that these persons be given authority to settle disputes.

Response: The term "contracting officer" is not defined in FCIC's regulations. Further, the Manager of FCIC has the authority to designate contracting officers and provide these persons with the authority to resolve disputes between reinsured companies and FCIC. This rule provides a delegation to these Directors to resolve such disputes. Therefore, no change is necessary.

Comment: One comment suggested that the rule be amended to permit companies to bypass the BCA and go directly to the district court or the National Appeals Division (NAD).

Response: It has been determined that the BCA is the best forum to hear these appeals. Although the BCA may not be an expert with respect to the SRA, it has extensive experience in contract matters. Since NAD does not have jurisdiction to hear any matter over which the BCA has jurisdiction, the BCA acquired jurisdiction over these cases. FCIC has no authority to permit any appeal to NAD. Further, administrative appeals provide the valuable service of permitting the Department to correct any errors and, therefore, conserving judicial resources. Therefore, the rule will not be amended to permit companies to appeal directly to the Federal courts or to NAD.

Comment: One comment suggested that the rule be amended to specify the forum for an appeal of a BCA decision.

Response: An amendment to the rule is not necessary. The administrative appeals process ends with a BCA decision. The Department of Agriculture Reorganization Act provided that once the administrative appeals process is complete, persons may bring suit. Section 506(d) of the Federal Crop Insurance Act, as amended, states that the Federal district court has exclusive original jurisdiction over any suit brought against FCIC.

The comments did not result in any change to the final rule. Therefore, the interim rule as published on May 1, 1995, at 60 FR 21035 is hereby adopted as a final rule.

List of Subjects in 7 CFR Part 400

Accordingly, pursuant to the authority contained in the Federal Crop Insurance Act, as amended (7 U.S.C. 1501 et seq.), and for the reasons set forth in the preamble, the Federal Crop Insurance Corporation hereby adopts as a final rule, the interim rule as *39270 published at 60 FR 21035 on May 1, 1995. Signed in Washington, DC, on July 18, 1996.

Kenneth D. Ackerman,

Manager, Federal Crop Insurance Corporation.

[FR Doc. 96-19139 Filed 7-26-96; 8:45 am]

BILLING CODE 3410-FA-P

61 FR 39268-01, 1996 WL 419161 (F.R.)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DEPARTMENT OF AGRICULTURE

Federal Crop Insurance Corporation

7 CFR Part 400

General Administrative Regulations; Reinsurance Agreement--Standards for Approval

Wednesday, August 7, 1996

**\*40952** AGENCY: Federal Crop Insurance Corporation.

ACTION: Final rule.

SUMMARY: The Federal Crop Insurance Corporation (FCIC) hereby amends its General Administrative Regulations by revising the Disputes clause. The intended effect of this rule is to provide reinsured companies with an informal reconsideration process through an administrative officer of FCIC and the right to appeal the administrative officer's determination to the Board of Contract Appeals.

EFFECTIVE DATE: August 7, 1996.

FOR FURTHER INFORMATION CONTACT: Diana Moslak, (202) 720-2832.

SUPPLEMENTARY INFORMATION:

Executive Order 12866 and Departmental Regulation 1512-1

This action has been reviewed under United States Department of Agriculture (USDA) procedures established by Executive Order 12866 and Departmental Regulation 1512-1. This action constitutes a review as to the need, currency, clarity, and effectiveness of these regulations under those procedures. The sunset review date established for these regulations is March 31, 1999.
This rule has been determined to be not significant for the purposes of Executive Order 12866 and, therefore, has not been reviewed by the Office of Management and Budget (OMB).

