IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ACE PROPERTY & CASUALTY )
INSURANCE COMPANY (f/k/a CIGNA )
PROPERTY & CASUALTY INSURANCE CO.), )
ET AL. )
 )
v. ) Civil Action No. 1:06cv01430 RMU
 )
FEDERAL CROP INSURANCE )
CORPORATION, A CORPORATION WITHIN )
THE UNITED STATES DEPARTMENT OF )
AGRICULTURE )
 )
    Defendant. )
_____ )

## DECLARATION OF BEN LATHAM

I, Ben Latham, declare under penalty of perjury and in accordance with 28 U.S.C. § 1746 that the following factual statements are true and correct and based on my personal knowledge.

1. I am president of Producers Ag Insurance Group and two related insurance companies, Producers Agricultural Insurance Company and Producers Lloyds Insurance Company (collectively, "ProAg"). ProAg's fundamental business is insuring agricultural producers, and we participate in the federal crop insurance program, which is subsidized and reinsured by the Federal Crop Insurance Corporation ("FCIC"). Our home office is in Amarillo, Texas.

2. In connection with its participation in the federal crop insurance program, ProAg has executed standard reinsurance agreements with the FCIC. I personally was involved in negotiation of the Standard Reinsurance Agreement ("SRA") that took effect July 1, 1997. Because the first reinsurance year covered by that SRA ended June 30, 1998, every person involved in the process referred to it as the 1998 SRA. When the Department of Agriculture's Risk

Management Agency ("RMA") gave formal notice on behalf of FCIC of cancellation of the 1998 SRA in December 2003, I was ProAg's chief executive officer. That was the only cancellation notice which we received regarding the 1998 SRA.

3. I understand the FCIC, through its counsel, has made multiple factual assertions in a brief filed with this Court claiming that a new SRA was signed each year. Such assertions include the following:

> Before the start of each reinsurance year, petitioners executed each successive SRA * * *.
>
> * * * *
>
> [P]etitioner insurance companies executed an SRA for each successive reinsurance year with FCIC, beginning in 1997 * * *.

Motion of FCIC for Summary Judgment at pages 28 and 49. These statements are false, as are similar statements to the same effect. I was the person who signed the 1998 SRA on behalf of ProAg, and I only signed one SRA for the entire period covering July 1, 1997 through June 30, 2004.

4. I know that ProAg and other approved insurance providers have been pursuing legal remedies for losses all of us suffered from changes to the 1998 SRA mandated by Congress in June 1998 and June 2000. These changes were reflected in Mandatory Amendment Nos. 1 and 3 effective, respectively, July 1, 1998, and July 1, 2001. Amendment No. 1 imposed on us the decision of Congress to eliminate approved insurance providers' right to retain any administrative fees collected for selling and servicing catastrophic risk protection ("CAT") policies and reduced CAT loss adjustment expense ("LAE") payments to 11% of imputed premium. Amendment No. 3 imposed the 2000 decision of Congress to reduce further CAT LAE payments to 8% of imputed premium. ProAg has reserved its rights protesting such changes to the 1998 SRA.

5.    I believe that when the 1998 SRA was negotiated and Amendment Nos. 1 and 3 were executed, there were fewer than twenty companies writing federal crop insurance. Among them, ProAg was one of the smallest on those dates.

6.    I am familiar with all of the various crops insured by ProAg under the federal crop insurance program on July 1, 1998, and July 1, 2000, when Amendment Nos. 1 and 3 became effective. I can state that ProAg has suffered substantial losses of CAT administrative fees and LAE payments with respect to crops insured by us under the federal crop insurance program following mandatory execution of these amendments. None of those damages accrued at any point prior to September 30 of 1998 (with respect to Amendment No. 1) or of 2000 (with respect to Amendment No. 3). Our losses following execution of Amendment No. 1 occurred after September 30, 1998, and those following execution of Amendment No. 3 occurred after September 30, 2000.

FURTHER DECLARANT SAYETH NOT.

_____
Ben Latham