# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ACE PROPERTY & CASUALTY )
INSURANCE COMPANY (f/k/a CIGNA )
PROPERTY & CASUALTY INSURANCE CO.), )
ET AL. )
 )
v. ) Civil Action No. 1:06cv01430 RMU
 )
FEDERAL CROP INSURANCE )
CORPORATION, A CORPORATION WITHIN )
THE UNITED STATES DEPARTMENT OF )
AGRICULTURE )
 )
    Defendant. )
_____ )

## DECLARATION OF DALLAS R. SMITH

I, Dallas R. Smith, do depose and state as follows:

1. My name is Dallas R. Smith. I am over the age of 18 years, have personal knowledge of all matters set forth herein, and am otherwise competent to testify.

2. I am currently President and Senior Consultant with Dallas R. Smith and Associates. The majority of my consulting work involves issues in the agriculture industry on a worldwide basis. I hold a B.S. Degree in Agricultural Engineering from North Carolina A & T State University and completed the Program for Senior Managers in Government at the John F. Kennedy School of Government at Harvard University.

3.      Prior to working as a consultant, I spent 33 years with the federal government in various positions at the Department of Agriculture. Most importantly for this proceeding, I was Deputy Under Secretary of the Farm and Foreign Agricultural Services from 1993 to 1999. While Deputy Under Secretary, three agencies within the Department of Agriculture were under my responsibility: the Farm Services Agency, the Foreign Agricultural Service and the Risk Management Agency ("RMA"). RMA is responsible for all aspects of the Federal Crop Insurance Program and is the agency that oversees the Federal Crop Insurance Corporation ("FCIC"), the Defendant in this Action.

4.      When the 1998 Standard Reinsurance Agreement ("SRA") was being negotiated between the FCIC and the private crop insurers in 1997, the Department of Agriculture designated a lead negotiator from RMA and established a policy committee to which he reported for negotiating directives on behalf of the government. I was the head of that policy committee.

5.      The 1998 SRA was intended to be a continuous contract, not a series of one year contracts. This issue was specifically addressed in the negotiations, and it was the unequivocal position of the government that it required that the 1998 SRA be continuous to protect the interests of the government. For example, if the SRA were not continuous, private reinsurance companies, such as the Insurance Providers in this action, could attempt to terminate their ongoing contractual liability to policy holders in the event of a catastrophic loss, thereby exposing the government to greater risk and potential liability, and creating potential gaps in coverage for the Nation's farmers.

6.      I understand the attorneys for the government are now arguing that the 1998 SRA is not continuous but is a series of one year contracts. In my view, that argument is without any basis in fact. As stated above, as the government official ultimately responsible for the

negotiation of the 1998 SRA on behalf of the FCIC, it was clearly intended that the 1998 SRA be a continuous contract.

7.  In making the foregoing statements, I have not disclosed any legal advice or counsel provided to RMA or FCIC in negotiating the 1998 SRA, or internal deliberations of the policy committee referred in paragraph 4. Instead, I have stated factual matters and the ultimate position of RMA based on my dual roles in 1997 as Deputy Under Secretary and as head of the policy committee.

FURTHER AFFIANT SAYETH NOT.

I declare under penalty of perjury the foregoing statements are true and correct pursuant to 28 U.S.C. § 1746.

*Dallas R. Smith*
Dallas R. Smith