**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)<br>9200 Northpark Drive<br>Suite 300<br>Johnston, Iowa 50131,<br><br>ALLIANCE INSURANCE COMPANIES<br>1122 North Main<br>McPherson, Kansas 67460,<br><br>AMERICAN AGRICULTURAL INSURANCE COMPANY<br>1501 E. Woodfield Road<br>Suite 300W<br>Schaumburg, Illinois 60173,<br><br>AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION<br>c/o Director<br>Nebraska Department of Insurance<br>941 O Street, Suite 400<br>Lincoln, Nebraska 68508,<br><br>COUNTRY MUTUAL INSURANCE COMPANY<br>1701 Towanda Avenue<br>Bloomington, Illinois 61702,<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA<br>5400 University Avenue<br>West Des Moines, Iowa 50266,<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY<br>1122 North Main<br>McPherson, Kansas 67460, | Civil Action No.<br>1:06CV01430 (RMU) |

| | |
|---|---|
| **FARMERS MUTUAL HAIL INSURANCE** )<br>**COMPANY OF IOWA** )<br>6785 Westown Parkway )<br>West Des Moines, Iowa 50266 )<br>)<br>**GREAT AMERICAN INSURANCE COMPANY** )<br>49 East 4th Street )<br>Cincinnati, Ohio 45201, )<br>)<br>**HARTFORD FIRE INSURANCE COMPANY,** )<br>690 Asylum Avenue )<br>Hartford, Connecticut 06115, )<br>)<br>**NAU COUNTRY INSURANCE COMPANY** )<br>7333 Sunwood Drive )<br>Ramsey, Minnesota 55303, )<br>)<br>**PRODUCERS LLOYDS INSURANCE COMPANY** )<br>2025 S. Hughes Street )<br>Amarillo, Texas 79105, )<br>)<br>**RURAL COMMUNITY INSURANCE COMPANY** )<br>3501 Thurston Avenue )<br>Anoka, Minnesota 55303, )<br>)<br>　　　　　　　　**Petitioners,** )<br>)<br>　v.　　　　　　　　　　　　　　　　　 )<br>)<br>**FEDERAL CROP INSURANCE CORPORATION,** )<br>**A CORPORATION WITHIN THE UNITED** )<br>**STATES DEPARTMENT OF AGRICULTURE,** )<br>c/o U.S. Department of Agriculture )<br>Office of the General Counsel )<br>South Building, Room 2449 )<br>14th & Independence Avenue, S.W. )<br>Washington, D.C. 20250, )<br>)<br>　　　　　　　　**Respondent.** )<br>　　　　　　　　　　　　　　　　　　　 ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Civil Action No.**<br>**1:06CV01430 (RMU)** |

2

MOTION FOR AN ENLARGEMENT
OF TIME WITHIN WHICH TO FILE REPLY BRIEF

Introduction

Respondent respectfully files this motion requesting that this Court grant the parties an enlargement of time of twenty-eight (28) days, to and including July 2, 2007, within which to file their reply briefs. The parties' reply briefs currently are due on June 4, 2007. This is the first request for an enlargement of time for this purpose. Counsel for petitioner insurance companies, and respondent Federal Crop Insurance Corporation ("FCIC"), have consulted pursuant to LcvR 7(m) about the proposed schedule and consent to the schedule, which would benefit all parties equally:

      July 2 , 2007   reply briefs due

Nature Of The Case And Issues Presented

Petitioners challenge decisions of the United States Department of Agriculture Board of Contract Appeals ("AgBCA," or, "board"). Docket Nos. 2004-173-F through 2004-184-F. Ace Property et al, 2006 WL 1776561 (June 28, 2006)(decision on motion for reconsideration); Ace Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F (December 21, 2005) (see www.usda/gov/bca). There have been four earlier related cases, involving the same petitioner insurance companies,[1] and the same respondents. Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al, 60 Fed. Cl. 175 (2004), aff'd, 138 Fed. Appx. 308 (Fed. Cir. 2005); Ace Property & Casualty Insurance Co. v.

---

[1] In their amended and substitute complaint, petitioners named one additional insurance company.

Federal Crop Ins. Corp., 357 F.Supp.2d 1140 (S.D. Iowa 2005), aff'd, Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,, 440 F.3d 992, aff'd on other grounds (8th Cir. 2006).  Petitioners' complaint in this Court contains eleven counts, and raises complex issues, including issues involving jurisdiction, and other issues of procedure, as well as merits issues on claims of contract breach.

