## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)** 9200 Northpark Drive Suite 300 Johnston, Iowa 50131, **ALLIANCE INSURANCE COMPANIES** 1122 North Main McPherson, Kansas 67460, **AMERICAN AGRICULTURAL INSURANCE COMPANY** 1501 E. Woodfield Road Suite 300W Schaumburg, Illinois 60173, **AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION** c/o Director Nebraska Department of Insurance 941 O Street, Suite 400 Lincoln, Nebraska 68508, **COUNTRY MUTUAL INSURANCE COMPANY** 1701 Towanda Avenue Bloomington, Illinois 61702, **FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA** 5400 University Avenue West Des Moines, Iowa 50266, **FARMERS ALLIANCE MUTUAL INSURANCE COMPANY** 1122 North Main McPherson, Kansas 67460, | Civil Action No. 1:06CV01430 (RMU) |

| | |
|---|---|
| **FARMERS MUTUAL HAIL INSURANCE** | ) |
| **COMPANY OF IOWA** | ) |
| **6785 Westown Parkway** | ) |
| **West Des Moines, Iowa 50266** | ) |
| | ) |
| **GREAT AMERICAN INSURANCE COMPANY** | ) |
| **49 East 4th Street** | ) |
| **Cincinnati, Ohio 45201,** | ) |
| | ) |
| **HARTFORD FIRE INSURANCE COMPANY,** | ) |
| **690 Asylum Avenue** | ) |
| **Hartford, Connecticut 06115,** | ) |
| | ) |
| **NAU COUNTRY INSURANCE COMPANY** | ) |
| **7333 Sunwood Drive** | ) |
| **Ramsey, Minnesota 55303,** | ) |
| | ) |
| **PRODUCERS LLOYDS INSURANCE COMPANY** | ) |
| **2025 S. Hughes Street** | ) |
| **Amarillo, Texas 79105,** | ) |
| | ) |
| **RURAL COMMUNITY INSURANCE COMPANY** | ) |
| **3501 Thurston Avenue** | ) |
| **Anoka, Minnesota 55303,** | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 1:06CV01430 (RMU) |
| **FEDERAL CROP INSURANCE CORPORATION,** | ) |
| **A CORPORATION WITHIN THE UNITED** | ) |
| **STATES DEPARTMENT OF AGRICULTURE,** | ) |
| **c/o U.S. Department of Agriculture** | ) |
| **Office of the General Counsel** | ) |
| **South Building, Room 2449** | ) |
| **14th & Independence Avenue, S.W.** | ) |
| **Washington, D.C. 20250,** | ) |
| | ) |
| Respondent. | ) |

2

RESPONDENT'S SECOND MOTION FOR AN ENLARGEMENT
OF TIME WITHIN WHICH TO FILE REPLY BRIEF

Introduction

Respondent respectfully files this motion requesting that this Court grant respondent an

enlargement of time of 37 days, to and including August 8, 2007, within which to file

respondent's reply brief.   The parties' reply briefs currently are due on July 2, 2007.  This is the

second request for an enlargement of time for this purpose, the first request by both parties for

28 having been granted.  Counsel for petitioner insurance companies, and respondent Federal

Crop Insurance Corporation ("FCIC"), have consulted pursuant to LcvR 7(m) about the proposed

schedule.  Petitioners will oppose our motion.

Respondent proposes the following schedule:

August 8, 2007          reply briefs due[1]

Nature Of The Case And Issues Presented

Petitioners challenge decisions of the United States Department of Agriculture Board of

Contract Appeals ("AgBCA," or, "board").  Docket Nos. 2004-173-F through 2004-184-F.  Ace

Property et al, 2006 WL 1776561 (June 28, 2006)(decision on motion for reconsideration); Ace

Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F

(December 21, 2005) (see www.usda/gov/bca).  There have been four earlier related cases,

---

[1]   If petitioners wish to file their reply brief on July 2, 2007, respondent has no objection.
However, since the parties initially agreed to simultaneous briefing, if the Court grants
respondent's motion for additional time, to August 8, 2007, to file respondent's reply brief,
respondent agrees that petitioners may also have until August 8, 2007, to file their reply brief.

involving the same petitioner insurance companies,[2] and the same respondents. Ace Property & Casualty Insurance Company et al v. Federal Crop Ins. Corp. et al, 60 Fed. Cl. 175 (2004), aff'd, 138 Fed. Appx. 308 (Fed. Cir. 2005); Ace Property & Casualty Insurance Co. v. Federal Crop Ins. Corp., 357 F.Supp.2d 1140 (S.D. Iowa 2005), aff'd, Ace Property & Casualty Insurance Company et al v. Federal Crop Ins. Corp. et al,, 440 F.3d 992, aff'd on other grounds (8th Cir. 2006). Petitioners' complaint in this Court contains eleven counts, and raises complex issues, including issues involving jurisdiction, and other issues of procedure, as well as merits issues on claims of contract breach.

