

April 5, 2007

CBCA 117-FCIC

In the Matter of ACE PROPERTY & CASUALTY INSURANCE COMPANY
(f/k/a CIGNA PROPERTY & CASUALTY INSURANCE COMPANY),

ALLIANCE INSURANCE COMPANIES,

AMERICAN AGRICULTURAL INSURANCE COMPANY,

AMERICAN GROWERS INSURANCE COMPANY IN REHABILITATION,

COUNTRY MUTUAL INSURANCE COMPANY,

FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA,

FARMERS ALLIANCE MUTUAL INSURANCE COMPANY,

GREAT AMERICAN INSURANCE COMPANY,

HARTFORD FIRE INSURANCE COMPANY,

NAU COUNTRY INSURANCE COMPANY,

PRODUCERS LLOYDS INSURANCE COMPANY,

and

RURAL COMMUNITY INSURANCE COMPANY.

   Michael E. Tucci of Stinson Morrison Hecker LLP, Washington, DC, counsel for Appellants.

CBCA 117-FCIC                                                                                                                  2

      Kimberley E. Arrigo, Office of the General Counsel, Department of Agriculture, Washington, DC, counsel for Federal Crop Insurance Corporation.

**POLLACK**, Board Judge.

      On January 25, 2007, the Board received a Motion to Add Additional Party to the Pending Appeals in the above-captioned proceeding. In the motion, Farmers Mutual Hail Insurance Company of Iowa (FMH) requests that the Board add it as an additional appellant in the above-captioned appeals. As a result of consolidation of civilian boards of contract appeals, AGBCA 2004-173-F through 184-F have been transferred to the newly established Civilian Board of Contract Appeals and redesignated as CBCA 117-FCIC. In earlier rulings, *Ace Property & Casualty Insurance Co.*, AGBCA 2004-173-F, et al., 06-1 BCA ¶ 33,159 and *Ace Property & Casualty Insurance Co.*, AGBCA 2006-120-R, et al., 06-2 BCA ¶ 33,329, involving the parties in this appeal, the Department of Agriculture Board of Contract Appeals (AGBCA) ruled that it did not have jurisdiction over claims relating to changes made by Congress in the 2000 reinsurance year and thereafter, but did have jurisdiction as to claims affected by Congressional changes prior to that date. That AGBCA ruling (which also involves other associated legal issues) is currently before the United States District Court for the District of Columbia in *Ace Property & Casualty Insurance Co. (f/k/a Cigna Property and Casualty Ins. Co)., et al. v. Federal Crop Insurance Corp.*, No. 1:06CV01430 (D.D.C. filed Aug. 11, 2006).

      FMH's motion states that FMH's claims relate solely to the year 2000 Congressional changes to the Federal Crop Insurance Corporation's (FCIC or Corporation) 1998 Standard Reinsurance Agreement (SRA). As FMH has acknowledged, the AGBCA had already ruled, as to other insurers (appellants), that it had no jurisdiction to consider claims involving the 2000 Congressional changes, because the insurers failed to timely appeal the decision of the Risk Management Agency (RMA). FMH recognizes that the same result would apply to it as the result in those claims. What FMH does not say, however, is that the portion of the claims involving the 2000 Congressional changes have been dismissed by the AGBCA as untimely. Accordingly, this Board does not have before it any active cases involving a challenge to the 2000 Congressional changes. All active cases involve the 1998 changes. It is, of course, possible that the district court could rule in favor of appellants in the challenge to the AGBCA decision as to untimeliness (regarding 2000 changes) and could remand the matter back to this Board, for a decision on the merits. That has not occurred, however.

      The motion states that FMH has asked that FCIC summarily deny its claims as to the 2000 reinsurance year changes. FMH further states that it agrees to be bound by earlier

FCIC and AGBCA rulings with respect to similarly situated claimants, pending review by a court of competent jurisdiction.

Attached to the above motion was a letter, dated January 25, 2007, from Michael E. Tucci, who is counsel for appellants in the instant Board proceeding, as well as counsel in the cases at the district court. The letter was addressed to the Deputy Administrator for Insurance Services, Risk Management Agency. The Board was copied on the letter. The letter to the Deputy Administrator generally parallels the information and position taken in the motion. Pertinent, however, is the following explanation provided to the Deputy Administrator in that letter. There Mr. Tucci says:

> Allowing FMH to be added as a plaintiff at this juncture will save judicial and administrative resources by avoiding the wasteful and pointless exercise of initiating a separate claim with the FCIC and thereafter, the AGBCA, only to achieve the same result requested here. Accordingly, please summarily deny FMH's claim for the same reasons as the other ARPA [Agricultural Risk Protection Act of 2000] claimants.

