**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.)<br>9200 Northpark Drive<br>Suite 300<br>Johnston, Iowa 50131,<br><br>ALLIANCE INSURANCE COMPANIES<br>1122 North Main<br>McPherson, Kansas 67460,<br><br>AMERICAN AGRICULTURAL INSURANCE COMPANY<br>1501 E. Woodfield Road<br>Suite 300W<br>Schaumburg, Illinois 60173,<br><br>AMERICAN GROWERS INSURANCE COMPANY IN LIQUIDATION<br>c/o Director<br>Nebraska Department of Insurance<br>941 O Street, Suite 400<br>Lincoln, Nebraska 68508,<br><br>COUNTRY MUTUAL INSURANCE COMPANY<br>1701 Towanda Avenue<br>Bloomington, Illinois 61702,<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA<br>5400 University Avenue<br>West Des Moines, Iowa 50266,<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY<br>1122 North Main<br>McPherson, Kansas 67460, | Civil Action No.<br>1:06CV01430 (RMU) |

| | |
|---|---|
| **FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA**<br>6785 Westown Parkway<br>West Des Moines, Iowa 50266 | )<br>)<br>)<br>)<br>) |
| **GREAT AMERICAN INSURANCE COMPANY**<br>49 East 4th Street<br>Cincinnati, Ohio 45201, | )<br>)<br>)<br>)<br>) |
| **HARTFORD FIRE INSURANCE COMPANY,**<br>690 Asylum Avenue<br>Hartford, Connecticut 06115, | )<br>)<br>)<br>) |
| **NAU COUNTRY INSURANCE COMPANY**<br>7333 Sunwood Drive<br>Ramsey, Minnesota 55303, | )<br>)<br>)<br>) |
| **PRODUCERS LLOYDS INSURANCE COMPANY**<br>2025 S. Hughes Street<br>Amarillo, Texas 79105, | )<br>)<br>)<br>) |
| **RURAL COMMUNITY INSURANCE COMPANY**<br>3501 Thurston Avenue<br>Anoka, Minnesota 55303, | )<br>)<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No.<br>) 1:06CV01430 (RMU) |
| **FEDERAL CROP INSURANCE CORPORATION, A CORPORATION WITHIN THE UNITED STATES DEPARTMENT OF AGRICULTURE,**<br>c/o U.S. Department of Agriculture<br>Office of the General Counsel<br>South Building, Room 2449<br>14th & Independence Avenue, S.W.<br>Washington, D.C. 20250, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Respondent. | )<br>) |

RESPONDENT'S MOTION TO STRIKE PETITIONERS'
FOUR DECLARATIONS SUBMITTED WITH THEIR
OPPOSITION TO RESPONDENT'S MOTION
TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Respondent respectfully requests that this Court strike the four declarations that petitioners submitted with their brief in opposition to respondent's motion to dismiss and/or for summary judgment.

A.  Judicial Review Is Limited To An APA Review Of The Administrative Record

The scope of this Court's review in this case is limited by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(a)(2), to the administrative record that was before the Agriculture Board of Contract Appeals ("AgBCA"). See American Growers v. Fed. Crop Ins. Corp., No. 1:01-CV-10059 (Dec. 11, 2003, S.D. Iowa),[1] citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963); Rain & Hail Ins. Serv. v. Fed. Crop. Ins. Corp., 229 F.Supp. 2d 710 (S. D. Tex. 2002).

None of these declarations are part of the AgBCA administrative record in this case. Petitioners attempt to introduce them into this proceeding because of their view that this Court should exercise de novo review of the issues in the case. As we established in our motion to dismiss and/or for summary judgment, and as we support further in our reply brief, judicial review is an APA review, not de novo.

---

[1] Exhibit 1.

B.      The Declarants Could Not Possess Personal Knowledge As To The "Intent"
        Or "Belief" Of Other Unnamed Persons Who Participated In Underlying Events

Two of the declarants, Mr. Joyce and Mr. Smith, make statements attempting to attest to the knowledge or belief of numerous unnamed individuals who participated in underlying events, including negotiations for the initial SRA signed in 1998. However, these declarants could not possibly possess personal knowledge relating to "every person" who was involved in the negotiations for the 1998 SRA – undefined in terms of name or time period.

Mr. Joyce attested that everyone understood that the "1998 SRA" was a "continuous contract." However, he cannot possibly possess personal knowledge as to what unidentified persons who participated in the negotiations for the 1998 SRA may have understood or believed about the legal issue in this case. Further, we established, that while the SRA that was signed in 1998 had continued effect from year to year, its terms could change. Therefore, Mr. Joyce's concerns about possible "gaps in coverage for farmers" is misplaced. Moreover, Mr. Joyce's statement that "no FCIC negotiator" - - again, potentially a large universe of individuals unidentified by name - - expressed the view or position that the SRA was not continuous cannot be supported by the personal knowledge required for a declarant.

Mr. Smith attested in his declaration that he was formerly employed by the FCIC as Deputy Under Secretary of Farm and Foreign Agricultural Services from 1993 to 1999. As such, he states that he was responsible for the Farm Services Agency ("FSA") and the Risk Management Agency ("RMA"), and chaired the policy committee that negotiated the SRA in 1998. He states that the SRA negotiated in 1998 was "intended to be continuous." However, he

cannot attest to the possible subjective intent of anyone other than himself.[2]

3.  **In Any Event, The Issue Whether The Terms Of The Annual SRAs Were Subject To Change Is A Question Of Law For This Court To Decide**

In any event, it is for this Court to determine as a matter of law, upon an objective basis, the legal issue of whether the SRA's terms were subject to change each year. Thus, the statements by Mr. Joyce and Mr. Smith as to "intent" are irrelevant.

## CONCLUSION

For the foregoing reasons, respondent respectfully requests that this Court strike the four declarations that petitioners submitted with petitioners' brief in opposition to respondent's motion to dismiss and/or for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/s Jeanne E. Davidson
JEANNE E. DAVIDSON
Director
Commercial Litigation Branch

---

[2] If this Court determines to deny summary judgment to respondents, we respectfully reserve the right to conduct discovery on these matters and depose these four declarants (and possibly others), either before this Court or the Civilian Board of Contract Appeals in In the Matter of Ace Property Casualty Insurance Company et al, CBCA-117-FCIC.

Of Counsel:  
JEFFREY A. TAYLOR  
D.C. BAR # 498610  
United States Attorney  
PETER S. SMITH  
D.C. BAR #465131  
Assistant U.S. Attorney  
Judiciary Center Building  
555 Fourth St., N.W.  
  Room E4224  
Washington, D.C. 20530  
(202) 307-0372  

KIMBERLEY ARRIGO  
Senior Counsel  
United States Department of Agriculture  
Office of the General Counsel  
Washington, D.C.  

July 19, 2007  

s/s Jane W. Vanneman  
JANE W. VANNEMAN  
D.C. BAR #257121  
Senior Trial Counsel  
United States Department of Justice  
Civil Division  
Commercial Litigation Branch  
1100 L Street, N.W.  
Room 12010  
Washington, D.C. 20005  
(202) 616-8283

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 19, 2007, I filed a copy of this motion, "RESPONDENT'S MOTION TO STRIKE PETITIONERS' FOUR DECLARATIONS SUBMITTED WITH THEIR OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT" and Exhibit 1, pursuant to the Court's electronic filing (ECF) system.

        s/s Jane W. Vanneman

Mr. Michael Tucci
Stinson, Morrison Hecker
1150 18th St NW, Suite 800
Washington DC 20036