IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN GROWERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 1-01-CV-10059 |
| vs. | ) ) | |
| FEDERAL CROP INSURANCE CORPORATION, a Corporation within the United States Department of Agriculture, and RISK MANAGEMENT AGENCY, an agency of and within the United States Department of Agriculture, | ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

THE COURT HAS BEFORE IT defendants' renewed motion for partial summary judgment on count II and motion for partial summary judgment on count V, filed September 3, 2003. Plaintiff resisted the motion September 23, 2003, and defendants filed a reply on September 30, 2003.

In addition, on September 25, 2003, defendants filed a motion to limit review to the administrative record and to strike jury demand. Plaintiff resisted this motion October 9, 2003 and defendants filed a reply on October 17, 2003. The Court held a telephonic hearing on November 18, 2003, and the motions are fully submitted.

FILED 12/11/2003 2:20:30 PM, USDC, Southern District of Iowa

I.    MOTION FOR PARTIAL SUMMARY JUDGMENT

    A.    Background

The facts of this matter have been outlined in prior Orders and will be repeated only as necessary to resolve the present motions. Briefly, plaintiff, a crop insurance provider, asserts that errors and omissions committed by defendants with regard to the pricing and implementation of its Standard Reinsurance Contracts ("SRAs") caused plaintiff to incur increased claims-related expenses in the 1996 and subsequent crop years.

In June 1998, plaintiff demanded payment from the Federal Crop Insurance Corporation ("FCIC") for losses it claimed to have incurred due to the FCIC's implementation of prevented planning insurance changes for the 1996 crop year. The Federal Crop Insurance Corporation ("FCIC") denied plaintiff's claim, and plaintiff appealed the matter to the Agriculture Board of Contract Appeals ("AGBCA"). On June 15, 2000, a three member panel of the AGBCA rejected plaintiff's arguments, and granted summary judgment for the FCIC.

Plaintiff filed the present action in this Court on November 27, 2001, pleading causes of action for breach of contract, statutory indemnification and constitutional taking. On June 26, 2002, this Court dismissed counts I and III of the original three-count complaint for failure to state a claim upon which relief can be granted. *American Growers Ins. Co. v. FCIC*, 210 F. Supp. 2d 1088, 1095-96 (S.D. Iowa 2002) ("*American Growers I*"). Count II, which sought indemnification pursuant to 7 U.S.C. § 1508(j)(3), was not dismissed by the Court.[1]

---

[1] Specifically, the Court noted:

2

Shortly thereafter, plaintiff filed its first amended complaint reasserting the original three counts, and adding a fourth, alternative count seeking administrative review of the AGBCA ruling. Defendants moved to dismiss counts I and III pursuant to the Court's June 26, 2002 Order, and moved for summary judgment on count II. With regard to count II, defendants argued first that 7 U.S.C. § 1508(j)(3) applied only to situations in which an *insured* successfully sues the crop insurer. They further argued that count II was barred by the limitations period contained in § 1508(j)(2)(B), and alternatively, that the claim was barred by the doctrines of res judicata and/or collateral estoppel. *American Growers Ins. Co. v. FCIC*, 2003 WL 1233073 (S.D. Iowa, March 3, 2003) ("*American Growers II*"). This Court granted defendants motion to dismiss counts I and III, but rejected all four arguments regarding count II on the merits. *Id.* at *2-5.

Plaintiff filed its second amended complaint on June 12, 2003. Counts I and III, which were twice dismissed by the Court, were ordered manually stricken by Chief United States Magistrate Judge Ross A. Walters prior to the filing of the second amended complaint. Count II, as in both previous complaints, alleges plaintiff is entitled to indemnification for its losses pursuant to 7 U.S.C. §§ 1508(j)(3). Count IV sets forth an alternative claim for administrative review of a June 15, 2000 decision of the Agriculture Board of Contract Appeals ("ABCA"). Count V pleads a second claim under 7 U.S.C. §§ 1508(j)(3), contending that defendants' continued errors and omissions caused

---

> Count II asserts an alleged violation of a federal statute, and it is unclear whether this matter was before the Board or could have been brought before the Board. As this is a motion to dismiss, matters outside of the pleadings -- such as the Board's written decision, submitted by defendants as an appendix to their motion -- may not be considered by the Court.

