IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.), ET AL., <br><br>      Plaintiffs, <br><br>v. <br><br>FEDERAL CROP INSURANCE CORPORATION, <br><br>      Defendant. | Civil Action No. 1:06cv01430 RMU |

**PLAINTIFFS' MOTION TO STRIKE PORTIONS OF RESPONDENT'S REPLY TO PETITIONERS' OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

ACE Property & Casualty Insurance Co., *et al*. ("Insurance Providers") respectfully move to strike the following specific portions of the Reply submitted by defendant Federal Crop Insurance Corporation ("FCIC") on July 19, 2007 (Doc. 36):

<u>Challenged Portion No. 1</u>: The second full paragraph appearing on page 7 (commencing, "In addition, petitioners' argument…") and continuing through the bottom of page 8 of Doc. 36.

<u>Challenged Portion No. 2</u>: A portion of footnote 4 appearing on page 7 of Doc. 36.

As explained below, the challenged portions of FCIC's Reply should be stricken because they introduce issues that were not raised previously by FCIC either before the Agriculture Board of Contract Appeals ("AgBCA") or in prior submissions to this Court.

FCIC has made much of the fact that it has submitted an administrative record of all proceedings before the AgBCA before this suit was filed. For purposes of this motion, the

Insurance Providers take FCIC at its word.[1]  Also, FCIC has filed an extensive Motion for Summary Judgment, *etc*. (Doc. 16 – 1) and a related Proposed Statement of Material Undisputed Facts (Doc. 16).  These submissions constitute the universe of what FCIC permissibly may argue in defense of the Insurance Providers' claims.  For the reasons stated below, the portions of FCIC's Reply challenged by the Insurance Providers improperly present arguments not presented to the AgBCA and only raised for the first time in FCIC's Reply.

**Challenged Portion No. 1**

Challenged Portion No. 1 introduces, for the very first time, two new arguments that the 1998 Standard Reinsurance Agreement ("SRA") is a series of one year contracts.  First, FCIC refers to the "appropriation contingency" in the SRA appearing in Section V.N.  Second, it argues the impact of the Anti-Deficiency Act, 31 U.S.C. § 1341.  Raising these matters at this time is not simply an issue of "sandbagging" an opponent by introducing new issues in a reply brief.  Instead, that FCIC has raised these points suffers a more fundamental failing, namely that neither one was raised before the AgBCA.  FCIC made no argument based on either the appropriation contingency or the Anti-Deficiency Act before the AgBCA, and the two rulings of the AgBCA on review here do not mention either in support of its holdings that were adverse to the Insurance Providers.

There is a well established doctrine in appellate practice that the prevailing party may raise in defense of the judgment below any issue supporting the result, even if rejected by the lower court or tribunal, provided, however, that the issue was one raised before the tribunal by the respondent/appellee and preserved by it.  *National Federation of Federal Employees v.*

---

[1] Subsequent to the filing of this suit, there has been a limited amount of other activity before the AgBCA (now the Civilian Board of Contract Appeals), specifically: (1) FCIC's filing of its answer and the record on appeal; (2) correspondence involving scheduling; and (3) briefing and an order concerning joinder of Farmers Mutual Hail Insurance Company.  The administrative record filed by FCIC generally does not include these matters.

*Greenberg*, 983 F.2d 286, 289 (D.C. Cir. 1993). That doctrine cannot and does not apply here, as the appropriation contingency and Anti-Deficiency Act arguments first appeared in FCIC's Reply and did not appear in any of the submissions made by any party before the AgBCA. *Settles v. U.S. Parole Commission*, 429 F.3d 1098, 1104-05 (D.C. Cir. 2005) (court would not consider arguments raised for the first time on appeal).

In short, Challenged Portion No. 1 of the Reply should be stricken for two distinct reasons. First, it is improper argument in defense of the AgBCA's rulings because it raises matters not presented to the AgBCA. Second, the points made in Challenged Portion No. 1 fall well outside the bounds set by FCIC's original Motion.

**Challenged Portion No. 2**

Footnote 4 also raises matters never presented to the AgBCA or previously raised in this matter. Specifically, this footnote asserts that terms of SRAs could vary each year by changing such matters as "premium rates; coverages for various programs, crops, in different areas of the country;…" Just as with Challenged Portion No. 1, one searches the administrative record and the AgBCA's two rulings in vain for any references to these matters. Similarly, these matters are outside the scope of the Motion filed by FCIC and its Proposed Statement of Material Undisputed Facts. In addition, this portion of FCIC's Reply is false.

