IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.), ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL CROP INSURANCE CORPORATION, <br><br> Defendant. | Civil Action No. 1:06cv01430 RMU |

**PLAINTIFFS' OPPOSITION TO RESPONDENT'S MOTION TO STRIKE PETITIONERS' FOUR DECLARATIONS SUBMITTED WITH THEIR OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Plaintiffs Ace Property & Casualty Insurance Company, Inc., *et al*. ("Insurance Providers") respectfully oppose the motion filed by the Federal Crop Insurance Corporation ("FCIC") to strike four declarations submitted by them when they opposed FCIC's motion to dismiss and/or for summary judgment. FCIC's Motion To Strike (Doc. 37) is baseless and should be denied.

**A.    Judicial Review Is Not Limited To An APA Review Of The Administrative Record**

Contrary to the assertion of FCIC, this Court's review is not limited to the administrative record before the Agriculture Board of Contract Appeals ("AgBCA"). The scope of review issue has commanded substantial attention in briefing of the pending dispositive motions. Rather than repeating their arguments, the Insurance Providers respectfully refer the Court to the following submissions by them demonstrating conclusively that review in this case is *de novo*:

>Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment ("IP Memo") at 9 – 11 (Part IV)
>
>Opposition to the Motion To Dismiss and/or for Summary Judgment Submitted by Defendant FCIC ("IP Opp.") at 4 -5 (Part III A)
>
>Reply to Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment ("IP Reply") at 3 – 11 and 23 – 24 (Parts II A and B 5)

The Insurance Providers incorporate the designated portions of the foregoing (Doc. 17, 30, and 39) to establish that *de novo* review is appropriate.

It is significant that FCIC itself introduced factual issues extrinsic to the text of the 1998 Standard Reinsurance Agreement ("1998 SRA") in its opening brief.  For instance, FCIC stated as a factual matter: "[P]etitioner insurance companies executed an SRA for each reinsurance year with FCIC, beginning in 1997…." *See* Motion of FCIC for Summary Judgment (Doc. 16-1) at 49; *see also id.* at 29.  Also, FCIC has alleged that in each reinsurance year the Insurance Providers "submitted their annual Plan of Operations." *E.g., id.* at 29 and 49.  The first example of extrinsic evidence is not part of the record before the AgBCA.  Although the second example was presented to the AgBCA as a legal argument based on the text of the 1998 SRA, it nevertheless embodied facts extrinsic to the text of the 1998 SRA (specifically, the parties' subsequent course of conduct).  These examples certainly undermine the FCIC's argument that the declarations are inadmissible even though they rebut factual assertions made in FCIC's own motion.  In short, FCIC's own filings opened the door for submission of the declarations, and it is too late now for FCIC to try to shut the door.  *See Reilly v. NatWest Mkt. Group Inc.*, 181 F.3d 253, 266 (2d Cir. 1999).

FCIC erroneously attributes submission of the four declarations to the Insurance Providers' "view that this Court should exercise *de novo* review of the issues in this case." Motion To Strike at 3.  Although the Insurance Providers' position is that *de novo* review is

required, the declarations were submitted for the following reasons: (1) to respond to erroneous factual statements made by FCIC in its original motion (*e.g.*, Joyce Decl., ¶ 10, and Latham Decl., ¶ 3);[1] and (2) to demonstrate the type of evidence available to the AgBCA if it had not erroneously treated the 1998 SRA as ambiguous and then, without any discovery, evidence, or hearing, concluded that it was a series of individual year-to-year agreements rather than a single, continuous contract. *See* IP Opp. at Exs. B, C, and D, and IP Reply at Ex. A.

Finally, even if the standard of review is as asserted by FCIC in its briefing, the declarations nevertheless are admissible to establish that the AgBCA failed to consider all relevant factors in issuing its rulings. This is a classic, long recognized basis for offering evidence in an APA review. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

**B.   FCIC's Lack Of "Personal Knowledge" Argument Is No Basis For Excluding The Declarations.**

FCIC complains about declarations from Messrs. John H. Joyce and Dallas R. Smith because portions thereof, according to FCIC, may not be based on personal knowledge. As a preliminary matter, the Insurance Providers observe that they submitted two other declarations (from Messrs. Ben Latham and Troy Brady) that have not been attacked for this spurious reason. Except for the APA argument made by FCIC, the Latham and Brady declarations unquestionably are admissible in full. Thus, the Insurance Providers limit their discussion of the "personal knowledge" issue to FCIC's attack on the declarations of Messrs. Joyce and Smith.

