**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.), ET AL.,** | ) ) ) ) ) ) |
| **Petitioners,** | ) ) |
| **v.** | ) ) ) |
| **FEDERAL CROP INSURANCE CORPORATION,** | ) ) |
| **Respondent.** | ) ) ) |

Civil Action No.
1:06CV01430 (RMU)

---

**RESPONDENT'S REPLY TO PETITIONERS' OPPOSITION
TO RESPONDENT'S MOTION TO STRIKE PETITIONERS'
FOUR DECLARATIONS SUBMITTED WITH THEIR
OPPOSITION TO RESPONDENT'S MOTION
TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Petitioners oppose our motion to strike the four declarations that they submitted principally upon the erroneous theory that there are facts in dispute. However, there are no material facts in genuine dispute, and this Court may decide all dispositive issues as a matter of law.

One of the key issues that petitioners, raise and upon which they base many of their legal and allegedly factual arguments, simply involves semantics – no one disputes that the Standard Reinsurance Agreements ("SRA") "continues in effect" from each reinsurance year to the next until it is terminated. However, the issue is the meaning of the phrase "continue in effect." This is a legal question, not a factual question, and is to be resolved based upon the interpretation of

the actual terms of the SRA and the prevailing case law.

It is undisputed that: the SRA specifically states that it is renewed each year; the SRA incorporates the regulations published at 7 C.F.R. chapter IV by reference; regulations may be revised by the Federal Crop Insurance Corporation ("FCIC") thereby varying the terms of the SRA; some of the financial terms of the SRA (e.g., premium retentions) also may vary from one reinsurance year to the next; and FCIC has a right to terminate the SRA for any reinsurance year by giving the requisite notice. Therefore, as we established as a matter of law, for each reinsurance year, the SRA was considered to be a separate contract that continued in effect with the same terms unless the terms were changed, the SRA was terminated, or the approved insurance providers failed to submit or have FCIC approve their (annual) Plan of Operations. See page 8 of Respondent's Reply to Petitioners' Opposition to Respondent's Motion To Dismiss And/Or For Summary Judgment, Document 36.

Because the contractual terms of the SRA (with all that it incorporates) are not ambiguous, this Court may interpret the provisions of the SRA, statutory provisions, and regulations as a matter of law, based upon an objective standard, without any of the alleged evidence of "subjective intent" or "belief" that petitioners attempt to introduce through declarations into the record before this Court, and which were not in the administrative record before the Agriculture Board of Contract Appeals ("AgBCA").

A.      Judicial Review Is Limited To An APA Review Of The Administrative Record

We established in our briefs that the scope of this Court's review in this case is limited by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(a)(2), to the administrative record that was before the Agriculture Board of Contract Appeals ("AgBCA"). American Growers v.

Fed. Crop Ins. Corp., No. 1:01-CV-10059 (Dec. 11, 2003, S.D. Iowa), citing United States v.

Carlo Bianchi & Co., 373 U.S. 709, 715 (1963); Rain & Hail Ins. Serv. v. Fed. Crop. Ins. Corp.,

229 F.Supp. 2d 710 (S. D. Tex. 2002).[1]  Because none of the four declarations that are subject to

our motion to strike were part of the AgBCA administrative record in this case, this Court should

strike them from the record before this Court.

        Contrary to petitioners' arguments, we did not introduce "factual issues extrinsic to the

text" of the Standard Reinsurance Agreement ("SRA") first signed in 1998.  It is a matter of law

that petitioners executed the "1998 SRA," in part, by submitting Plans of Operations for each

reinsurance year at issue in this case.  Further, in order to be a party to this litigation, it was

required that each petitioner reinsured company be a party to the contract in dispute, the SRA, for

each reinsurance year at issue.   In this regard,  it is a matter of law, that for each reinsurance

year, petitioners submit an "Annual Plan of Operations," as they admit.   As they also admit, we

advanced "legal arguments" - not factual issues -  relating to the Annual Plan of Operations.

There is no factual issue relating to the parties' "course of conduct" with respect to the

submission of these Annual Plans of Operations, as petitioners contend.  Further, there is no need

for the four declarations because the statements in the declarations do not rebut any alleged

"factual assertions" made by respondents in our motion.  Thus, contrary to their arguments, the

---

        [1]  See Respondent's Motion For Summary Judgment (Counts I-VIIII, Motion For Partial
Dismissal For Failure To Exhaust Administrative Remedies (Counts X-XI), Motion For Partial
Dismissal For Failure To State A Claim (Count IX), and Motion For Partial Dismissal Of
Petitioner Farmers Mutual For Failure To Exhaust Administrative Remedies, pages 25-27
(Document 16) ("Respondent's Motion"); Respondent's Opposition to Petitioners' Motion For
Partial Summary Judgment, pages 11-16 (Document 28) ("Respondent's Opposition");
Respondent's Reply To Petitioners' Opposition To Respondent's Motion To Dismiss And/Or For
Summary Judgment, pages 5-6 (Document 36) ("Respondent's Reply").

mere fact that FCIC referred to petitioners' execution of the SRA and their annual submission of their Plans of Operations did not "open any door" for petitioners to submit these four declarations.[2]

This Court's review should be an APA record review, limited to the record. Petitioners have not established that respondents made any "erroneous factual statements" in our motion.

