IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.), ET AL.,<br><br>   Plaintiffs,<br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION,<br><br>   Defendant. | Civil Action No. 1:06cv01430 RMU |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

ACE Property & Casualty Insurance Co., *et al.* ("Insurance Providers") respectfully reply to defendant Federal Crop Insurance Corporation's ("FCIC") opposition to the Insurance Providers' Motion to Strike submitted on July 27, 2007.

**I. Introduction.**

The Insurance Providers challenged two portions of the FCIC's Reply that introduce issues not raised previously by the FCIC either before the Agriculture Board of Contract Appeals ("AgBCA") or in prior submissions to this Court. In its opposition, the FCIC does not dispute that the challenged arguments are brand new to this litigation. Instead, the FCIC argues that the arguments are properly before the court. For the reasons set forth below, the FCIC is wrong.

**II. No Authority Supports The FCIC's Position.**

In their Motion to Strike, the Insurance Providers noted that the FCIC failed to raise the challenged arguments before the AgBCA, and that this violated the well-established doctrine that

DB02/763432.0008/7759766.1

prevailing parties may raise any issue supporting the result obtained in a lower court, provided the issue itself was raised before the tribunal by the respondent/appellee. *National Federation of Federal Employees v. Greenberg*, 983 F.2d 286, 289 (D.C. Cir. 1993). In addition, the Insurance Providers also mentioned the FCIC's failure to raise the arguments either in its own motion for summary judgment, or in its opposition to the Insurance Providers' motion for summary judgment, choosing instead to raise them first in its reply. Courts do not consider issues raised for the first time in a reply brief because such "sandbagging" techniques do not allow opposing parties an opportunity to respond. *Great Lakes Chemical Corp. v. N.L.R.B.*, 967 F.2d 624, 630 (D.C. Cir. 1992); *Carter v. George Washington University*, 387 F.3d 872, 878 (D.C. Cir. 2004); *Swanks v. Washington Metropolitan Area Transit Authority*, 179 F.3d 929, 937 (D.C. Cir. 1999)(noting that Court was not required to consider argument raised for first time in appellant's reply brief, since appellee had no opportunity to respond to the contention in his brief).

In response to this authority, the FCIC claimed it was an "appellate practice" doctrine inapplicable to a district court proceeding.[1] Opposition at 2. This reasoning was recently rejected by a federal district court:

> With no citation to law, Munster attempts to limit this proposition to appellate briefs. The law does not support such a narrow construction of this elementary briefing rule, which applies both when a party fails to raise or to support adequately an argument in briefing any motion filed at the trial or appellate level.

---

[1] Of course, the FCIC offered no authority itself for this novel idea, and also chose to ignore the fact that this case is an appeal of an AgBCA ruling. According to the FCIC, "this Court, as a trial level court, exercises 'original' jurisdiction of petitioners' claims, 7 U.S.C. § 1506(d), subject to the administrative record review of the Administrative Procedure Act ("APA") standards." Opposition at 2. The FCIC also cited no authority for this unique characterization, perhaps because it is completely nonsensical. The idea that the Insurance Providers' claims could simultaneously be before a "trial level court" with "original jurisdiction," yet also subject to APA review based on a prior administrative proceeding before the AgBCA, is inherently contradictory.

*Wolotka v. School Town of Munster*, 399 F.Supp.2d 885, 901 (N.D.Ind. 2005)(citations omitted); see also *Curcio Webb LLC v. National Benefit Programs Agency, Inc.*, 367 F.Supp.2d 1191, 1207 n.28 (S.D. Ohio 2005)(noting that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in opposition); *Clawson v. FedEx Ground Package System, Inc.*, 451 F.Supp.2d 731, 735 (D.Md. 2006).

Obviously, it would be unfair and prejudicial to allow the FCIC to argue an issue without an opportunity for the Insurance Providers to respond. *Id.* (noting that the concern addressed in the ordinary rule in federal courts that an argument raised for the first time in a reply brief or memorandum will not be considered is that an opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond). Consequently, should the court decide to allow the challenged arguments, the Insurance Providers respectfully request an opportunity to file a sur-reply in order to address their substance.[2]

### III. The FCIC Provides No Justification For Failing to Raise The Challenged Arguments Earlier.

The FCIC acknowledges that "absent unusual circumstances, appellate courts do not ordinarily entertain issues first raised on appeal." Opposition, at 5. However, despite reciting this rule, the FCIC fails to identify a single reason for not raising the challenged arguments at an earlier stage of this litigation, whether before the AgBCA or in its briefing to this court. No

---

[2] For present purposes, the Insurance Providers simply note the following points first mentioned in their reply. First, Section V.N. had no relevance to the 1999 and subsequent reinsurance years (i.e., the years at issue in this case) because Congress changed the Federal Crop Insurance Act in 1998 to provide that funds payable to the Insurance Providers and premium subsidies are appropriated on a mandatory basis. 7 U.S.C. § 1516(a)(2), added by Pub. Law 105-185 (June 23, 1998). Second, any applicability of Section V.N. hinged on the absence of any "other source of funds for each payments" as its text plainly shows. The FCIC has not informed the Court that there was and remains such a source, namely the Insurance Fund that has long existed under 7 U.S.C. § 1516(c). These points obviously render references to the Anti-Deficiency Act irrelevant.

newly discovered evidence or apparent "manifest injustice" is offered that could explain or otherwise support the FCIC's decision to hold this argument until the reply.

