IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA PROPERTY & CASUALTY INSURANCE CO.), ET AL.,<br><br>      Plaintiffs,<br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION,<br><br>      Defendant. | Civil Action No. 1:06cv01430 RMU |

**PLAINTIFFS' OPPOSITION TO RESPONDENT'S MOTION TO STRIKE DECLARATION OF MR. KENNETH ACKERMAN SUBMITTED WITH PETITIONERS' REPLY BRIEF ON DISPOSITIVE MOTIONS**

Plaintiffs Ace Property & Casualty Insurance Company, Inc., *et al.* ("Insurance Providers") respectfully oppose the Federal Crop Insurance Corporation's ("FCIC") motion to strike the declaration of Mr. Kenneth Ackerman, filed on August 17, 2007.

**A.     Introduction.**

The Insurance Providers offered the declaration of Mr. Ackerman in response to certain blatant inaccuracies, both factual and conceptual, in the FCIC's summary judgment briefing.[1] In its motion, the FCIC attempts to exclude this clarifying and necessary declaration with faulty authority and unpersuasive arguments. Recognizing the weakness of its position, the FCIC offers in the alternative a declaration submitted by Mr. Tim Witt, a Risk Management Agency ("RMA") official, to counter Mr. Ackerman's declaration.

---

[1] See Reply to Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment, at 18-23.

Although the Insurance Providers do not object to Mr. Witt's declaration[2]—its most relevant content actually supports the Insurance Providers' arguments—FCIC's motion to strike ("Motion") is wholly without merit.

**B.    Judicial Review Is Not Limited To An APA Review Of The Administrative Record.**

The FCIC first argues that this Court's review is limited to the administrative record before the Agriculture Board of Contract Appeals ("AgBCA"), and that Mr. Ackerman's declaration is not part of that record. Motion at 11. The FCIC is apparently unclear in its own mind about this issue, as a mere seven pages earlier, in its Opposition to the Insurance Providers Motion to Strike, it states: "we agree with petitioners that this Court reviews some of the legal issues de novo." The Insurance Providers have remained steadfast in their briefing on this point: the scope of review is *de novo*.[3] Moreover, even if the standard of review is as asserted by FCIC, the declaration is admissible to establish that the AgBCA failed to consider all relevant factors in issuing its rulings. This is a classic, long recognized basis for offering evidence in an APA

---

[2] The Insurance Providers do object to the material attached to Mr. Witt's Declaration on several grounds, including, but not limited to, lack of authentication and the fact that it is largely inadmissible hearsay.

[3] The Insurance Providers respectfully refer the Court to the following submissions by them:

> Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment ("IP Memo") at 9 – 11 (Part IV)
>
> Opposition to the Motion To Dismiss and/or for Summary Judgment Submitted by Defendant FCIC ("IP Opp.") at 4 -5 (Part III A)
>
> Reply to Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment ("IP Reply") at 3 – 11 and 23 – 24 (Parts II A and B 5)

The Insurance Providers hereby incorporate the designated portions of the foregoing to establish that *de novo* review is appropriate.

review. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

C.   **Mr. Ackerman's Declaration is Admissible.**

The FCIC next argues that Mr. Ackerman's declaration is "irrelevant and inadmissible" because "the unexpressed subjective intent of a party to an alleged contract … cannot create a material issue of fact precluding summary judgment." Motion at 13. Of course, intent is relevant to issues of **contract ambiguity**, the issue that the Insurance Providers actually raised. *ACE II*,[4] AR[5] at 314 ("[T]he primary criterion for determining whether an agreement is a single contract or a number of severable contacts is the **intention of the parties**, as determined by a fair construction of the agreement, by the subject matter to which it has reference and by the circumstances of the particular transaction giving rise to the questions.") (emphasis added) (citing *Redwood Empire Prod. Credit Ass'n v. Fishing Vessel Owners Marine Ways, Inc.*, 530 F.Supp. 75 (W.D. Wash 1981)).

The FCIC has essentially misconstrued the purpose of Mr. Ackerman's declaration to support the irrelevant authority that it wants before the Court. To be clear, Mr. Ackerman's declaration was submitted to: (1) respond to erroneous factual statements made by FCIC in its briefing;[6] and (2) demonstrate the type of evidence available to the AgBCA if it had not, without any discovery, evidence, or hearing, concluded that the 1998 SRA was a series of individual

---

[4] *Ace Prop. & Casualty Ins. Co.*, AGBCA No. 2006-120-R (2006 WL 1776561) (June 28, 2006) (hereinafter "*ACE II*").