Paperwork Reduction Act of 1995

This rule does not contain information collection requirements that require approval by OMB under the Paperwork Reduction Act of 1995 (44 U.S.C. chapter 35). Unfunded Mandates Reform Act of 1995.
Title II of the Unfunded Mandates Reform Act of 1995 (UMRA), Public Law 104-4, establishes requirements for Federal agencies to assess the effects of their regulatory actions on State, local, and tribal governments and the private sector. Under section 202 of the UMRA, FCIC generally must prepare a written statement, including a cost-benefit analysis, for proposed and final rules with "Federal mandates" that may result in expenditures to State, local, or tribal governments, in the aggregate, or to the private sector, of $100 million or more in any one year. When such a statement is needed for a rule, section 205 of the UMRA generally requires FCIC to identify and consider a reasonable number of regulatory alternatives and adopt the least costly, more cost-effective or least burdensome alternative that achieves the objectives of the rule.
This rule contains no Federal mandates (under the regulatory provisions of Title II of the UMRA) for State, local, and tribal governments of the private sector. Thus, this rule is not subject to the requirements of sections 202 and 205 of the UMRA.

Executive Order 12612

It has been determined under section 6(a) of Executive Order 12612, Federalism, that this rule does not have sufficient federalism implications to warrant the preparation of a Federalism Assessment. The policies and procedures contained in this rule will not have a substantial direct effect on states or their political subdivisions, or on the distribution of power and responsibilities among the various levels of government.

Regulatory Flexibility Act Analysis

—96—

This regulation will not have a significant impact on a substantial number of small entities. The amount of work required of the insurance companies should not increase because this action only changes the forum which determines the validity of decisions rendered by the agency. Therefore, this action is determined to be exempt from the provisions of the Regulatory Flexibility Act (5 U.S.C. §605) and no Regulatory Flexibility Analysis was prepared.

Federal Assistance Program

This program is listed in the Catalog of Federal Domestic Assistance under No. 10.450.

Executive Order 12372

This program is not subject to the provisions of Executive Order 12372 which require intergovernmental consultation with State and local officials. See the Notice related to 7 CFR part 3015, subpart V, published at 48 FR 29115, June 24, 1983.

Executive Order 12778

The Office of the General Counsel has determined that these regulations meet the applicable standards provided in sections 2(a) and 2(b)(2) of Executive Order 12778. The provisions of this rule will preempt State and local laws to the extent such state and local laws are inconsistent herewith. The administrative appeal provisions contained in these regulations and the appeal provisions promulgated by the Board of Contract Appeals, 7 CFR part 24, subtitle A, must be exhausted before action for judicial review may be brought.

Environmental Evaluation

This action is not expected to have any significant impact on the quality of the human environment, health, and safety. Therefore, neither an Environmental Assessment nor an Environmental Impact Statement is needed.

National Performance Review

This regulatory action is being taken as part of the National Performance *40953 Review program to eliminate unnecessary or duplicative regulations and improve those that remain in force.

Background

As a result of the Departmental reorganization mandated by the Department of Agriculture Reorganization Act of 1994, FCIC must amend its dispute provisions located at 7 CFR 400.169 to provide reinsured companies with a mechanism to request reconsideration of appeal of adverse decisions determined by FCIC.
On May 1, 1995, FCIC published an interim rule in the Federal Register at 60 FR 21035 to amend the General Crop Insurance Regulations, Subpart L, Reinsurance Agreement; Standards for Approval, by revising the disputes clause to provide reinsured companies with an informal appeal process through the FCIC, and a formal appeal process through the United States Department of Agriculture Board of Contract Appeals (BCA), for the purpose of resolving disputes between the FCIC and reinsured companies on Standard Reinsurance Agreement (SRA) issues. Following publication of that interim rule, the public was afforded 60 days to submit written comments, data, and opinions. On August 7, 1995, FCIC extended the comment period for these regulations to August 18, 1995 (60 FR 40055). Three comments, two from private law firms and one from a trade association were received in response to the requests for comment on the interim rule.
Comment: All 3 comments questioned the jurisdiction of the United States Department of Agriculture BCA over SRA issues in dispute since the SRA is not a typical Federal procurement contract.
Response: The BCA continues to function as the agency board pursuant to the Contract Disputes Act of 1978 (Act), and as the agency board pursuant to jurisdiction outside the Act as set forth in 7 CFR §24.4. The BCA's jurisdiction is not, and never has been, limited to procurement disputes. Section 24.4 has been expanded to specifically cover appeals of final administrative determinations of FCIC pertaining to the SRAs under 7 CFR § 400.169(d). Since BCA has jurisdiction over these issues, the disputes are not "adverse decisions" subject to appeal before the National Appeals Division according to 7 U.S.C. §6991. They also are specifically excluded from the scope of Farm Service Agency informal appeal regulations published at 7 CFR part 780. Disputes involving SRAs raise factual and legal questions of a contractual nature which fall within the express expertise of the BCA. The rules of procedure for these appeals are the same as for all others under 7 CFR part 24. There is no longer a distinction between "statutory" and

"nonstatutory" appeals.