      The parties have filed dispositive motions and opposition briefs.  The case involves numerous complex legal issues, some of which are of first impression of nationwide importance involving significant matters relating to the authority of the FCIC to administer the Federal crop insurance program and develop disputes procedures for disputes relating to crop insurance programs.  The case before the Court involves a review of two lengthy and complex AgBCA decisions, with opinions written by all three of the judges on the AgBCA.

      Respondent has filed one omnibus dispositive motion, with several motions contained within it:  (1)  motion for summary judgment on most of the counts set forth in the complaint; (2) motion for partial dismissal on Counts X and XI (contract claims, breach and unjust enrichment); (3) motion for partial dismissal of petitioners' constitutional claims; and (4) motion for partial dismissal of the claims of Farmers Mutual Hail Insurance Company of Iowa ("Farmers Mutual") for failure to exhaust administrative remedies.  Further, in our opposition brief, respondent filed a motion to dismiss petitioners' claims for unjust enrichment because this Court lacks jurisdiction to entertain this type of claim against the United States because it is a claim based upon an implied-in-law contract, for which the United States has not waived sovereign immunity.  See Respondent's Opposition to Petitioners' Motion for Partial Summary Judgment, pages 50-51.  Petitioners filed a motion for partial summary judgment.

Within one business day of receipt of petitioners' brief in opposition to our dispositive motions and exhibits attached to petitioners' opposition brief, counsel at the Department of Justice ("DOJ") reviewed the papers, with a view toward the types of work that would be required to file our reply brief and the estimate time required to complete work on our reply brief. Counsel at DOJ also contacted agency counsel with a few preliminary questions about points that petitioners raised in their opposition brief and attached exhibits. Among other things, Government counsel will be required to review petitioners' opposition brief and determine which of the numerous issues we have already addressed in our moving brief and opposition brief, so that we address in our reply brief only those issues that we have not addressed previously.

Counsel also will review in greater detail the four declarations that petitioners attached to their reply brief, and determine how best to respond, particularly because, in our view, the Court's review is limited to the administrative record and should conduct its review based upon an Administrative Procedure Act ("APA") review. 5 U.S.C. § 706(2)(A). Thus, even though petitioners' declarations were not part of the record before the AgBCA and should not be before this Court, it is likely that counsel will be required to meet or otherwise confer with agency program officials, as well as agency counsel, about some of the matters addressed in the declarations. These matters include: the timing of the flow of funds between the Federal Crop Insurance Corporation ("FCIC") and the reinsured companies; the timing of petitioners' submissions and FCIC's approval of the companies' annual submission of their Plans of Operations and the relationship (if any) to the issue of whether the SRAs were annual contracts subject to modification or "continuous" as petitioners' characterize the SRAs; issues relating to potential "gaps in coverage" upon which petitioners rely for their arguments; and, the negotiating

history of the SRAs (to the extent, if any, that it is relevant).  Petitioners also cited numerous new cases, which counsel is required to read and analyze, so that the Government may address the caselaw in our reply brief.   Counsel also is required to review in greater depth petitioners' response to our statement of material facts not in genuine dispute, to determine whether there are any arguments that we should present in our reply brief on any matters contained in that document.  Therefore, given the complexity and importance of the issues, counsel at the Department of Justice requires additional time within which to complete these research tasks and consult with agency counsel.

Allowing the additional time will enable Government counsel to consult fully with agency counsel and to prepare a comprehensive reply brief, that should  ultimately assist the Court in deciding the case.  Further, there is no prejudice because there is no other schedule in the case other than the briefing schedule on the dispositive motions.

Other Responsibilities of Counsel

Counsel of record has an unusually heavy caseload at this time.  Counsel is responsible for handling an appeal in the United States Court of Appeals for the Eighth Circuit, with the Government's brief due on May 30, 2007.[2]  American Growers Insurance Co. v. Federal Crop Insurance Corp., Nos.07-1655, 07-1749 (8th Cir.), another complex case involving the Federal crop insurance program.  See American Growers Insurance Co., AgBCA No. 98-200-F (June 15, 2000); American Growers Insur. Co. v. Federal Crop Insurance Corp., 210 F. Supp.2d

---

[2]  We requested time beyond May 30, 2007, toward the end of June.  However, the United States Court of Appeals for the Eighth Circuit allowed us only to May 30, 2007, within which to file our brief.  We intend to file another motion for additional time, to June 25, 2007.