The parties have filed dispositive motions and opposition briefs. The case involves numerous complex legal issues, some of which are of first impression of nationwide importance involving significant matters relating to the authority of the FCIC to administer the Federal crop insurance program and develop disputes procedures for disputes relating to crop insurance programs. The case before the Court involves a review of two lengthy and complex AgBCA decisions, with opinions written by all three of the judges on the AgBCA.

Respondent has filed one omnibus dispositive motion, with several motions contained within it: (1) motion for summary judgment on most of the counts set forth in the complaint; (2) motion for partial dismissal on Counts X and XI (contract claims, breach and unjust enrichment); (3) motion for partial dismissal of petitioners' constitutional claims; and (4) motion for partial

---

[2]  In their amended and substitute complaint, petitioners named one additional insurance company. See Ace Property et al., CBCA No. 117-FCIC (April 5, 2007)(denial of motion by Farmers Mutual Hail Insurance Company of Iowa ("FMH") to add itself as party to pending appeals because FMH failed to request final administrative determination addressing the dispute action, 7 C.F.R. § 400.169; CBCA lacked authority jurisdiction). See website of Civilian Board of Contract Appeals.  www.cbca.gas.gov

dismissal of the claims of Farmers Mutual Hail Insurance Company of Iowa ("Farmers Mutual") for failure to exhaust administrative remedies. Further, in our opposition brief, respondent filed a motion to dismiss petitioners' claims for unjust enrichment because this Court lacks jurisdiction to entertain this type of claim against the United States because it is a claim based upon an implied-in-law contract, for which the United States has not waived sovereign immunity. See Respondent's Opposition to Petitioners' Motion for Partial Summary Judgment, pages 50-51. Petitioners filed a motion for partial summary judgment.

Counsel of record at the Department of Justice ("DOJ") has reviewed petitioners' brief in opposition to our dispositive motions and exhibits attached to petitioners' opposition brief, and determined the types of work required to file our reply brief and the estimate of time required to complete work on our reply brief. Counsel at DOJ has also consulted agency counsel about some matters relating to our reply brief. Counsel at DOJ is in the process of reviewing petitioners' opposition brief to determine which of the issues we have already addressed in our moving brief and opposition brief, so that we address in our reply brief only those issues that we have not addressed previously.

Counsel at DOJ has also reviewed the four declarations that petitioners attached to their reply brief and made a preliminary decision about how best to respond, particularly because, in our view, the Court's review is limited to the administrative record and should conduct its review based upon an Administrative Procedure Act ("APA") review. 5 U.S.C. § 706(2)(A). In this regard, counsel is consulting with agency program officials on matters addressed in the four declarations that petitioners submitted. Petitioners also cited numerous new cases, which counsel is required to read and analyze, so that the Government may address the caselaw in our

reply brief.   Counsel also is required to review in greater depth petitioners' response to our statement of material facts not in genuine dispute, to determine whether there are any arguments that we should present in our reply brief on any matters contained in that document.  Therefore, given the complexity and importance of the issues, counsel at the Department of Justice and agency counsel require additional time within which to complete these research tasks and complete our reply brief.

In addition, within recent days, on June 11, 2007, the United States Supreme Court issued three decisions involving judicial review of agency actions pertinent to issues in this appeal. Counsel at the Department of Justice and FCIC require time within which to review these decisions and determine whether they apply to issues in this appeal, and if so, to address those matters in our reply brief.  United States v. Atlantic Research Corp., 2007 WL 1661465 (U.S.); Watson v. Philip Morris, 2007 WL 1660910 (U.S.); Long Island Care At Home v. Coke, 2007 WL 1661472 (U.S.).

Allowing the additional time will enable Government counsel to consult fully with agency counsel and to prepare a comprehensive reply brief, that should  ultimately assist the Court in deciding the case.  Further, there is no prejudice because there is no other schedule in the case other than the briefing schedule on the dispositive motions.

Other Responsibilities Of DOJ Counsel And Agency Counsel

Counsel of record continues to have a vert heavy caseload, including cases for which counsel has been counsel of record for several years and possesses historical knowledge of the legal and factual issues and the proceedings.

Counsel is responsible for handling an appeal and cross-appeal in the United States Court

6

of Appeals for the Eighth Circuit, with the Government's brief now due on July 2, 2007, with

two extensions granted and with the July 2, 2007, date granted with no further extensions

(assuming that the Solicitor General authorizes pursuit of the appeal).   American Growers

Insurance Co. v. Federal Crop Ins.Corp., Nos.07-1655, 07-1749 (8th Cir.)(Government appeals

final judgment of $925,025; insurance company cross appeal on liability issues for additional

reinsurance years).  This is another complex case involving the Federal crop insurance program,

including possibly some of the same issues involved in this case relating to the 45-day period

within which a reinsured company must submit a claim to the Risk Management Agency

("RMA") if the company wishes to dispute an RMA action.  See American Growers Insurance

Co., AgBCA No. 98-200-F (June 15, 2000); American Growers Insur. Co. v. Federal Crop Ins.