The reference above to ARPA claimants refers to the parties in the current appeals at the district court. Mr. Tucci closed by noting that insurers had sought the consent of counsel from Department of Agriculture but counsel refused to proceed as above requested.

On January 30, 2007, FCIC filed its Opposition to Motion to Add Additional Party to the Pending Appeal. FCIC referenced FMH's statement that FMH was a party to the appeal of the AGBCA decision that is currently at the district court. FCIC stated in the opposition that on January 25, 2007, it moved to dismiss FMH from that appeal, because FMH was not a party in the AGBCA case that had been appealed to the district court. FCIC continued that the AGBCA had already determined that it lacked jurisdiction to entertain appellants' cases (referring there to appellants in the board ruling before the court), because appellants had failed to seek a final administrative determination as required by Section V.L of the Standard Reinsurance Agreement and as required by 7 CFR 400.169(a). FCIC reasoned that since the Board does not have jurisdiction to hear year 2000 appeals, the Board does not have jurisdiction to add a new party to those same appeals.

FCIC further pointed out that FHM not only failed to file a request for a final administrative determination under 7 CFR 400.169 within forty-five days of the release of the bulletin and the revision in Amendment 3 to the SRA (the year 2000 changes), but also did not seek a final administrative determination within six years of the disputed action, which occurred on June 30, 2000. FCIC then went on to discuss various factual matters,

CBCA 117-FCIC                                                                                                                    4

charging that FMH had knowledge of the earlier proceedings at the AGBCA and took no to join in these proceedings.

The referenced regulation, as amended on January 25, 2000, reads as follows:

(a)  If the company believes that the Corporation has taken an action that is not in accordance with the provisions of the Standard Reinsurance Agreement or any reinsurance agreement with FCIC, except compliance issues, it may request the Deputy Administrator of Insurance Services to make a determination 45 days after receipt of the disputed action.

The regulation further provides, at paragraph (d), that appealable final administrative determinations of the Corporation under paragraph (a) or the companion (b) may be appealable to the Board of Contract Appeals.  It is under (a) that the AGBCA considered whether it had jurisdiction over the appeals on which FMH now seeks to join as a party.

FCIC concludes that the appeals with respect to the claims involving Amendment 3 to the SRA, effective for 2000 and subsequent reinsurance years, are final.  It concludes that there is no basis to add a new party, solely so that FMH can participate in the appeal which is currently pending in the district court.

On February 2, 2007, the Board received Reply to Opposition to Motion to Add Additional Party.  In this reply, FMH reiterated points made in its motion and letter.  Specifically, it again noted that it was merely seeking to avoid having FCIC and the Board expend judicial and administrative resources in the "pointless exercise" of having FMH file its claim with FCIC; have FCIC reject it as time barred; have FMH then appeal to the Board; and then have the Board reject the claim as time barred.

Discussion

FMH's prediction is generally accurate as to the expected course of events, should it not be allowed to be added as a party to the prior-filed appeals.  It is axiomatic that short-circuiting that course would be more efficient and less time consuming.

However, the jurisdiction of this Board and our role in adjudicating FCIC matters of the nature in issue is dictated by regulations dealing with FCIC appeals.  The controlling regulation, 7 CFR 400.169, requires that before the Board can exercise jurisdiction over a matter, there has to be a request for a final administrative determination addressing the disputed action and then issuance of a final administrative determination addressing that matter.  Neither of those actions has taken place, as to FMH.  Absent a request for a final

CBCA 117-FCIC                                                                                                     5

determination, and a decision or deemed denial (the latter through failure to act on the part of FCIC), the Board has no authority or basis to take jurisdiction.  The remedy of appealing on the basis of "a deemed denial" is not set out in the regulations, but was considered by the AGBCA to be an inherent element in the appeal process.

The Board does not disagree with FMH's statements that if the matter comes before the Board, the Board will apply the same rationale to FMH, regarding the 2000 reinsurance year changes, as the AGBCA applied to appellants in the earlier *Ace Property* cases. However, if FMH requires a decision from the Board, it will need to go through the process mandated by regulation.

Decision

The **MOTION** filed by FMH to add itself as a party is **DENIED.**

_____
HOWARD A. POLLACK
Board Judge