*American Growers I*, 210 F. Supp. 2d at 1093.

3

losses into subsequent crop years.

In their present motion for partial summary judgment on counts II and V, defendants urge the Court to reconsider its March 3, 2003 Order denying summary judgment on count II. Defendants also argue that, to the extent count V is not barred by claim preclusion, it is barred by plaintiff's failure to exhaust its administrative remedies before the AGBCA.[2]

B.   Applicable Law and Discussion

1.   Summary Judgment Standard

Summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Walsh v. United States*, 31 F.3d 696, 698 (8th Cir. 1994). The moving party must establish its right to judgment with such clarity there is no room for controversy. *Jewson v. Mayo Clinic*, 691 F.2d 405, 408 (8th Cir. 1982). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue is "genuine," if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party. *Id.* at

---

[2] In its resistance memorandum, plaintiff notes that defendants raised the same arguments in their motion for protective order, which was denied by Judge Walters on June 12, 2003. Plaintiff claims defendants waived their right to file the present motion based on the fact they did not file a timely appeal of Judge Walters' Order.

This Court disagrees. Judge Walters' June 12, 2003 Order held simply that, on the basis of the record then existing–including this Court's Order of March 3, 2003–it was inappropriate to confine discovery to the administrative record. Judge Walters specifically noted that certain issues were not before him at that time.

248. "As to materiality, the substantive law will identify which facts are material . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### 2. Whether Count II is Barred by Claim Preclusion

As set forth above, count II of plaintiff's second amended complaint seeks indemnification from defendants for increased claims expenses caused by defendants' alleged "errors and omissions" under 7 U.S.C. § 1508(j)(3). Second Amended Complaint (hereinafter, "Complaint") at § 51. In denying defendants' first motion for summary judgment on this count, this Court explained:

> [R]es judicata will bar any subsequent suit if: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them): and (4) both suits are based upon the same claims or causes of actions." *Black Clawson Co., Inc. v. Kroenert Corp.*, 245 F.3d 759, 763 (8th Cir. 2001).
>
> The Court need not go any further than to determine whether the suits are based upon the same causes of action. I conclude that they are not. American Growers' cause of action in Count II arises from 7 U.S.C. 1508(j)(3). In contrast, its appeal to the AGBCA stemmed from the alleged breach of the 1996 SRA of the parties. *In re Am. Growers Ins. Co.*, AGCBA No. 98-200-F at 7-8 (June 15, 2000). Indeed, it is doubtful whether the AGBCA even has jurisdiction to entertain a claim brought under § 1508(j)(3). Summary judgment on res judicata grounds will therefore be denied.

*American Growers II*, 2003 WL 1233073 at *3-4.

Defendants argue the Court's holding strayed from "established Eighth Circuit law" on claims preclusion stating that the "same claims or causes of action" element of the claims preclusion doctrine "turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.'" *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994). Specifically, defendants argue that: "Both Count II and plaintiff's AGBCA appeal arise from the FCIC's December 7, 1995 final rule, which plaintiff terms the

5

'Prevented Planting Insurance Changes.'" Defendants' Memorandum in Support of Renewed Motion for Partial Summary Judgment at 17.

This Court is not convinced by defendants' argument. As outlined in this Court's March 3, 2003 Order, the AGCBA proceedings challenged defendants' alleged wrongful conduct in refusing to compensate plaintiff for increased costs it incurred as a result of the 1996 prevented planting changes. *American Growers II*, 2003 WL 1233073 at * 4 (citing *In re Am. Growers*, AGCBA No. 98-200-F at 7-8). Plaintiff's argument stemmed from the FCIC's adoption of a final rule published in the Federal Register on December 7, 1995, which allegedly allowed farmers to receive 25% more prevented planning coverage than under previous crop years. Specifically, plaintiffs challenged defendants' alleged failure to timely implement the prevented planting coverage, which denied plaintiff and other crop insurers what they consider to be adequate compensation for the 25% additional coverage.