First, premium rates are set by FCIC without regard to the SRA's terms, and government counsel know this. Less than three weeks before filing FCIC's Reply in this case containing footnote 4, the same Department of Justice and Department of Agriculture counsel submitted a brief on behalf of FCIC and USDA's Risk Management Agency ("RMA") to the Eighth Circuit Court of Appeals in *American Growers Ins. Co. v. Federal Crop Ins. Corp.*, Nos. 07-1655 and

07-1749. The following are examples of what they then had to say about setting of premium rates:

> ***The FCIC/RMA… sets premium rates based upon the statutory mandate*** that FCIC shall fix adequate premiums for "all of the plans of insurance" of FCIC ***at such rates as the FCIC Board determines are "actuarially sufficient"*** to attain an "expected loss ratio" of not greater than 1.1 through September 30, 1998.
>
> In the [Federal Crop Insurance Act], 7 U.S.C. § 506(d), ***Congress mandated that FCIC fix premium rates for all of the insurance plans*** that are "actuarially sufficient" to achieve a specified loss ratio for all of its insurance programs combined to attain an expected loss ratio of not greater than 1.1 through September 30, 1998.[2]

Brief for Defendants-Appellees filed July 2, 2007, at 8 and 10.[3]  These statements reveal the truth – premiums are set by FCIC pursuant to statutory directive and do not "vary" based on the SRA.

Second, the crops insured and coverage terms are not set in the SRA. Instead, they are found in separate regulations issued by FCIC. *See* 7 C.F.R. § 457.101 *et seq*. As the agency issuing these regulations, pursuant to public notice and comment, FCIC certainly knows that they cannot be varied annually by the SRA.

The points raised in the balance of footnote 4 previously were made by FCIC and do not fall within the scope of the Insurance Providers' Motion To Strike. While those points are incorrect, the Insurance Providers recognize that they relate to issues raised by FCIC before the AgBCA and to factual assertions made in its Motion. Further, because they previously have been raised by FCIC, the Insurance Providers have been able to secure the declarations of knowledgeable persons who competently have refuted the veracity of this portion of FCIC's argument.

---

[2] The correct statutory citation actually is 7 U.S.C. §1506(*o*)(2) or, alternatively, 7 U.S.C. § 1508(d)(1), both of which establish the 1.1 expected loss ratio through September 30, 1998. Both provisions also lowered the expected loss ratio to "not greater than 1.075" on and after October 1, 1998.

[3] This brief is available on PACER.

**Conclusion**

The Insurance Providers separately have argued that the AgBCA's rulings are subject to *de novo* review by this Court. Thus, the Insurance Providers might take a different position regarding Challenged Portion Nos. 1 and 2 of FCIC's Reply in the event that this Court orders discovery and conducts an evidentiary hearing. On the record as it exists now, however, these portions of the Reply should be stricken for the reasons outlined above.

Respectfully submitted this 27th day of July, 2007.

        STINSON MORRISON HECKER LLP

By: /s/ Michael E. Tucci
    Michael E. Tucci (Bar # 430470)
    1150 18th Street, N.W., Suite 800
    Washington, D.C. 20036
    (202) 785-9100
    Fax: (202) 785-9163

P. JOHN OWEN

By: /s/ P. John Owen by Michael E. Tucci
    P. John Owen (KS Bar #11835; MO Bar #22523)
    (Pro Hac Vice)
    National Crop Insurance Services, Inc.
    8900 Indian Creek Parkway, Suite 600
    Overland Park, KS  66210
    (913) 685-2767
    Fax:  (913) 685-3080

Counsel for All Plaintiffs

        MICHAEL J. DAVENPORT


By: <u>/s/ Michael J. Davenport by Michael E. Tucci</u>
    Michael J. Davenport (IA Bar # 45345)
    Rain and Hail L.L.C.
    9200 Northpark Drive, Suite 300
    Johnston, IA  50131-3006
    (515) 559-1000
    Fax:  (515) 559-1001

Additional Counsel for Plaintiff ACE Property & Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2007, a copy of the foregoing Plaintiffs' Motion to Strike Portions of Respondent's Reply to Petitioners' Opposition to Respondent's Motion to Dismiss and/or for Summary Judgment was sent via the Court's Electronic Case Filing notification system to the following:

Jane W. Vanneman, Esq.
Senior Trial Counsel
United States Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12010
Washington, D.C. 20005

Peter Smith
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4224
Washington, D.C. 20530


　　　　　　　　　　　　　　　　　　　　/s/ Michael E. Tucci
　　　　　　　　　　　　　　　　　　　　Michael E. Tucci