There are three notable flaws in FCIC's argument to exclude the Joyce and Smith declarations.

---

[1] FCIC's Motion To Strike also ignores the Insurance Providers' obligation under LCvR 56.1 to controvert assertions in FCIC's Proposed Statement of Material Facts (Doc. 16) unless they were willing to suffer their being deemed admitted, which they were not. The declarations rebut factual statement 11.c. (Doc. 16 at 11 – 12) as well as demonstrate that material facts are disputed.

First, a substantial portion of each declaration is based, on its face, on the personal knowledge of each declarant. At a minimum, those portions are admissible.

Second, FCIC ignores that each declarant specifically avowed that "all matters" set forth in his declaration were based on personal knowledge. Joyce Decl., ¶ 1; Smith Decl., ¶ 1. FCIC only offers speculation as a basis to attack portions of the affidavits as, in its view, not likely based on personal knowledge. This is a classic situation that relates to the weight to be given the declarations and not to their admissibility. *See, e.g., Grine v. Coombs*, 214 F.R.D. 312, 339 (W.D.Pa. 2003) (challenges to personal knowledge of affiant concerned weight of testimony, not admissibility). If this matter is remanded by the Court to the AgBCA, or if this Court decides to reach the substantive merits of the issues, FCIC will have an opportunity to cross examine both declarants. At this stage, on their face, both declarations are admissible and highly pertinent. It is notable that FCIC has not countered these declarations with any evidence of its own, whether testimonial or documentary, that can be used to impeach any portion of the Joyce and Smith declarations.

Third, in making its lack of "personal knowledge" argument, FCIC has ignored the positions these declarants occupied at the time of the underlying events. Mr. Joyce, for example, headed one of the largest Insurance Providers when the 1998 SRA was negotiated, often acted as "an industry spokesperson" regarding such matters as reinsurance agreements, and "had direct personal knowledge of the positions taken by the private sector as a whole as the federal government's business partner in delivering the [Federal crop insurance] program." Joyce Decl., ¶¶ 2 and 4 – 6. Mr. Smith was the Deputy Under Secretary for Farm and Foreign Agricultural Services from 1993 to 1999, oversaw "all aspects of the Federal Crop Insurance Program," and headed the policy committee that established negotiating directives for the 1998 SRA. Smith

Decl., ¶¶ 3 – 4. As the text of each declaration shows, both men were directly and intimately involved in key roles in the negotiation of the 1998 SRA and were well grounded in the terms of the Federal crop insurance program. Thus, contrary to the argument of FCIC, both declarants should be viewed as well situated to offer each of the statements made in his declaration. Plainly, any objective reading of the Joyce and Smith declarations establishes their admissibility under Fed.R.Evid. 602 and 701.

In sum, FCIC's Motion To Strike should be denied, and the Insurance Providers' declarations should be considered by the Court in their entirety.

Respectfully submitted this 27th day of July, 2007.

STINSON MORRISON HECKER LLP

By: /s/ Michael E. Tucci
Michael E. Tucci (Bar # 430470)
1150 18th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 785-9100
Fax: (202) 785-9163

P. JOHN OWEN

By: /s/ P. John Owen by Michael E. Tucci
P. John Owen (KS Bar #11835; MO Bar #22523)
 (Pro Hac Vice)
National Crop Insurance Services, Inc.
8900 Indian Creek Parkway, Suite 600
Overland Park, KS  66210
(913) 685-2767
Fax:  (913) 685-3080

Counsel for All Plaintiffs

MICHAEL J. DAVENPORT

By: <u>/s/ Michael J. Davenport by Michael E. Tucci</u>
    Michael J. Davenport (IA Bar # 45345)
    Rain and Hail L.L.C.
    9200 Northpark Drive, Suite 300
    Johnston, IA  50131-3006
    (515) 559-1000
    Fax:  (515) 559-1001

Additional Counsel for Plaintiff ACE Property & Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2007, a copy of the foregoing Plaintiffs' Opposition to Respondent's Motion to Strike Petitioners' Four Declarations Submitted With Their Opposition to Respondent's Motion to Dismiss and/or For Summary Judgment was sent via the Court's Electronic Case Filing notification system to the following:

Jane W. Vanneman, Esq.
Senior Trial Counsel
United States Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12010
Washington, D.C. 20005

Peter Smith
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4224
Washington, D.C. 20530

/s/ Michael E. Tucci
Michael E. Tucci