Further, to the extent, if any, that the AgBCA treated the "1998 SRA" as ambiguous, the statements in the four declarations do nothing to establish the "type of evidence,"as petitioners contend, that the AgBCA might have considered. Because the issue of contract interpretation is one of law, there was no need for any discovery or evidentiary hearing before the AgBCA, as we established in our briefs and more fully below. See Respondent's Opposition, page 12.[3]

---

[2] Petitioners' reliance upon Reilly v. NatWest Mkt. Group Inc., 181 F.3d 253, 266 (2d Cir. 1999), is misplaced. In Reilly, the scope of review was de novo, not limited to the administrative record. Moreover, the court concluded that the evidence of wealth did not directly contradict opposing testimony and that its introduction may have been "somewhat opportunistic." Id. However, the court concluded that the evidence of wealth was "sufficiently inconsistent" with the testimony of the opposing party to impeach his credibility. Any prejudice, however, was dissipated by the court's instruction that the evidence not influence the jury's decision in any respect. Here, the "evidence" that petitioners seek to introduce – are clearly opportunistic, as there are no facts in dispute, and no facts to "contradict" because any evidence of subjective intent or belief is irrelevant to the legal issues in the case. Moreover, unlike in Reilly, for the Court to deny our motion to strike could prejudice respondents, because petitioners would be permitted to fabricate a "factual" issue where none otherwise exists.

[3] Petitioners' reliance upon Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983), for the proposition that the AgBCA failed to consider all relevant factors, is misplaced. The AgBCA issued two lengthy and comprehensive opinions, in which the judges explained in great detail all of the numerous factors upon which they relied in reaching their conclusions of law. AR2-39, AR308-21. Petitioners' argument that the AgBCA filed to consider all relevant factors lacks merit.

Indeed, petitioners failed to acknowledge the dozens of insurance law cases from numerous jurisdictions that we cited that establish, as a matter of law, that even though an insurance policy might "continue" in effect from year to year, the terms of the policy might vary

Finally, even if petitioners are correct in their legal and/or factual analysis, the remedy would require a remand to the AgBCA so that the AgBCA could consider the issues in the first instance.  See Ace Property & Casualty Insurance Co. et al v. Federal Crop Insurance Corporation et al,, 440 F.3d 992 (8th Cir. 2006).

B.     The Declarants Could Not Possess Personal Knowledge As To The "Intent"
       Or "Belief" Of Other Unnamed Persons Who Participated In Underlying Events

We established that two of the declarants, Mr. Joyce and Mr. Smith, make statements in their declarations attempting to attest to the knowledge or belief of numerous unnamed individuals who participated in underlying events, including negotiations for the initial SRA signed in 1998.  However, even though these declarants stated that their declaration was based upon personal knowledge, and even given the positions that these declarants occupied (e.g., one of many industry spokesman and a former Deputy Under Secretary for Farm and Foreign Agricultural Services (United States Department of Agriculture) in the mid-1990s), it is simply not reasonable to conclude that Mr. Joyce and Mr. Smith could possibly possess the extent of personal knowledge required for a declaration relating to the intent or belief of "every person" who was involved in the negotiations for the 1998 SRA  – undefined in terms of name or time period.[4]  Petitioners' reliance upon Grine v. Coombs, 214 F.R.D. 312, 339 (W.D. PA. 2003), is misplaced.  In that case, challenges to the basis for the alleged personal knowledge related to

_____

from year to year resulting in a new contract each year.  Respondent's Motion, pages 28-30 & nn.14, 16.  That the cases do not involve the Federal crop insurance program is of no moment, as the legal principles remain the same – the policy might continue from year to year, but the terms may vary from year to year.

   [4] If this Court determines to deny summary judgment to respondents, we respectfully reserve the right to conduct discovery on these matters and depose these four declarants (and possibly others).

issues of whether an individual was of sound mind or suffered dementia.  However, here, no

factual issues involving the subjective intent or belief of the declarants or other unnamed

participants in the negotiations for the "1998 SRA" are material with respect to the legal issues in

this case.