Moreover, in each case cited by the FCIC, the courts actually affirmed the legal proposition that arguments must be presented to the lower tribunal in order to be considered on appeal.[3] *Yee v. City of Escondido*, 503 U.S. 519, 533-34 (1992) ("Because petitioners did not raise their substantive due process claim below, and because the state courts did not address it, we will not consider it here.") *Bankers Life & Casualty Co. v Crenshaw*, 486 U.S. 71, 78 n.2 (1988)("[It is] clear, however, that the federal question must be brought to the attention of the court below in some manner. 'A claim or right which has never been made or asserted cannot be said to have been denied by a judgment which does not refer to it.'")(citations omitted); *Woodruff v. Peters*, 482 F.3d 521, 525-26 (D.C. Cir. 2007) (noting that "[a]bsent 'exceptional circumstances,' we do not ordinarily entertain issues first raised on appeal.").

Because the FCIC has presented no justification or authority for allowing the challenged arguments to remain in the record, the Court should strike them.

### IV. As Post-Hoc Rationalizations of Counsel, The Challenged Arguments Do Not Support the AgBCA's Decision.

Finally, even if the FCIC had raised the challenged arguments in its opening brief or opposition, the arguments cannot be used to uphold the AgBCA's decision.

It is undisputed that the FCIC never presented the challenged arguments to the AgBCA and that the arguments were not a basis articulated by the AgBCA in support of its decision. Consequently, these arguments are simply "*post hoc* rationalizations of counsel" a class of argument which the Supreme Court has refused to consider as a basis for upholding agency

---

[3] Although the FCIC attempts to invoke the "mere enlargement" doctrine, see *Bankers Life & Casualty Co. v Crenshaw*, 486 U.S. 71, 78 n.2 (1988), it too is inapplicable here, as this doctrine requires the issue to have been raised below.

action. *National R.R. Passenger Corp. v. Boston and Maine Corp.*, 503 U.S. 407, 428 (1992) ("The short-and sufficient-answer to [this] submission is that the courts may not accept appellate counsel's *post hoc* rationalizations for agency action.... It is well established that an agency's action must be upheld, if at all, on the basis *articulated* by the agency itself."), citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (emphasis added), citing *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168 (1962); *American Textile Mfrs. Institute, Inc. v. Donovan,* 452 U.S. 490, 539 (1981); *SEC v. Chenery Corp.,* 332 U.S. 194, 196-197 (1947). *See also Bolden v. Blue Cross and Blue Shield Ass'n*, 669 F.Supp. 1096 (D.D.C. 1986) (Agency may not rely on *post hoc* reasoning, divulged for first time in litigation, as basis of administrative decision).

## V.     Conclusion.

For the reasons outlined above, the challenged portions of the Reply should be stricken as improper and unfair sandbagging, or dismissed as *post hoc* rationalization of counsel. In the event the Court allows these arguments to become part of the record, the Insurance Providers respectfully request the opportunity to file a sur-reply to address properly their substance.

Respectfully submitted this 29th day of August, 2007.

        STINSON MORRISON HECKER LLP

        By: /s/ Michael E. Tucci
           Michael E. Tucci (Bar # 430470)
           1150 18th Street, N.W., Suite 800
           Washington, D.C. 20036
           (202) 785-9100
           Fax: (202) 785-9163

        P. JOHN OWEN

        By: /s/ P. John Owen by Michael E. Tucci
           P. John Owen (KS Bar #11835; MO Bar #22523)
            (Pro Hac Vice)
           National Crop Insurance Services, Inc.
           8900 Indian Creek Parkway, Suite 600
           Overland Park, KS 66210
           (913) 685-2767
           Fax: (913) 685-3080

        Counsel for All Plaintiffs

        MICHAEL J. DAVENPORT

        By: /s/ Michael J. Davenport by Michael E. Tucci
           Michael J. Davenport (IA Bar # 45345)
           Rain and Hail L.L.C.
           9200 Northpark Drive, Suite 300
           Johnston, IA 50131-3006
           (515) 559-1000
           Fax: (515) 559-1001

        Additional Counsel for Plaintiff ACE Property &
        Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2007, a copy of the foregoing Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Strike Portions of Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss and/or for Summary Judgment was sent via the Court's Electronic Case Filing notification system to the following:

Jane W. Vanneman, Esq.
Senior Trial Counsel
United States Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12010
Washington, D.C. 20005

Peter Smith
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4224
Washington, D.C. 20530

/s/ Michael E. Tucci
Michael E. Tucci