[5] Administrative Record filed by FCIC, January 25, 2007.

[6] FCIC's Motion To Strike also ignores the Insurance Providers' obligation under LCvR 56.1 to controvert assertions in FCIC's Proposed Statement of Material Facts unless they were willing to suffer their being deemed admitted, which they were not.

year-to-year agreements rather than a single, continuous contract despite express contractual language to the contrary.

Thus, as noted by the Insurance Providers in their reply, because courts review contract **ambiguity** questions *de novo*, *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1048 (5th Cir. 1998), Mr. Ackerman's declaration testimony is the very evidence that should have been solicited and considered by the AgBCA during its decision-making process given the arguable ambiguity associated with the SRA. *See Ross v. 1301 Connecticut Ave. Assoc.*, 99 F.3d 444, 446 (D.C. Cir. 1996); *America First Inv. Corp. v. Goland*, 925 F.2d 1518, 1522 (D.C. Cir. 1991)(holding that because certain contract terms were not free from ambiguity, "the contract cannot be interpreted as a matter of law and the case must be remanded so that the fact-finder can determine the parties' true intent."). In addition, FCIC's blatantly erroneous and unsubstantiated statements that the SRA was executed each year, and that submission of the Plan of Operations created a new SRA each year, "opened the door" to declaratory testimony which rebut these misstatements. *See Reilly v. NatWest Mkt. Group, Inc.*, 181 F.3d 253, 266 (2d Cir. 1999).

D.  ***Long Island Care at Home, Ltd.* Is Inapplicable; the SRA is Not A Regulation.**

The FCIC cites *Long Island Care at Home, Ltd. v. Coke*, 127 S.Ct. 2339, 2350 (June 11, 2007) for the proposition that interpretation of the 1998 SRA falls within the "gap-filling" authority of the FCIC. The FCIC is simply wrong. *Long Island Care* applies to an agency's authority to interpret its own *regulations*, not interpret a third-party contract such as the 1998 SRA. *See id.* (agency gap-filling authority relates to promulgation of rules, regulations, or application of a statute). The FCIC's *post-hoc* rationalization in litigation that the 1998 SRA is a series of one year contracts is not an example of agency gap-filling to which deference is due.

Finally, the regulation that the FCIC seeks to have this court uphold, its 2000 changes to 7 C.F.R. § 400.169, were enacted without notice and comment. The FCIC seeks to enforce that regulation, changed without notice and comment, in a manner that deprives the Insurance Providers of legitimate breach of contract claims with damages amounting to hundreds of millions. It is hard to imagine a situation that is less reasonable and one in which the agency failed to focus fully and directly upon the issue. Accordingly, the facts in the case *sub judice* could not be farther from those at hand in *Long Island Care* and the holding in that case is obviously inapplicable here. *Id.* at 2346 (giving deference where "[d]epartment focused fully upon the matter in question. It gave notice, it proposed regulations, it received public comment, and it issued final regulations in light of that comment.")

E.   **Mr. Witt's Declaration Supports the Insurance Providers.**

As mentioned above, the Insurance Providers have no objection to the inclusion of Mr. Witt's declaration in the record.[7] Obviously, had the AgBCA bothered to collect any testimony itself before ruling on these issues, Mr. Witt's views would have been presented to the Board along with the views of Mr. Ackerman, Mr. Smith, Mr. Joyce, Mr. Brady, and Mr. Latham. At this juncture in the litigation, rather than engage in an exhaustive analysis of Mr. Witt's declaration, it makes sense to simply highlight a few key points.

> a.  **Mr. Witt Confirms That the 1998 SRA Was Continuous; Consequently, the 1998 SRA Included the Non-Mandatory Version of 400.169.**

In their dispositive motion briefing, the Insurance Providers noted that the AgBCA and the FCIC both "agree that a contract normally applies the substantive law in effect at the time it

---

[7] As noted earlier, the Insurance Providers do object to the attachments to Mr. Witt's declaration and references in the declaration to those attachments. Also, while the Insurance Providers do not agree with many of Mr. Witt's statements, and are unclear as to the meaning of still others, cross-examination is the best vehicle to explore and clarify the issues raised.

is entered." *ACE II*, AR at 313. Thus, if the 1998 SRA is a single, continuous contract, the Insurance Providers can proceed with their ARPA-based claims because the permissive version of § 400.169 was in effect when the 1998 SRA was executed.

Mr. Witt's declaration confirms that the 1998 SRA is continuous:

- "Based on my experience, understanding and program administration, the SRA is a continuous contract …." Witt Declaration, at ¶ 6.