Comment: All 3 comments expressed concern with respect to the BCA's jurisdiction to hear appeals of final determinations rendered under §400.169.

Response: The BCA amended its jurisdictional provisions on November 7, 1995 (60 FR 56206) to provide the BCA with jurisdiction over final administrative determinations of the FCIC pertaining to SRAs under 7 CFR §400.169(d). That is separate from its jurisdiction to hear contract disputes under the Contract Disputes Act. Therefore, no change will be made.

Comment: Two commentors questioned the nonappealability of FCIC decisions rendered under bulletins and directives and complained that FCIC was limiting the companies' due process rights by limiting the types of disputes appealable.

Response: The interim rule does not limit the companies' due process rights or their right to appeal any decision of FCIC based on any bulletin or directive that affects, interprets, explains or restricts any term of the SRA. FCIC has the right to limit the appeal of any decision that is solely within its discretion and not required under the SRA. Bulletins or directives that do not affect, interpret, explain or restrict any term of the SRA include, but are not limited to, those that provide changes in crop insurance policies before the contract change date, the addition of new crop insurance policies or programs, granting relief from requirements or sanctions if such requirements or sanctions are not required by the SRA, and requiring companies to take actions to protect the integrity of the program, even if such action may cause the company to incur additional costs, provided such requirement is implemented before the start of the reinsurance year. No change will be made to the rule.

Comment: All three commentors expressed concern with respect to the propriety of permitting the Director of Compliance and the Director of Insurance Services to render final administrative decisions.

Response: Section 400.169 provides an informal mechanism for companies to challenge decisions rendered by FCIC. Reconsideration of these decisions allows the division that rendered the decision the opportunity to correct any error prior to an appeal to the BCA. The Directors of Compliance and Insurance Services are persons with the most knowledge of the programs they administer and are most qualified to render final determinations. Therefore, there is no need to amend the rule to have the Deputy Manager make final determinations.

Comment: One commentor questioned whether a FCIC decision of appealability itself should be reviewable or appealable.

Response: Nothing in this rule prohibits a company from seeking a review of a determination of nonappealability from the BCA. The issue on appeal would be limited to a determination of whether the decision of FCIC was based on a provision of the SRA, a compliance review, or a bulletin or directive which affects, interprets, explains or restricts a term of the SRA.

Comment: Two comments were received with respect to the definition of "contracting officer." The commentors suggested that the term be amended to include the Directors of Insurance Services and Compliance and that these persons be given authority to settle disputes.

Response: The term "contracting officer" is not defined in FCIC's regulations. Further, the Manager of FCIC has the authority to designate contracting officers and provide these persons with the authority to resolve disputes between reinsured companies and FCIC. This rule provides a delegation to these Directors to resolve such disputes. Therefore, no change is necessary.

Comment: One comment suggested that the rule be amended to permit companies to bypass the BCA and go directly to the district court or the National Appeals Division (NAD).

Response: It has been determined that the BCA is the best forum to hear these appeals. Although the BCA may not be an expert with respect to the SRA, it has extensive experience in contract matters. Since NAD does not have jurisdiction to hear any matter over which the BCA has jurisdiction, the BCA acquired jurisdiction over these cases. FCIC has no authority to permit any appeal to NAD. Further, administrative appeals provide the valuable service of permitting the Department to correct any errors and, therefore, conserving judicial resources. Therefore, the rule will not be amended to permit companies to appeal directly to the Federal courts or to NAD.

Comment: One comment suggested that the rule be amended to specify the forum for an appeal of a BCA decision.

Response: An amendment to the rule is not necessary. The administrative appeals process ends with a BCA decision. The Department of Agriculture *40954* Reorganization Act provided that once the administrative appeals process is complete, persons may bring suit. Section 506(d) of the Federal Crop Insurance Act, as amended, states that the Federal district court has exclusive original jurisdiction over any suit brought against FCIC.