1088 (S.D. Iowa, 2002); American Growers Insur. Co. v. Federal Crop Insurance Corp. 2003 WL 1233073 (S.D. Iowa, 2003).  In January 2007, the district court issued its final judgment on damages, having decided liability issues in earlier opinions.  The case involves FCIC's prevented planting program and the integrity of FCIC's methodologies in determining premium rates for crop insurance programs.  While counsel had requested a late June 2007 date for filing our brief, the United States Court of Appeals for the Eighth Circuit issued an order requiring the Government to file its brief by May 30, 2007.  Counsel also have been consulting as to the contents of the appendix to the briefs, which requires a substantial review of the entire record and substantial work to assemble all of the pertinent documents, so that counsel for the Government may file the appendix on May 30, 2007, with the brief (or later, if the court of appeals grants us additional time).

In addition, counsel is responsible for preparing a memorandum for the Solicitor General relating to whether the Government should file an appeal in GHS Health Maintenance Organization, Inc. et al v. United States, No. 01-517, 05-371, 05-963 (Fed. Cl.), 2007 WL 1160323, with the decision issued on April 17, 2007, and the Final Judgment issued on May 11, 2007.  In this case, the United States Court of Federal Claims invalidated a regulation governing reconciliation and non-reconciliation of rates involving community-rated carriers which participate in the Federal Employee Health Benefits Act ("FEHBA") program, administered by the Office of Personnel Management ("OPM").  The issues are complex, and the regulation is an important one for OPM in its administration of the program.  Counsel is required to consult with OPM, and prepare a memorandum for the Solicitor General with a recommendation on whether to appeal the adverse decision of the Court of Federal Claims, with any notice of appeal due to be

filed by July 10, 2007.  The memorandum is due internally within the Department of Justice by late May 2007.

In addition, counsel will assist in the preparation of the Government's brief in opposition to a cross appeal filed in In re Peanut Crop Insurance Litigation, MDL-1634, No. 07-1145, 07-1146 (4th Cir.).  We anticipate that the brief for cross-appellants will be filed in early June 2007, and counsel will be required to spend part of June assisting in that appeal.[3]

Therefore, counsel has not had, and will not have, time to complete the Government's reply brief by June 4, 2007.

In addition, agency counsel with whom counsel coordinates is responsible at the agency for this case as well as for all matters in American Growers, the case pending in the Eighth Circuit, referenced above.   Agency counsel has other substantial responsibilities during this time, including working on a 450-page regulation (involving the policy that combines all the revenue policies into the Basic Provisions published at 7 CFR 457.8 (referred to as the "Combo Rule"), which work requires numerous meetings (some of which involve travel). and also assisting in responding to inquiries from Congress relating to the proposed Farm Bill as it relates to crop insurance matters.   Agency counsel also is reviewing major litigation that was filed recently.  Further, agency counsel will be out of the office on June 7-8, 2007.

---

[3]  In addition, counsel has had long-standing plans to be out of the office from July 4-13 and July 23-27, 2007.

CONCLUSION

For the foregoing reasons, respondent respectfully requests that this Court grant the parties an enlargement of time to July 2 , 2007, within which to file their reply briefs.

A proposed order is attached.

                                   Respectfully submitted,

                                   PETER D. KEISLER
                                   Assistant Attorney General

                                   s/ Jeanne E. Davidson
                                   JEANNE E. DAVIDSON
                                   Acting Director
                                   Commercial Litigation Branch

| Of Counsel: | s/ Jane W. Vanneman |
|---|---|
| JEFFREY A. TAYLOR | JANE W. VANNEMAN |
| D.C. BAR # 498610 | D.C. BAR #257121 |
| United States Attorney | Senior Trial Counsel |
| PETER S. SMITH | United States Department of Justice |
| D.C. BAR #465131 | Civil Division |
| Assistant U.S. Attorney | Commercial Litigation Branch |
| Judiciary Center Building | 1100 L Street, N.W. |
| 555 Fourth St., N.W. | Room 12010 |
|   Room E4224 | Washington, D.C. 20005 |
| Washington, D.C. 20530 | (202) 616-8283 |
| (202) 307-0372 | |

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

May 17, 2006

9