Corp., 210 F. Supp.2d 1088 (S.D. Iowa, 2002); American Growers Insur. Co. v. Federal Crop

Ins. Corp. 2003 WL 1233073 (S.D. Iowa, 2003).   Counsel is also responsible for assembling the

Joint Appendix, also due on July 2, 2007.  Work to prepare the Government's brief and joint

appendix has required substantially more time anticipated.

      In addition, after the United States Court of Appeals for the Federal Circuit issued its

decision in Carabetta Enterprises v. United States, 492 F.3d 1360 (Fed. Cir. 2007), counsel was

responsible for consulting with the agency about the court's decision and preparing a

memorandum for the Solicitor General with respect to any further proceedings before the Federal

Circuit and a recommendation on whether the Government should file a petition for a writ of

certiorari to the Supreme Court, with short deadlines for these matters. Counsel was required to

expend substantial resources to complete that memorandum.  After the Solicitor General

determined that the Government would seek no further review, counsel spent time preparing the

requisite papers for the Judgment Fund with respect to fourteen separately named plaintiffs so that payment of the judgment amounts could be effected expeditiously.

Moreover, counsel is responsible for preparing a memorandum for the Solicitor General relating to whether the Government should file an appeal in GHS Health Maintenance Organization, Inc. et al v. United States, No. 01-517, 05-371, 05-963 (Fed. Cl.), 2007 WL 1160323, with the decision issued on April 17, 2007, and the Final Judgment issued on May 11, 2007.  In this case, the United States Court of Federal Claims invalidated a regulation governing reconciliation and non-reconciliation of rates involving community-rated carriers which participate in the Federal Employee Health Benefits Act ("FEHBA") program, administered by the Office of Personnel Management ("OPM").  The issues are complex, and the regulation is an important one for OPM in its administration of the program.   Counsel has consulted with OPM, and prepared a draft memorandum for the Solicitor General with a recommendation on whether to appeal the adverse decision of the Court of Federal Claims, with any notice of appeal due to be filed by July 10, 2007.  Counsel anticipates that additional work will be required on the draft memorandum.[3]

Therefore, counsel of record has not had, and will not have, time to complete the Government's reply brief in this case by July 2, 2007.

---

[3]   Counsel has significant family responsibilities during this time.  Counsel cared for her elderly father-in-law on most of Monday June 18 through noon on Tuesday, June 19, 2007. Further, counsel will travel to Connecticut on Friday, June 22, 2007, to care for her elderly, frail, mother and consult with those caring for counsel's mother, returning to Washington, D.C., on Sunday, June 24, 2007.

In addition, counsel has long-standing plans to be out of the office from July 4-13, 2007, and also from July 23-27, 2007.

In addition, agency counsel with whom counsel coordinates is responsible at the agency for this case as well as for all matters in American Growers, the case pending in the Eighth Circuit, referenced above.   Agency counsel has other substantial responsibilities during this time, including working on a 450-page regulation (involving the policy that combines all the revenue policies into the Basic Provisions published at 7 C.F.R. § 457.8 (referred to as the "Combo Rule"), which work requires numerous meetings (some of which involve travel). and also assisting in responding to inquiries from Congress relating to the proposed Farm Bill as it relates to crop insurance matters.[4]

### CONCLUSION

For the foregoing reasons, respondent respectfully requests that this Court grant respondent an enlargement of time to August 8, 2007, within which to file respondent's reply brief.

A proposed order is attached.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/s Jeanne E. Davidson
JEANNE E. DAVIDSON
Director
Commercial Litigation Branch

---

[4]   Agency counsel will be out of her office July 18-22, 2007 and for one week (not yet determined) in August.

9

Of Counsel:

JEFFREY A. TAYLOR

D.C. BAR # 498610

United States Attorney

PETER S. SMITH

D.C. BAR #465131

Assistant U.S. Attorney

Judiciary Center Building

555 Fourth St., N.W.

   Room E4224

Washington, D.C. 20530

(202) 307-0372

KIMBERLEY ARRIGO

Senior Counsel

United States Department of Agriculture

Office of the General Counsel

Washington, D.C.

June 25, 2006

s/s Jane W. Vanneman

JANE W. VANNEMAN

D.C. BAR #257121

Senior Trial Counsel

United States Department of Justice

Civil Division

Commercial Litigation Branch

1100 L Street, N.W.

Room 12010

Washington, D.C. 20005

(202) 616-8283

10