In contrast, count II of the second amended complaint claims defendants also committed the following allegedly wrongful acts:

 a. In failing to provide American Growers reinsurance consistent with sound reinsurance principles in violation of 7 U.S.C. § 1508(k)(2);

 b. By offering expanded Prevented Planting Coverage when the FCIC lacked sufficient actuarial data to offer the same, in violation of 7 U.S.C. § 1508(a);

 . . . .

 f. In failing to indemnify American Growers for the FCIC's errors and omissions in violation of 7 U.S.C. § 1508(j)(3).

Second Amended Complaint at ¶ 52. Although the claims brought before the AGBCA and the present

6

action both originate from defendants' conduct in revising its prevented planting coverage policies, the present action seeks equitable relief unavailable in the action before the AGBCA. Accordingly, the Court believes it is incorrect to classify this action as "simply a repackaging of prior claims." *Costner*, 153 F.3d at 674.

Regardless of whether plaintiff's statutory claim "arises out of the same nucleus of operative facts as its contract claim, however, the Court finds the AGBCA was nevertheless without jurisdiction to hear the statutory claim. The AGBCA's jurisdiction stems from the Contract Disputes Act, ("the CDA"), 41 U.S.C. §§ 601 *et seq*. When asked during the hearing, counsel for defendants suggested that jurisdiction was derived from 7 U.S.C. § 6912(e), which states that "A person shall exhaust all administrative appeal procedures established by the Secretary." 7 U.S.C. § 6912(e). This argument is circular at best. A litigant cannot be expected to "exhaust appeal procedures" before an administrative board that lacks jurisdiction to hear the claim being raised. Furthermore, contrary to the argument raised in defendants' memorandum, the Secretary of Agriculture's regulation purporting to extend the AGBCA's authority to hear appeals of final agency determinations of the FCIC regarding SRAs is not a substitute for Congressionally-authorized jurisdiction. *See* 7 C.F.R. § 24.4.

Even assuming the Secretary of Agriculture had the authority to extend the AGBCA's jurisdiction to hear a majority of SRA disputes, there is no evidence the Board could provide equitable relief such as indemnification. In fact, the AGBCA itself has ruled that it cannot engage in equitable analysis. *See Rain and Hail Insurance Service, Inc. v. FCIC*, AGBCA Nos. 2001-127-F and 2001-135-F, included in Plaintiff's App. at Tab 3, pp. 17-34. The Court therefore declines to alter its earlier ruling denying summary judgment on count II.

7

    3.  Whether Plaintiff must Exhaust Administrative Remedies on Count V

Defendants next argue that summary judgment must be granted on count V due to plaintiff's failure to exhaust its administrative remedies with respect to this count. This Court disagrees.

According to plaintiff's counsel, count V was added to clarify its theories supporting indemnification in count II, and to update the damages allegations to ensure it could recover not only for damages attributed to crop year 1996, but also for all subsequent crop years. There is no dispute that plaintiff did not seek damages for the more recent crop years during the administrative proceedings. Nevertheless, because count V, like count II, seeks *statutory indemnification*, over which the AGBCA has no jurisdiction, exhaustion of remedies is not at issue. Defendants' motion is denied. *See National Crop Ins. Services, Inc. v. FCIC*, ___ F.3d ___, ___, 2003 WL 22869188 at * 2 (Dec. 5, 2003) (holding that crop insurers were not required to exhaust administrative remedies prior to filing federal court action which included claim for indemnification under 7 U.S.C. § 1503(j)).

II. MOTION TO LIMIT REVIEW TO ADMINISTRATIVE RECORD

The fact plaintiff's statutory claim for indemnification is separate and distinct from its claim for judicial review of agency action does not necessarily mean the claims must be evaluated under different legal standards, however. In their alternative motion to limit review to the administrative record, defendants argue the Court should nevertheless consider the statutory claims as it would an APA claim, limiting its review to the administrative record and adopting the "arbitrary and capricious" standard of review set forth in the APA.