In addition, nothing in Fed.R.Evid. 602 or 701, upon which petitioners rely, supports the

admissibility of the declarations in this case.  Rule 602 provides that a "witness may not testify to

a matter unless evidence is introduced sufficient to support a finding that the witness has

personal knowledge of the matter." Petitioners introduced no evidence to support the statements

by the declarants as to the subjective intent or belief of numerous industry and/or Government

officials involved in the underlying events.  Rule 701 governs opinion testimony by lay

witnesses.  However, the "opinions or inferences" to which these declarants attested are not

"rationally based on the perception of the witness," and are not "helpful to a clear understanding

of the . . . determination of a fact in issue" because the interpretation of the SRA, applicable

statutory provisions and regulations are a matter of law.  Rule 701.

C.     In Any Event, The Issue Whether The Terms Of The Annual SRAs
       Were Subject To Change Is A Question Of Law For This Court To Decide

Petitioners attempt to argue that FCIC raised factual issues as a means to have lay persons

provide their interpretation of the legal effect of the terms and conditions of the SRA.  However,

the issue of whether the SRA was a single-tear contract that renewed each year, and the other

issues raised by FCIC, are questions of contract interpretation, not questions of fact.  Contract

interpretation is a question of law.  See Vermont Dep't of Public Service v. Federal Energy

Regulatory Com., 817 F.2d 127, 134-35 (D.C. Cir. 1987); Alvin, Ltd. v. United States Postal

Serv., 816 F.2d 1562, 1564 (Fed. Cir. 1987).  Further, the interpretation of a contract is appropriately left first to the Board of Contract Appeals, subject to judicial review.  See id.  In this case, the Board of Contract Appeals interpreted the provisions of the SRA in accordance with its terms and prevailing insurance law and determined that, although the SRA was a "continuous" contract that renewed each year, each renewal created a new contract, which could involve new terms.  AR313-17 [AgBCA decision on reconsideration, June 26, 2006].  Thus, it is for this Court to determine as a matter of law, upon an objective basis, the legal issue of whether the SRA's terms were subject to change each year.  Therefore, the declarations submitted by petitioners, stating the declarants' beliefs as to the subjective intent relating to the terms of the SRA, are irrelevant.  See Thermice Corp. v. Vistron Corp., 832 F.2d 248, 252-53 & n.4 (3rd Cir. 1987).

In their opposition brief, petitioners do not dispute this proposition of law. Thus, the statements by Mr. Joyce and Mr. Smith as to "intent" are irrelevant.

D.    This Court Should Defer Ruling On Our Motion To Strike Until
      All Briefs Relating To The Dispositive Motions Are Filed In this Case

We respectfully request that this Court issue its ruling on our motion to strike after all briefs have been filed in this case on all issues, so that the Court's decision is based upon a complete record.

For example, on July 20, 2007, with their reply brief on the merits of the dispositive motions, petitioners filed a declaration of Mr. Kenneth D. Ackerman, a former Manager of the Federal Crop Insurance Corporation ("FCIC") and a former Administrator of the Risk Management Agency ("RMA").  Document 38-3.  Further, on July 27, 2007, petitioners filed a

motion to strike portions of our brief in reply to petitioners' opposition to our motion to dismiss and/or for summary judgment.  (Document 40).

We intend to file our opposition to petitioners' motion to strike, and are required to review petitioners' reply brief on the merits and the recently-submitted declaration of Mr. Ackerman to determine whether there are any issues relating to the issues in connection with our motion to strike the four declarations.

<u>CONCLUSION</u>

For the foregoing reasons, respondent respectfully requests that this Court strike the four declarations that petitioners submitted with petitioners' brief in opposition to respondent's motion to dismiss and/or for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/s Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

Of Counsel:                          s/s Jane W. Vanneman
JEFFREY A. TAYLOR                    JANE W. VANNEMAN
D.C. BAR # 498610                    D.C. BAR #257121
United States Attorney               Senior Trial Counsel
PETER S. SMITH                       United States Department of Justice
D.C. BAR #465131                     Civil Division
Assistant U.S. Attorney              Commercial Litigation Branch
Judiciary Center Building            1100 L Street, N.W.
555 Fourth St., N.W.                 Room 12010
  Room E4224                         Washington, D.C. 20005
Washington, D.C. 20530               (202) 616-8283
(202) 307-0372

KIMBERLEY ARRIGO
Senior Counsel
United States Department of Agriculture
Office of the General Counsel
Washington, D.C.

August 6, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 6, 2007, I filed a copy of this

motion, "RESPONDENT'S REPLY TO PETITIONERS' OPPOSITION TO RESPONDENT'S

MOTION TO STRIKE PETITIONERS' FOUR DECLARATIONS SUBMITTED WITH THEIR

OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND/OR FOR SUMMARY

JUDGMENT", pursuant to the Court's electronic filing (ECF) system.

<u>s/s Jane W. Vanneman</u>

Mr. Michael Tucci
Stinson, Morrison Hecker
1150 18th St NW, Suite 800
Washington DC 20036