- "Mr. Ackerman is correct that the written terms of the SRA do not change from year to year …." Witt Declaration, at ¶ 16.

This admission should resolve this issue in favor of the Insurance Providers.[8] At a minimum, it provides additional support that the 1998 SRA is ambiguous, and that additional testimony and evidence is necessary.

### b. Mr. Witt Confirms That Congress Breached The SRA, not FCIC.

Mr. Witt repeatedly claims that the SRA could be changed unilaterally by acts of Congress:

- "Throughout the negotiations of the 1998 SRA, it was my understanding … that the terms of the SRA could be changed by Congress." Witt Declaration, at ¶ 11.

- "At no time prior to my reading of Mr. Ackerman's declaration of July 17, 2007, has he or anyone else within USDA questioned or raised the issue that Congress did not have the authority to legislate changes or revisions to the SRA …." Witt Declaration, at ¶ 13.

Two points are worth noting. First, Mr. Witt's view is difficult to sustain given that the next version of the SRA – the "2005 SRA" – included a specific provision that recognized modification by congressional act, a provision that has no mirror in the 1998 SRA.

---

[8] This is the first time that the FCIC has admitted that the 1998 SRA is a continuous contract: "Mr. Witt establishes that, in 1997, it was clearly understood that the '1998' SRA be a contract that would continue in effect from year" to year, subject to certain contingencies. Motion at 18. None of the "contingencies" mentioned by Mr. Witt include regulatory changes by the FCIC.

    IV.L.   Renewal and Mandatory Amendments

1. This Agreement will renew for subsequent reinsurance years under the same terms and conditions, unless otherwise amended, by July 1 of each succeeding year unless FCIC gives at least 180 days advance notice in writing to the Company that the Agreement will not be renewed.

2. Except as provided in subsection M., if changes in Federal law are enacted that affect the rights and obligations of the parties to this Agreement which require revisions to the Agreement, the Agreement must be revised on or Before June 30th to incorporate the statutory changes and these revisions will be effective beginning with the next reinsurance year.

See http://www.rma.usda.gov/pubs/ra/05SRA_final.pdf.

Apparently Mr. Witt's view of the law was not universal, as a specific provision to address changes in the law was required in the next SRA.

Finally, although no court or administrative body has agreed to date, the Insurance Providers have always maintained that Congress, not the FCIC, breached the 1998 SRA. Mr. Witt's declaration appears to confirm this fact. The obvious implication of a ***congressional***, rather than FCIC, breach is that the Insurance Providers should have been allowed to bring their claims directly to a federal district court, rather than being forced into an inapplicable administrative proceeding before the AgBCA, a tribunal that could not provide a remedy for a congressional breach.

**F.    Conclusion.**

For the foregoing reasons, the FCIC's Motion To Strike should be denied, and Mr. Ackerman's declaration should be considered by the Court in its entirety.

Respectfully submitted this 4th day of September, 2007.

        STINSON MORRISON HECKER LLP


        By: /s/ Michael E. Tucci
            Michael E. Tucci (Bar # 430470)
            1150 18th Street, N.W., Suite 800
            Washington, D.C. 20036
            (202) 785-9100
            Fax: (202) 785-9163

        P. JOHN OWEN


        By: /s/ P. John Owen by Michael E. Tucci
            P. John Owen (KS Bar #11835; MO Bar #22523)
             (Pro Hac Vice)
            National Crop Insurance Services, Inc.
            8900 Indian Creek Parkway, Suite 600
            Overland Park, KS  66210
            (913) 685-2767
            Fax:  (913) 685-3080

        Counsel for All Plaintiffs


        MICHAEL J. DAVENPORT


        By: /s/ Michael J. Davenport by Michael E. Tucci
            Michael J. Davenport (IA Bar # 45345)
            Rain and Hail L.L.C.
            9200 Northpark Drive, Suite 300
            Johnston, IA  50131-3006
            (515) 559-1000
            Fax:  (515) 559-1001

        Additional Counsel for Plaintiff ACE Property &
        Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2007, a copy of the foregoing Plaintiffs' Opposition to Respondent's Motion to Strike Declaration of Mr. Kenneth Ackerman Submitted With Petitioners' Reply Brief on Dispositive Motions was sent via the Court's Electronic Case Filing notification system to the following:

Jane W. Vanneman, Esq.
Senior Trial Counsel
United States Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12010
Washington, D.C. 20005

Peter Smith
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4224
Washington, D.C. 20530

/s/ Michael E. Tucci
Michael E. Tucci

DB02/763432.0008/7767558.2