The comments did not result in any change to the final rule. Therefore, the interim rule as published on May 1, 1995, at 60 FR 21035 is hereby adopted as a final rule.

List of Subjects in 7 CFR Part 400

Crop insurance.

Final Rule

— 48 —

Accordingly, pursuant to the authority contained in the Federal Crop Insurance Act, as amended (7 U.S.C. 1501 et seq.), and for the reasons set forth in the preamble, the Federal Crop Insurance Corporation hereby adopts as a final rule, the interim rule as published at 60 FR 21035 on May 1, 1995.
Signed in Washington, D.C., on August 1, 1996.

Kenneth D. Ackerman,

Manager, Federal Crop Insurance Corporation.

[FR Doc. 96-20036 Filed 8-6-96; 8:45 am]

BILLING CODE 3410-FA-P

61 FR 40952-01, 1996 WL 441352 (F.R.)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DEPARTMENT OF AGRICULTURE

Federal Crop Insurance Corporation

7 CFR Part 400

General Administrative Regulations; Reinsurance Agreement--Standards for Approval; Regulations for the 1997 and Subsequent Reinsurance Years

Tuesday, January 25, 2000

**\*3781** AGENCY: Federal Crop Insurance Corporation, USDA.

ACTION: Final rule.

SUMMARY: The Federal Crop Insurance Corporation (FCIC) is revising the General Administrative Regulations, Subpart-L Reinsurance Agreement--Standards for Approval; Regulations for the 1997 and Subsequent Reinsurance Years. The intended effect of this rule is to clarify the time frame in which all requests for a final agency determination must be submitted.

EFFECTIVE DATES: This rule is effective January 25, 2000.

FOR FURTHER INFORMATION CONTACT: Heyward Baker, Director, Reinsurance Services Division, telephone (202) 720-4232.

SUPPLEMENTARY INFORMATION:

Executive Order 12866

This rule has been determined to be exempt for the purposes of Executive Order 12866 and, therefore, has not been reviewed by the Office of Management and Budget (OMB).

Paperwork Reduction Act of 1995

It has been determined by OMB that this rule is exempt from the information collection requirement contained under the Paperwork Reduction Act of 1995 (44 U.S.C. chapter 35).

Unfunded Mandates Reform Act of 1995

Title II of the Unfunded Mandates Reform Act of 1995 (UMRA), Public Law 104-4, establishes requirements for Federal agencies to assess the effects of their regulatory actions on State, local, and tribal governments and the private sector. This rule contains no Federal mandates (under the regulatory provisions of title II of UMRA) for State, local, and tribal governments or the private sector. Therefore, this rule is not subject to the requirements of sections 202 and 205 of UMRA.

Executive Order 13132

The policies contained in this rule do not have any substantial direct effect on states, on the relationship between the national government and the states, or on the distribution of power and responsibilities among the various levels of government. Nor does this rule impose substantial direct compliance costs on state and local governments. Therefore, consultation with the states is not required.

Regulatory Flexibility Act

This regulation will not have a significant economic impact on a substantial number of small entities. The regulation does not require any more action on the part of the small entities than is required on the part of large entities. Therefore, this action is determined to be exempt from the provisions of the Regulatory Flexibility Act (5 U.S.C. 605), and no Regulatory Flexibility Analysis was prepared.

Federal Assistance Program

- 50 -

This program is listed in the Catalog of Federal Domestic Assistance under No. 10.450.

Executive Order 12372

This program is not subject to the provisions of Executive Order 12372 which require intergovernmental consultation with State and local officials. See the Notice related to 7 CFR part 3015, subpart V, published at 48 FR 29115, June 24, 1983.

Executive Order 12988

This rule has been reviewed in accordance with Executive Order 12988 on civil justice reform. The provisions of this rule will not have a retroactive effect. The provisions of this rule will preempt State and local laws to the extent such State and local laws are inconsistent herewith. The administrative appeal provisions must be exhausted before any action for judicial review of any determination made by FCIC may be brought.