As noted by defendants, although 7 U.S.C. § 1506(d) vests this Court with original jurisdiction

8

to hear plaintiff's claim brought pursuant to § 1508(j)(3), the statute is silent as to the standard of review the Court should apply in evaluating plaintiff's claim. In *United States v. Carlo Bianchi & Co., Inc.*, 373 U.S. 709, 715 (1963), the Supreme Court confirmed that: "Indeed, in cases where Congress has simply provided for review [of federal agency conduct], without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no *de novo* proceeding may be held." In *Guaranty Savings & Loan Ass'n v. Federal Home Loan Bank Board*, 794 F.2d 1339, 1342 (8th Cir. 1986), the Eighth Circuit relied upon this language to find that the district court had appropriately applied an APA style of review to the Federal Home Loan Bank Board's decision to appoint a receiver. In reaching its conclusion, the court expressly found that language in the federal banking statute directing the district court to review the receiver's conduct "on the merits" did *not* warrant *de novo* review. *Id.* at 1341; *see also Rain & Hail Ins. Serv. v. FCIC*, 229 F. Supp. 2d 710, 716-17 (S.D. Tex. 2002) (applying APA standard of review to suit alleging FCIC breached the plaintiff's SRA, expressly seeking indemnification pursuant to 7 U.S.C. § 1508(j)(3)).

In support of its quest for *de novo* review, plaintiff argues that there is no "administrative record," based on the fact the statutory claim for indemnification has never been heard by the AGBCA. Plaintiff's argument is unpersuasive.

As noted by defendants, counts II and V challenge defendants' conduct surrounding a final rule published by the FCIC on December 7, 1995 that changed the prevented planting insurance rules for 1996 and subsequent years. *See* Second Amended Complaint at ¶ 29-31 (alleging FCIC lacked sufficient actuarial data to make changes, and that rating methodology agency did employ was not

9

disclosed to plaintiff for comment); *see also id.* at ¶¶ 52, 69 (specifically outlining similar allegations into counts II and V). The fact a formal hearing has not, nor could not have, taken place on plaintiff's claim for indemnification does not prevent the existence of a reviewable "record." *See Florida Power & Light v. Lorion*, 470 U.S. 729, 744 (1985) ("[A] formal hearing before the agency is in no way necessary to the compilation of an agency record. . . . The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred.").

Much of the "administrative record" needed to review the agency's conduct in this regard–including documentation underlying the premium rates established by the FCIC–has already been produced by defendants.[3] Additional portions of the "record" likely have been produced pursuant to a series of terms of a discovery rulings entered by Judge Walters. The Court therefore finds plaintiff's statutory claims for indemnification are appropriately evaluated as to whether defendants' conduct was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706. Furthermore, this Court's review should be limited to the record before the FCIC at the time it issued its December 7, 1995 rule. *See Carlo Bianchi*, 373 U.S. at 714-15 (defining administrative record as "decision of the agency . . . and of the evidence on which it was based").[4]

---

[3] As defendants pointed out in their initial briefing, the 3,000 page administrative record from the AGBCA proceeding was filed with the Court August 9, 2002.

[4] The Court acknowledges the primary distinction remaining between counts II and IV are the remedies available under each claim, and because the AGBCA did not consider conduct subsequent to the 1996 crop year, the time period for which remedies might be available.

10

III.  MOTION TO STRIKE JURY DEMAND

Defendants also move to strike the jury demand made by plaintiff. Although plaintiff has not expressly conceded the issue, it is unable to identify any statutory language that "affirmatively and unambiguously" grants it this right. *See, e.g., Lehman v. Nakshian*, 453 U.S. 156, 168 (1981) ("plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute."). Based on this fact, and in light of the Court's ruling that the statutory claims are appropriately evaluated under an APA style of review, defendants' motion to strike jury demand is granted.

IV.  CONCLUSION

For the reasons outlined above, defendants' motion for partial summary judgment on counts II and V is denied. Defendants' motions to limit review to the administrative record and to strike demand for jury trial are granted. Within twenty (20) days from the date of this Order, the parties are directed to contact Judge Walters office at (515) 284-6217 to arrange a scheduling conference for the purpose of establishing a briefing schedule for final submission of the remaining claims.

IT IS ORDERED.

Dated this 11th day of December, 2003.

RONALD E. LONGSTAFF, Chief Judge
United States District Court