Environmental Evaluation

This action is not expected to have a significant economic impact on the quality of the human environment, health, and safety. Therefore, neither an Environmental Assessment nor an Environmental Impact Statement is needed.

Background

On August 22, 1988, FCIC has implemented a process in cases when it suspects a violation of the provisions of the Standard Reinsurance Agreement where it provides the applicable reinsured company with a copy of initial findings, allowed the reinsured company to respond, and then issued a final determination. If the reinsured company disputed the final determination, the reinsured company was required to appeal within 45 days of receipt of the determination to the Deputy Manager of FCIC.
On May 1, 1995, FCIC revised this appeals process and now when a reinsured company disputed the final determination it was required to request a final agency determination from the Director of Compliance. The process also stated that the reinsured company "may" request the final agency determination within 45 days. A controversy has arisen with respect to whether the 45 day time frame is mandatory or permissive. Although FCIC has always treated the 45 day time frame as mandatory under both the old and new process, and the reinsured companies have routinely complied with this requirement, FCIC is revising the language to make it clear that the 45 day time frame is a mandatory requirement.
FCIC is also revising the section to have all requests for a final agency determination be submitted to the Deputy Administrator for Insurance Services or the Deputy Administrator for Compliance to be in conformance with the renaming of titles in the recent reorganization.
The changes in this rule do not change current requirements as understood by the reinsured companies and FCIC. This rule is merely interpretative and, therefore, exempt from the requirements for notice and comment and the 30 day delay in the effectiveness of this rule. ***3782**

List of Subjects in 7 CFR Part 400

Administrative practice and procedures, Claims, Crop insurance, Penalties.

Final Rule

Accordingly, as set forth in the preamble, the Federal Crop Insurance Corporation hereby amends 7 CFR part 400 as follows:

PART 400--GENERAL ADMINISTRATIVE REGULATIONS

1. The authority citation for 7 CFR part 400 continues to read as follows:

Authority: 7 U.S.C. 1506(1), 1506(p).

7 CFR § 400.169

2. Section 400.169 is revised to read as follows:

7 CFR § 400.169

§400.169 Disputes.

— 51 —

(a) If the company believes that the Corporation has taken an action that is not in accordance with the provisions of the Standard Reinsurance Agreement or any reinsurance agreement with FCIC, except compliance issues, it may request the Deputy Administrator of Insurance Services to make a final administrative determination addressing the disputed action. The Deputy Administrator of Insurance Services will render the final administrative determination of the Corporation with respect to the applicable actions. All requests for a final administrative determination must be in writing and submitted within 45 days after receipt after the disputed action.

(b) With respect to compliance matters, the Compliance Field Office renders an initial finding, permits the company to respond, and then issues a final finding. If the company believes that the Compliance Field Office's final finding is not in accordance with the applicable laws, regulations, custom or practice of the insurance industry, or FCIC approved policy and procedure, it may request, the Deputy Administrator of Compliance to make a final administrative determination addressing the disputed final finding. The Deputy Administrator of Compliance will render the final administrative determination of the Corporation with respect to these issues. All requests for a final administrative determination must be in writing and submitted within 45 days after receipt of the final finding.

(c) A company may also request reconsideration by the Deputy Administrator of Insurance Services of a decision of the Corporation rendered under any Corporation bulletin or directive which bulletin or directive does not interpret, explain, or restrict the terms of the reinsurance agreement. The company, if it disputes the Corporation's determination, must request a reconsideration of that determination in writing, within 45 days of the receipt of the determination. The determinations of the Deputy Administrator will be final and binding on the company. Such determinations will not be appealable to the Board of Contract Appeals.

(d) Appealable final administrative determinations of the Corporation under paragraph (a) or (b) of this section may be appealed to the Board of Contract Appeals in accordance with the provisions of subtitle A, part 24 of title 7 of the Code of Federal Regulations.

Signed in Washington, D.C., on January 18, 2000.

Kenneth D. Ackerman,

Manager, Federal Crop Insurance Corporation.

[FR Doc. 00-1702 Filed 1-24-00; 8:45am]

BILLING CODE 3410-08-P

65 FR 3781-01, 2000 WL 51155 (F.R.)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.